RECEIVED KG BC
3/25/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED VJD
3/31/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| TOMAS SAVELSKAS<br><br>Plaintiff,<br><br>and<br><br>STATE OF ILLINOIS, PATRICIA M. FALLON, MITCHELL B. GOLDBERG, PATRICK J. POWERS, WILLIAM S. BOYD, MARY T. DOHENY, JULIA M. COPELAND, GLORIA E. BLOCK, COLDWELL BANKER REAL ESTATE GROUP, DONNA LIGTHART<br><br>*In their Official and Personal capacity*<br><br>Defendants, | 1:25-cv-03206<br>Judge Joan H. Lefkow<br>Magistarte Judge M. Daniel P. McLaughlin<br>Cat 2 Random Assignment<br>BC<br><br>**Case No.**<br><br><br>**Reserve Right to Amend**<br><br><br>**DEMAND FOR JURY TRIAL** |

## 33 MILLION DOLLAR CLAIM UNDER THE TUCKERS ACT 2. 4. C, 42 U.S.C. SEC. 1983 FOR VIOLATION OF DUE PROCESS AND CONSPIRACY CAUSED BY THE ADMINISTRATIVE COURT PROCEEDINGS CONNECTED TO STATE STATUTES NOT VALID LAWS AND VIOLATION OF THE SEPERATION CLAUSE IN THE CONSTITUTION

["Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

**COMES NOW**, Plaintiff to file his Civil Claim. The claim is brought forward under the Tucker's Act, "Administrative Law," "Law," "Equity," and Under the Uniform Commercial Code. This claim will address the following due process violations caused by the government's day-to-day procedures and policies, which violate the Constitution and obstruct the administration of justice and fraudulent concealment.

1

42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or another proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.

## Application of Liberal Construction:

Plaintiff appears here in his *pro se* status. As such, this Plaintiff respectfully requests that her pleadings herein will be liberally construed by this honorable Court, pursuant to the standards established by the Supreme Court of the United States in *Haines v. Kerner*, 404 U.S. 519 (1972) (Holding that: " a *pro se* litigant's pleadings, "however inartfully pleaded," are held to the most liberal of standards because pro se litigants may be less capable of formulating legally-competent initial pleadings.)

## Statement of Jurisdiction:

Tucker Act (28 U.S.C. § 1346) gives concurrent jurisdiction to the Court of Federal Claims and the District Courts. The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law. Section 1983 authorizes suits against those acting under color of state law for violations of federal law and for violations of the United States Constitution. *Maine v. Thiboutot, 448* U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

## Where did the events giving rise to your claims occur?

Richard J Daley Center of Circuit Court of Cook County located at 50 W. Washington St. Chicago, Illinois 60602, Lemont Illinois and Cook County of Illinois in regard to domestic relations case docket number 2022009476.

## Parties to the Claim:

2

The Plaintiff(s)

Tomas Savelskas ("Plaintiff") is a citizen and resident Illinois. Savelskas is a disabled veteran who served for United States Marine Corps in honor and integrity. In school and in military Savelskas was taught to respect the United States Constitution, swore an oath to United Stated Constitution and that it protected him and his family.

Name:         TOMAS SAVELSKAS
Address:      70 Horseshoe Ln. Lemont, IL 60439
County:       Cook
Telephone:    708-436-0122
E-Mail:       tsavelskas@me.com

The Defendant(s)

Defendant No. 1
STATE OF ILLINOIS ("Illinois") is the state and territory where its statutes, policies, court procedures and authority were used by its employees / private citizens (defendants) to violate Plaintiffs rights.

Name:         STATE OF ILLINOIS
Attorney:     ILLINOIS ATTORNEY GENERAL
Address:      115 S. LaSalle St. Chicago, IL 60603
Telephone:    312-814-3000
E-Mail:       attorney_general@atg.state.il.us, agconcerns@ilag.gov,
              public.inquiries@ilag.gov

Defendant No. 2
Patricia M. Fallon ("Fallon") is an employee of State of Illinois as a Family Court Judge at below referenced employer. Fallon is sued in official and personal capacity.

Name:         PATRICIA M. FALLON
Employer:     Circuit Court of Cook County Illinois
Address:      50 W. Washington St. Chicago, Illinois 60602
County:       Cook
Telephone:    N/A
E-Mail:       patricia.fallon@cookcountyil.gov

Defendant No. 3
Mitchell B. Goldberg ("Goldberg") is an employee of State of Illinois as a Family Court Associate Judge at below referenced employer. Goldberg is sued in official and personal capacity.

Name:         MITCHELL B. GOLDBERG
Employer:     Circuit Court of Cook County Illinois
Address:      10220 S. 76th Avenue Bridgeview, Illinois 60455
County:       Cook
Telephone:    N/A

3

E-Mail:              mitchell.goldberg@cookcountyil.gov

Defendant No. 4
Patrick J. Powers ("Powers") is an employee of State of Illinois as a Family Court Judge
at below referenced employer. Powers is sued in official and personal capacity.

Name:                PATRICK J. POWERS
Employer:            Circuit Court of Cook County Illinois
Address:             50 W. Washington St. Chicago, Illinois 60602
County:              Cook
Telephone:           N/A
E-Mail:              patrick.powers@cookcountyil.gov

Defendant No. 5
William S. Boyd ("Boyd") is an employee of State of Illinois as a Family Court Judge at
below referenced employer. Boyd is sued in official and personal capacity.

Name:                WILLIAM S. BOYD
Employer:            Circuit Court of Cook County Illinois
Address:             50 W. Washington St. Chicago, Illinois 60602
County:              Cook
Telephone:           N/A
E-Mail:              william.boyd@cookcountyil.gov

Defendant No. 6
Mary T. Doheny ("Doheny") is an employee of State of Illinois as a Family Court
guardian ad litem (GAL). Doheny is sued in official and personal capacity.

Name:                MARY T. DOHENY
Employer:            Law Offices of Wessel & Doheny
Address:             1010 Lake Street, Suite 200, Oak Park, Illinois 60301
County:              Cook
Telephone:           312-558-3000
E-Mail:              mtdoheny@mtdfamilylaw.com

Defendant No. 7
Julia M. Copeland ("Copeland") is an attorney for below referenced employer. Copeland
is sued in personal capacity.

Name:                JULIA M. COPELAND
Employer:            Hoffenberg and Block, LLC
Address:             120 N. Lassalle St. Suite 2150 Chicago, IL 60602
County:              Cook
Telephone:           312-853-8000
E-Mail:              jcopeland@hoffenbergandblock.com

Defendant No. 8

4

Gloria E. Block ("Block") is an attorney for below referenced employer. Block is sued in personal capacity.

Name:           GLORIA E. BLOCK
Employer:       Hoffenberg and Block, LLC
Address:        120 N. Lassalle St. Suite 2150 Chicago, IL 60602
County:         Cook
Telephone:      312-853-8000
E-Mail:         gblock@hoffenbergandblock.com

Defendant No. 9
Donna Ligthart ("Ligthart") is a realtor for below referenced employer. Ligthart is sued in personal capacity.

Name:           DONNA LIGTHART
Employer:       Coldwell Banker Real Estate Group
Address:        14851 Founders Crossing, Homer Glen, IL 60491
County:         Cook
Telephone:      708-807-0128
E-Mail:         donnaligthart@gmail.com

Defendant No. 10
Coldwell Banker Real Estate Group ("Coldwell") is a an employer for Ligthart.

Name:           COLDWELL BANKER REAL ESTATE GROUP
Address:        14851 Founders Crossing, Homer Glen, IL 60491
County:         Cook
Telephone:      773-435-5605
E-Mail:         drussy.hernandez@cbrealty.com, loremus@coldwellhomes.com

## The Tuckers Act.

The Tucker Act exposes the government to liability for specific claims. Specifically, the Act extended the original Court of Claims' jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C. §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, ch. 359, 24 Stat. 505, 28 U.S.C. § 1491) is a federal statute of the United States by which the United States government has <u>waived</u> its sovereign

immunity concerning lawsuits on 5th Amendment violations of due process. The Tucker Act may be divided into the "Big" Tucker Act, which applies to claims also and gives jurisdiction to the United States Court of Federal Claims, and the "Little" Tucker Act (28 U.S.C. § 1346), the current version of which gives concurrent jurisdiction to the Court of Federal Claims and the District Courts. All defendants conspired collectively and deliberately.

## Codes And Local Rules Are Not Valid Laws:

In 1933, the federal government convinced Congress to switch from the "Statutes at Large" (these laws were woven out of the constitution) to the Statutes and revised codes (these are corporate rules, called "public policy). Codes and local rules are not real laws. The following three elements must be present for something to be a valid law:

1. "Enacting clause," tells everyone from which authority the law came and who is subject to following it.

2. There must be a "Title."

3. There must be a "body"

The Constitution states that all laws will be enacted.

## Statutes Are Void:

In the matter of Edgar vs. MITE Corp., 457 U.S. 624 (1982), the Supreme Court ruled: "A [STATE] statute is void to the extent that it conflicts with a valid Federal statute". In effect, this means that a state law will be found to violate the Supremacy Clause when either of the following two conditions (or both) exists:

a. Compliance with both the Federal and State laws is impossible and\or;

b). State law stands as an obstacle to the accomplishment and execution of the full

purposes and objectives of Congress and the United States Supreme Court.

Short And Plain Statement of The Claim:

The defendants acted deliberately indifferent to the Constitution and federal laws (the Tucker's Act) when they violated the plaintiff's rights under 42 U.S.C. 1983, by:

1. Enforcing statutes and codes that were not valid laws.

2. Trained its employees (who are in the executive branch) to sign summons as a judicial officer of the court, violating the separation clause of the constitution.

3. The plaintiff has been damaged while the defendants were enforcing State and city statutes while acting under "under color of law" and unconstitutional policies, procedures, and ordinances, are the source of this action.

4. The plaintiff has been damaged and is demanding that this court grant him just compensation for his/her injuries or what the court finds fair. The unlawful day-to-day municipal court process and the lack of constitutional training is the issue at hand.

5. Forcing Plaintiff into an administrative divorce process without his consent when he thought these were judicial hearings under lawful and constitutional protections.

6. Placing unlawful civil order of protection on Plaintiff unreasonably protecting his two young children from him thus unlawfully terminating his parental rights.

7. Forcing plaintiff into voluntary Title IV-D program against his consent.

8. Unlawful order of income withholding order to garnish plaintiff's wages.

9. Unlawful "body attachment" bench warrant for backpay of Title IV-D program.

10. Extortion of his marital estate property to force a sale and pay unreasonable attorney fees which are not Plaintiff's obligation as he does not contractual obligations.

7

The Defendant's Liability:

The plaintiff will prove that an "action under official agency policy" caused his injuries).

The Supreme Court has emphasized that "[w]here a plaintiff claims that the agency . . .

has caused an employee to [violate plaintiff's constitutional rights], rigorous standards

of culpability and causation must be applied to ensure that the agency is not held liable

solely for the actions of its employee." *Brown*, 520 U.S. at 405. (the defendant's),

through the official own individual actions, have violated the Constitution." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1948 (2009); see also *Starr v.Baca*, No. 09-55233, --- F.3d ---,

2011 WL 2988827, at *2-*3 (9th Cir. July 25, 2011). The constitutional deprivation the

plaintiff suffered was the product of a policy or custom of the local governmental unit

because an agency's liability must rest on the actions of the agency, and not the actions

of the employees of the agency. See *Brown*, 520 U.S. at 403; *City of Canton*, 489 U.S. at

385; *Monell*, 436 U.S. at 690-91; *Fogel*, 531 F.3d at 834; *Webb*, 330 F.3d at 1164;

*Gibson*, 290 F.3d at 1187; *Hopper*, 241 F.3d at 1082; *Blair v. City of Pomona*, 223 F.3d

1074, 1079 (9th Cir. 2000); *Oviatt v. Pearce,* 954 F.2d 1470, 1473-74 (9th Cir. 1992). See

also *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

Policies:

"Official agency's policy includes the decisions of a government's lawmakers, the acts of

its policymaking officials, and practices as persistent and widespread as to practically

have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

Agency's Customs:

The plaintiff will establish the agency's liability upon a showing that the agency's

permanent and well-settled practice gave rise to the alleged constitutional violation.

See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Navarro v. Block*, 72 F.3d

712, 714-15 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), overruled on other grounds by *Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Once the plaintiff has demonstrated that a custom exists, the plaintiff need not also prove that "official policymakers had actual knowledge of the practice at issue." *Navarro*, 72 F.3d at 714-15; *Thompson*, 885 F.2d at 1444.

<div align="center">Pleading Standard:</div>

No heightened pleading standard exists for the "policy or custom" requirement of demonstrating the agency's liability. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993); see also Empress LLC v. City of San Francisco, 419 F.3d 1052, 1055 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1124 (9th Cir. 2002); Lee v. City of Los Angeles, 250 F.3d 668, 679-80 (9th Cir. 2001); Evans v. McKay, 869 F.2d 1341, 1349 (9th Cir. 1989).

<div align="center">Acting under Color of State Law:</div>

A factual determination is whether a person who allegedly caused a constitutional injury was acting under the color of state law. See *Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002); *Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983). The defendants have acted under color of state law where he or she has "exercised power 'possessed by state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); see also *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); McDade v. West, 223 F.3d 1135, 1139-40 (9th Cir. 2000); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997); Vang v.

<div align="center">9</div>

Xiong, 944 F.2d 476, 479 (9th Cir. 1991); see also *Florer v. Congregation Pidyon Shevuyim*, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

"Actions taken according to an agency's rules or policies are made 'under color of state law.'" See *Coral Construction Co. v. King County*, 941 F.2d 910, 926 (9th Cir. 1991). Even if the deprivation represents an abuse of authority or lies outside the official's authority, if the official is acting within the scope of his or her employment, the person still acts under the color of state law. See *Anderson*, 451 F.3d at 1068-69; *McDade*, 223 F.3d at 1140; *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).

However, "[i]f a government officer does not act within [the] scope of employment or under the color of state law, then that government officer acts as a private citizen." See *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (finding no action under color of state law where a police officer returned to a home where a search had taken place the day before, forced his way in, and tortured the two people residing in the house); see also *Gritchen*, 254 F.3d at 812-13; *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998); *Johnson*, 113 F.3d at 1117-18.

<div align="center">Affirmative Cause Link:</div>

The defendant has established an affirmative cause link between the agency's policy or practice and the alleged constitutional violation. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391-92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

<div align="center">The Elements of Conspiracy:</div>

a. Two or more people agreed to commit a crime

b. All conspirators had the specific intent to commit the crime

c. At least one of the conspirators committed an overt act (most states)

<div align="center">10</div>

d. The agreement is meant to achieve an illegal goal

e. All parties alleged to be involved must know about the conspiracy and participate in the conspiracy in some way

f. At least one person involved in the conspiracy must make an overt act in furtherance of the conspiracy

<center>Scheme to Defraud:</center>

The state defendants who are judges pretend to have you in a judicial court hearing where the Constitution protects you; however, the judge has you in an administrative hearing where the court is not connected to the Constitution. The rules for the administrative hearing are local and not connected to the constitution, whereby you are robbed of due process at the gate. The judge's ruling is not backed by the <u>fact of findings and a conclusion of law</u>, which means one has no appeal opportunity. The defendants conspired to get the plaintiff into their administrative court process, so all parties are equally liable for the plaintiff's damages.

<center>Separation of Powers:</center>

Separation of powers is a ██████████████ originating in the writings of ██████████ in ██████████████ where he urged for a constitutional government with three separate branches of government. Each of the three branches would have defined abilities to check the powers of the other branches. This idea was called separation of powers. This philosophy heavily influenced the writing of the United States Constitution, according to which the United States government's Legislative, Executive, and Judicial branches are kept distinct to prevent abuse of power. When The government employee signs in the place of a judicial officer of the court, it violates the "Separation of Powers" clause of the Constitution. Therefore, the defendants violated

<center>11</center>

the plaintiff's Constitutional Rights.

## Fraudulent Concealment:

The United States Supreme Court adopted the fraudulent concealment doctrine as a Federal Common Law matter in the 1874 case *Bailey v Glover*. The Supreme Court recognized that people who commit fraud should not benefit from their misconduct. The concealment of the court's lack of jurisdiction was a material fact, and the defendants had a duty to disclose it. The fact that the conspirators failed to disclose these material facts verifies their intent to defraud the plaintiff. The plaintiff thought he was summoned to a Judicial Court where he would be protected under his constitutional rights. The administrative court operated based on local rules unrelated to the constitution or federal law and in violation of due process protections. The plaintiff relied on the absence of the concealed facts and suffered damage because of the concealment.

## Obstruction of The Administration of Justice:

The defendants committed obstruction of justice. They violated antitrust laws when they filed the lawsuit in which the judge was guilty of dragging the respondent into administrative court process without consent or judicial authority. The defendants are guilty of violating the plaintiff's right to due process is an attempt to obstruct the due administration of justice.

## Parties and Entities:

a. STATE OF ILLINOIS

b. PATRICIA M. FALLON

c. MITCHELL B. GOLDBERG

d. PATRICK J. POWERS

    e.  WILLIAM S. BOYD

    f.  JULIA M. COPELAND

    g.  GLORIA E. BLOCK

    h.  MARY T. DOHENY

    i.  DONNA LIGTHART

    j.  COLDWELL BANKER REAL ESTATE GROUP

    k.  GINTARE SAVELSKAS

Negligence:

a. The defendants breached the duty of care owed when they proceeded with the court process without an injured party in an administrative court and without verifying the facts asserted in the dispute.

b. The defendants breach of duty caused the defendant to suffer substantial damages, including past and future legal expenses, past and future economic loss, and past and future noneconomic loss.

c. The defendants acted within the scope of their employment with the state corporation's administrative court process.

d. Under the Tucker Act. The court waives immunity for employees violating the rights of state citizens.

e. The Tucker's act also waives the qualified immunity of the judges not acting under the law.

Claims:

1st Claim:
Violation of the 18 USC § 241, Conspiracy Against Rights.

2nd Claim:
Violation of The Tuckers Act.

3rd Claim:
Violation of the Administrative Procedures Act. Of 1946.

13

<u>4th Claim</u>:
Violation of 42 U.S.C. Sec. 1983.

<u>5th Claim</u>:
18 USC § 242, Deprivation of Rights Under Color of Law.

<u>6th Claim</u>:
Obstruction of Administration of Justice.

<u>7th Claim</u>:
Violation of the Separation Clause in the Constitution.

<u>8th Claim</u>:
Violation of Fraudulent Concealment Doctrine.

The defendants conspired, and therefore all are liable for all counts.

Damages:

1. Plaintiff adopts and incorporates by reference, fully set forth herein, the document.

2. As a direct and proximate result of the afore-mentioned acts and omissions of the defendants, the plaintiff is entitled to recover damages.

3. The damages for which defendants seek compensation from the defendants, both jointly and severally, include, but are not limited to, the following:

a. Physical, mental, and emotional pain and suffering of the plaintiff as defendants restricted him to see his children for 14 continuous months with protective orders.

b. Compensatory damages $150,000 plus any related costs and damages of property extortion of forced sale without his signature or consent.

c. Punitive damages of 33 million dollars.

d. All costs, including all discretionary expenses and reasonable court expenses as authorized by 42 U.S.C. § 1988.

e. Board seat on all corporate charters to adopt more constitutional rules, regulations, and procedures.

14

f. The jury will be paneled to try all issues included in the case.

**WHEREFORE**, the plaintiff requests the following:

a. That the court enter a judgment in favor of the plaintiff and against the defendants on all counts of the complaint.

b. That the court award compensatory damages to plaintiff and against the defendants jointly and severally, in an amount to be determined at trial:

c. That the court award punitive damages to the plaintiff and against the defendants, jointly and severally, in an amount to determine at trial so that such an award will deter similar wrongful conduct by the defendants in the future.

d. That the court award the plaintiff, and against the defendants, pre-judgment, and post-judgment on all sums awarded in this action.

e. That the court orders dismissal and expungement of Order of Protection that was put on plaintiff by the defendants.

f. That the court orders dismissing involuntary Title IV-D program participation which was forced onto plaintiff.

g. That the court orders to stop the sale of plaintiff's property by the defendants.

I, Tomas Savelskas certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Reserve a right to amend this claim.

Respectfully submitted,

Date 03 21 2025

Tomas Savelskas, All Rights Reserved pursuant to UCC-1-308.

## AFFIDAVIT

STATE OF ILLINOIS

COUNTY OF COOK

I, the Affiant, <u>Tomas Savelskas</u>, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of Illinois, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say: The above-mentioned case must be transferred in the interest of justice. Other state court judges are participating in the same misconduct and therefore the defendant cannot get a fair and impartial trial in the state court.

FURTHER AFFIANT SAITH NOT.

      I declare under penalty of bearing false witness before God and as recognized under the laws in and for The State of Illinois, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Tomas Savelskas, executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

Tomas Savelskas, All Rights Reserved,
pursuant to UCC-1-308.

The foregoing instrument was acknowledged before me

This __21st__ day of __MARCH__ __2025__

By __TOMAS SAVELSKAS__

Sworn to before me this __21st__ day of __March__ , __2025__.

_____
Notary Public

CLAUDIA C ROCIO
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
March 09, 2026

**Exhibit A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:　　　　　　)
　　　　　　　　　　　　　　　　　)
GINTARE SAVELSKAS,　　　　　　　　)
　　　　　　　　　Petitioner,　　　　)
　　　　　　　　　　　　　　　　　)　　　Case No. 22 D 009476
　　　　　and　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　Calendar E
TOMAS SAVELSKAS,　　　　　　　　　)
　　　　　　　　　Respondent.　　　　)

### ORDER

This cause coming before the Court on non-evidentiary hearing on Petitioners' *Motion for Temporary Child Support, Payment of Children's Expenses and Temporary Maintenance*; and *Motion to List Income Property for Sale and Other Relief* both parties appearing through counsel and appearing personally via zoom; the GAL appearing the Court being fully advised; the court appearance occurring via zoom; the Court being fully advised;

THE COURT HEREBY ORDERS:

1. Without prejudice, and on a temporary basis and subject to evidentiary hearing to be heard pursuant to paragraph 4 below,  Tomas shall pay the following sums to Gintare as and for support:

    a. $1,750 per month as and for child support

    b. $1,250 per month as and for maintenance

2. The sums as set forth in paragraph 1 shall be paid beginning on December 15, 2023 and on the 15th of each month thereafter. The sums shall be paid by Tomas to Gintare directly via electronic transfer such as Zelle or any other electronic method.

3. Without prejudice and on a temporary basis, and subject to evidentiary hearing to be heard pursuant to paragraph 4 below, Tomas and Gintare shall share in out of pocket costs of the minor children's medical; extracurricular and school related fees with Tomas paying two thirds (2/3) of the same and Gintare paying one third (1/3) of the same.

    a. The payment of Edgar's daycare is *not* included in this allocation.

    b. To the extent possible, the parties shall pay their share of the expenses directly to the provider. If one party pays the full amount, the paying party shall submit proof

      of payment to the non-paying party within 7 days and the non-paying party shall reimburse the paying party within 7 days.

    c. There shall be no deductions made from Gintare's child support or maintenance for her share of payment of these expenses.

4. This matter shall be transferred by separate order to Judge Goldberg for evidentiary hearing on Petitioners' *Motion for Temporary Child Support, Payment of Children's Expenses and Temporary Maintenance* for ruling on the motion including the issue of retroactive relief and relief related to contribution to daycare expenses which were reserved by this Court.

5. The parties shall utilize Allstate Appraisals to obtain an appraisal on the marital income producing property located at 8251 Mulberry Court Unit D Palos Heights. The parties agree to use this appraised value as the stipulated value of the unit for purposes of potential buyout of Gintare's interest by Tomas. If either party disputes the appraised value, that party shall obtain a second appraisal within thirty (30) days of receipt of Allstate appraisal at their sole cost.

    a. The cost of the appraisal to be share by the parties with Tomas paying two-thirds (2/3) and Gintare paying one-third (1/3).

    b. Both parties shall be entitled to speak with Allstate Appraisals and be present for any on-site inspections of the property.

6. Tomas shall provide proof of pre-approval to refinance the property into his sole name by the next court date.

7. Ginatare's *Motion to List Income Property for Sale and Other Relief* is hereby entered and continued until the next court appearance on <u>January 25, 2024 at 9:30 a.m.</u>

8. Gintare's *Motion to Compel Discovery Compliance* is hereby hereby entered and continued until the next court appearance on <u>January 25, 2024 at 9:30 a.m. via zoom</u>

9. The parties shall speak with the GAL to arrange for holiday parenting time through the end of this year and for New Year's Eve and Day 2024.

    a. As and for Thanksgiving Day 2023, Tomas shall have parenting time with the minor children from 10 am until 4pm and the minor children shall be with Gintare for the remainder of the day. Tomas shall provide all transportation for his parenting time.

**Exhibit B**

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | EMERGENCY ORDER OF PROTECTION | 22 D 9476 |
|---|---|---|
| Cook _____ COUNTY | | Case Number |

Civil Proceeding ☐    Emergency ☐
Criminal Proceeding ☑    Ex parte ☑

**Instructions ▾**

Directly above, enter the county where you filed this case.

Enter your name as Petitioner.

Enter name of the person you are seeking protection from as Respondent.

Enter the Case Number given by the Circuit Clerk.

Check the boxes for **ALL** people you want to include in the *Order*.

On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying.

**Petitioner:** GINTARE SAVELSKAS
*(First, middle, last name)*

v.

**Respondent:** TOMAS SAVELSKAS
*(First, middle, last name)*

**People to be Protected by this *Order*** (check all that apply):
Petitioner refers to any protected person in this *Order*.

☑ Petitioner
☑ Petitioner's minor children with Respondent:
   EMMA SAVELSKAS (DOB 3/9/17)
   EDGAR SAVELSKAS (DOB 9/23/19)

☐ Petitioner's minor children not related to Respondent:
_____

☐ Dependent adult: _____
☐ High-risk adult: _____
☐ Other household members: _____

*For Court Use Only*

☑ Independent
☐ Juvenile
☑ Other Civil Proceeding
☐ Criminal
This *Order* has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A

Associate Judge Mitchell Benjamin Goldberg

JAN 31 2024

Circuit Court - 2300

*"Petitioner" Includes All Persons Named Above As "People to Be Protected By This Order."*

**ORDER INFORMATION:**

☑ This *Order* was issued on: 1/31/24   at 11:00 am
                                    *Date*         *Time*

☑ Civil Order: this *Order* will end on: 2/21/24   at 5:00 p.m.
                                       *Date*         *Time*

☐ Criminal Order: this *Order* will be in effect until the hearing on a final protective *Order*.

**NEXT HEARING:** There will be a hearing on: 2/20/24   at 9:30 am
                                                      *Date*      *Time*
at Zoom ID: 967-3909-8755; Passcode: 266128   in 1603 via Zoom
   *Address of Courthouse*                                        *Courtroom*

**Respondent:** A *Plenary* (long-term) *Order of Protection* may be entered if you do not come to this hearing.

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

| NOTE: | If you are completing this form for a minor child, a dependent adult, or a high-risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1. Petitioner's** ☑ **address OR** ☐ **alternative address for notice**

1659 ESTATE CR , Naperville, IL 60565

*Street Address, Apt. #*                   *City*         *State*   *ZIP*

ginsave@gmail.com  ; *jcopeland@hoffenbergandblock.com*

*Email*

**2. Respondent's date of birth** *(if known)*: 12/21/1985     **Sex:** MALE     **Race:** WHITE

**3. Respondent's address** *(if known)*:

70 Horseshoe Lane     Lemont     IL     60439

*Street Address, Apt. #*                   *City*         *State*   *ZIP*

*Respondent's Employer*                   *Respondent's work hours*

*Respondent's Employer-Street Address*       *City*         *State*   *ZIP*

**After reviewing the** *Petition* **and hearing the evidence and testimony of Petitioner, the Court makes findings which:**

☑ Are stated on page 9 and 10 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT YOU OBEY ALL SECTIONS SELECTED BELOW:**
*"Petitioner" Includes All Persons Named Above As "People to Be Protected by This Order."*

☑ **1. No Abuse**                         **(R01) (Police Enforced)**

Respondent shall not threaten or commit the following acts of abuse toward Petitioner *(check all that apply)*:

☑ Harassment                 ☑ Intimidation of a Dependent

☑ Physical Abuse           ☐ Exploitation of a High-Risk Adult with Disabilities

☑ Stalking                  ☐ Neglect of a High-Risk Adult with Disabilities

☐ Willful Deprivation        ☑ Interference with Personal Liberty

☐ **2. Possession of Residence**                 **(R02) (Police Enforced)**

These remedies do not affect who owns the property, only who gets to use or occupy

☐ Petitioner is granted exclusive possession of the residence and Respondent is ordered not to stay or be at the residence

☐ Petitioner's residence is located at:

*Street Address, Apt. #*                   *City*         *State*   *ZIP*

OR

☐ Petitioner's address is undisclosed.

BECAUSE *(check one)*:

☐ Petitioner has a right to occupy the residence and Respondent has no right; OR

☐ Petitioner and Respondent both have the right to occupy the residence, but it would be harder on the Petitioner to leave after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

Provision of alternate housing. **Not available in an Emergency Order.**

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☑ **3.** **Stay Away from Petitioner and Certain Places** (R03) (Police Enforced)

    ☑ Respondent shall not have any communication with Petitioner

    ☑ Respondent shall stay away from Petitioner at all times

    ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| | |
|---|---|
| **Respondent:** | If any protections are granted under Section **3**, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. If ordered to not communicate with Petitioner, communication includes oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. This also includes contact or communication through others who may not know about the *Order of Protection*. |

    ☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

        ☑ Places of employment of Petitioner, located at:

        1659 ESTATE CR , Naperville, IL 60565

        *Name*      *Street Address*      *City*      *State*    *ZIP*

        International Daycare Center 4780 Karns Rd IL 60532

        *Name*      *Street Address*      *City*      *State*    *ZIP*

        ☑ Schools, kindergartens, or daycare centers of Petitioner, located at:

        Ranch View Elementary 1651 Ranchview Drive Naperville IL 60565

        *Name*      *Street Address*      *City*      *State*    *ZIP*

        Maironis Lithuanian School 14911 E 127th St, Lemont, IL 60439

        *Name*      *Street Address*      *City*      *State*    *ZIP*

        ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Childcare Provider* form.

        ☑ Other locations:

        1708 Friar Lane Naperville IL 60565

        *Name*      *Street Address*      *City*      *State*    *ZIP*

        *Name*      *Street Address*      *City*      *State*    *ZIP*

    ☐ Respondent shall have the right to enter the residence listed in Section **2** only one time to retrieve the property listed in Section **10** of this Order, but only in the presence of:

        ☐ law enforcement    OR    ☐ another person: _____

        *Name of Person*

    ☐ School Restrictions

    _____ is an elementary, middle, or high school

    *Name of School*      attended by both Respondent and Petitioner.

    After considering the factors in 750 ILCS 60/214(b)(3)(B):

        ☐ Respondent shall not attend this school for as long as Petitioner is enrolled there;

        ☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

        ☐ Respondent shall follow these restrictions on movement within the school: _____

    ☐ Requirements for Parents and Guardians

    Respondent is a minor. To ensure that Respondent follows this *Order*, _____

        *Name of Parent or Guardian*

    shall do the following: _____

**4.** **Counseling. Not available in an Emergency Order.**

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

☐ **5.** **Care and Possession of Children** **(R05) Police/Court Enforced**

| Law Enforcement: | The provisions of this section are Police Enforced <u>IF</u> Respondent is ordered *(see page 3, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☑ Respondent and Petitioner are the parents of these minor children:

| Child's Name *(first, middle, last)* | Age | State of Residence | Included as Protected Person? | |
|---|---|---|---|---|
| EMMA SAVELSKAS (DOB 3/9/17) | 6 | Illinois | ☑ Yes | ☐ No |
| EDGAR SAVELSKAS (DOB 9/23/19) | 4 | Illinois | ☑ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ Parentage of the Children:

　　☐ The parties are NOT married and parentage HAS NOT been established.

　OR

　　☑ Parentage HAS been established because *(check one)*:

　　　☑ The children of the parties were born before or during the marriage of the parties, or within 300 days of termination of the marriage.

　　　☐ The parties are NOT married but parentage has been established by one or more of the following:

　　　　1. Both parties have signed a Voluntary Acknowledgment of Paternity (VAP) *(if both parties' names are on the birth certificate, both parties signed the VAP).*

　　　　2. A court or administrative order.

　　　　3. Other: _____

_____

_____

☑ The primary caretaker of the minor children is: ☑ Petitioner ☐ Respondent ☐ Other person:

GINTARE SAVELSKAS　1659 ESTATE CR , Naperville, IL 60565
*Name*　　　　　　　　*Street Address, Apt. #*　　　　*City*　　　　*State*　*ZIP*

☑ Petitioner is granted the physical care and possession of the minor children.

☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

　　☐ Petitioner ☐ Other Person: _____
　　　　　　　　　　　　　　　　*Name of Other Person*

☐ Respondent shall return the children to: _____
　　　　　　　　　　　　　*Street Address, Apt. #*　　*City*　　*State*　*ZIP*

　　☐ on ☐ by: _____ at _____ in the presence of:
　　　　　　　*Date*　　　　　*Time*

_____
*Name of Person or Name of Law Enforcement Agency*

☑ Respondent shall not remove the minor children from the physical care of Petitioner or from a school or childcare provider. The name of the school or provider is: **SEE ABOVE**

☑ **Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:**

Enter the Case Number given by the Circuit Clerk: 22 D 9476 _____

International Daycare Center 4780 Karns Rd IL 60532
| Name | Street Address | City | State | ZIP |

Ranch View Elementary 1651 Ranchview Drive Naperville IL 60565; Maironis Lithuanian School 14911 E 127t
| Name | Street Address | City | State | ZIP |

☐    For the safety of Petitioner, the name and location of the school or daycare is listed on the
*Confidential Name & Location of the School or Childcare Provider* form.

**6.**    **Temporary Significant Decision-Making Responsibility. Not available in an Emergency Order.**

☑ **7.**    **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**     **(R07) (Court Enforced)**
Parenting time is:
☐   GRANTED for the Respondent *(without restrictions as listed below.)*
☑   RESERVED until a later hearing *(The Court will not make ANY decision on parenting time right now).*
☐   DENIED *(No visits at all.)*
☐   RESTRICTED *(Visits with limits as listed below.)*

*If parenting time is DENIED or RESTRICTED, check the reasons below:*
Respondent is likely to *(check all that apply):*
☐   Abuse or endanger the children during parenting time.
☐   Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
☐   Improperly hide or detain the children.
☐   Act in a way that is not in the best interest of the children.

☐   Parenting time is GRANTED or RESTRICTED as follows *(check the box that applies):*
    ☐   See attached parenting time schedule; OR
    ☐   The parenting time schedule is *(check all that apply, include a.m. or p.m.):*

| | | | | |
|---|---|---|---|---|
| ☐ Every | | from | | to |
| | *Weekdays* | | *Time* | *Time* |

      ☐   Each weekend    **OR**    ☐   Every other weekend as follows: *(include a.m. or p.m.)*
         ☐   from Friday at  _____   to Saturday at  _____
         ☐   from Friday at  _____   to Sunday at  _____
         ☐   from Saturday at  _____   to Saturday at  _____
         ☐   from Saturday at  _____   to Sunday at  _____
         ☐   from Sunday at  _____   to Sunday at  _____

☐   Parenting time is to begin on: _____
                                        *Date*

☐   Holidays: _____

| | From: | To: |
|---|---|---|
| | *Time* | *Time* |

☐   The person responsible for transportation of the children for parenting time is:

_____
*Name*

☐   Pickup for parenting time to take place at:

_____
*Name of place (if any)*       *Street Address*       *City*       *State*

☐   Return from parenting time to take place at:

_____
*Name of place (if any)*       *Street Address*       *City*       *State*

☐   Parenting time will take place at:

Enter the Case Number given by the Circuit Clerk: 22 D 9476 _____

| *Name of place (if any)* | *Street Address* | *City* | *State* |

☐ Parenting time will be supervised by: _____ who has filed or will file an

*Name of Supervisor*

*Affidavit of Parenting Time Supervisor* form with the court accepting responsibility and acknowledging accountability.

☐ Parenting time will be supervised at an official supervised visitation center *(if available)*.

_____

*Name of visitation center*

☐ Respondent to return the children to Petitioner or the person designated by Petitioner immediately at the end of parenting time.

| **Respondent:** | Petitioner may, by law, deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |

☑ **8.** **No Concealment or Removal of Children** **(R08) (Police Enforced)**

Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Order to Appear** **(R09) (Court Enforced)**

Respondent shall appear ☐ alone ☐ with minor children at: _____

_____ in Courtroom _____ on _____ at _____

*Address of Courthouse* *Date* *Time*

to *(check all that apply)*:

☐ Prevent abuse, neglect, removal or concealment of the children.

☐ Return the children to the custody or care of Petitioner.

☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(does not affect ownership of property)* **(R10) (Court Enforced)**

☐ Petitioner is awarded possession of the following personal property: _____

_____

_____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____

_____

_____

_____ to _____

*Name of Person*

The Court finds as follows:

☐ Petitioner, but not Respondent, owns the property; OR

☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner. OR

☐ Petitioner claims the property as marital property, and a divorce case has been filed;

☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine

☐ other personal property as follows: _____

_____

Enter the Case Number given by the Circuit Clerk: 22 D 9476 _____

☐ Personal property shall be transferred at: _____
                                                   *Street Address*          *City*     *State*  *ZIP*

on _____ at _____
   *Date*        *Time*

☐ Personal property shall be transferred only in the presence of:
    ☐ Another person: _____ ; OR
                   *Name*
    ☐ Law enforcement: _____
                     *Name of Law Enforcement agency*
        ☐ Petitioner    ☐ Respondent   will request the date of transfer from law enforcement.

☐ **11. Restrictions on Property**           **(R11) (Court Enforced)**
    ☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE *(check one)*:
        ☐ Petitioner, but not Respondent, owns the property.
        ☐ Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.
        ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
    ☐ Restrictions on Resources of an Elderly Petitioner
    Respondent is prohibited from improperly using financial or other resources of an elderly Petitioner for the benefit of Respondent or any other person.

☐ **11.5 Possession of Animals**           **(R11.5) (Court Enforced)**
    Petitioner shall have care, custody, and control over the following animals: _____

    Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

    **12. Temporary Support. Not available in an Emergency Order.**

    **13. Payment for Losses because of Abuse. Not available in an Emergency Order.**

☐ **14. No Entry or Presence Under Influence**      **(R14) (Police Enforced)**
    Respondent is allowed at the Petitioner's residence, but cannot be or stay there while under the influence of drugs or alcohol. This would be a threat to the safety or of Petitioner or Petitioner's children.

    **14.5 Firearms** *(available **ONLY** after actual notice to Respondent and/or a hearing with the judge)*     **(R14.5) (Police Enforced)**
    The Court has examined Petitioner and any other witnesses under oath. The Court finds that:
    ☐ Respondent is a current or former intimate partner of the Petitioner and represents a threat to the physical safety of Petitioner or Petitioner's child.
    ☐ Respondent has received actual notice to appear in court and has had an opportunity to participate.
    This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:
        ☐ Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's child.
        ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Petitioner or their children that could reasonably be expected to cause bodily injury.

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

| Respondent: | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
|---|---|

**Therefore:**

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
*Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☑ **15. Children's Records**                                                 **(R15) (Court Enforced)**

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☑ This *Order of Protection* prohibits Respondent from having contact with the minor children.
☐ The actual address of Petitioner is not included due to the risk of further abuse.
☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

**16. Shelter Reimbursement. Not available in an Emergency Order.**

☑ **17. Miscellaneous Remedies**                                             **(R17) (Court Enforced)**

☑ Respondent is further ordered as follows: *No contact by any means including Social media;*
<u>No contact with any of Gintare's family members including sister and brother in law</u>

*4653*
*4645*

☐ **18. Telephone Services**                                                 **(R18) (Court Enforced)**

☐ A wireless telephone provider provides service for Respondent and Petitioner *(account details below)*:
Name of Provider: _____
Name of Account Holder: _____
Billing Phone #: _____
Petitioner Phone #'s: _____
Petitioner Phone #'s: _____

☐ After considering the evidence, the wireless telephone service provider shall terminate Respondent's use Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| Petitioner: | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

**RULINGS PURSUANT TO 750 ILCS60/221(a)(2) and (b)(2)**

☐ The relief requested in Sections:   ☐ 2  ☐ 3  ☐ 10  ☐ 11  ☐ Other _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

Petitioner from the denial of the remedy; OR _____

☐ The relief requested in Sections: _____
in the *Petition* is RESERVED.

The findings indicated below are hereby incorporated into this *Order*.

ENTERED: _~~Mitul Uy~~_ #2300     Date _1/31/24_
Judge

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of   <u>Cook</u>   County, Illinois   _____
Date

_____
*Seal (and signature, as locally required)*

Copies given   ☑ Petitioner   ☐ Respondent in Open Court   ☑ Sheriff to serve Respondent   ☐ LEADS
☐ State's Attorney

## FINDINGS:
**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds**

1. The people protected by this *Order* are:
   ☑ Petitioner
   ☑ Minor children listed in caption of this *Order*
   ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

   ☐ Boyfriend / Girlfriend / Dating Relationship (including ex) (BG)   ☑ Spouse (SE)   ☐ Ex-Spouse (XS)

   ☐ Has Children with Respondent (never married to Respondent) (CC)   ☐ Sharing or Shared Home (CS)   ☐ Child (CH)

   ☑ Parent (PA)   ☐ Brother / Sister / Sibling (SB)   ☐ Other Family Member (OF)

   ☐ Other – Petitioner not Related to Respondent (OT)   ☐ In-law (IL)   ☐ Personal Caregiver to Disabled Petitioner (PC)

   ☐ Petitioner with Disability receives care from respondent (PD)   ☐ Personal Assistant of Petitioner (PR)   ☐ Grandchild (GC)

   ☐ Grandparent (GP)   ☐ Step-Child (SC)   ☐ Step-Brother / Step-Sister / Step-Sibling (SS)

   ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent   ☐ Foster Child has Family or Household Relationship with Respondent   ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with Respondent

   ☐ Step-Parent (SP)

3. ☐ Respondent HAS received actual notice of Petitioner's request for an *Order of Protection*.
   ☑ Respondent HAS NOT received notice of Petitioner's request for an *Order of Protection*
   ☑ Petitioner is present in person in court.   ☑ Represented by: <u>Julia M Copeland</u>
                                                      *Name of Lawyer*

4. ☑ Respondent is not present in court.
   ☐ Respondent is present in person in court.   ☐ Represented by: _____
                                                              *Name of Lawyer*

Enter the Case Number given by the Circuit Clerk: 22 D 9476

5. ☑ Good cause exists to grant these remedies in this *Order* even though Respondent has not received notice Because:
   ☑ a. If Respondent were given prior or greater notice, it is likely that the harm that the remedies in this *Order* are intended to prevent would occur (R01, R03, R05, R08, R09, R11, R14, R15, and R17).
   ☐ b. If Respondent were given prior or greater notice, the immediate danger of further abuse outweighs the hardships to Respondent of an *Order* granting exclusive possession of the residence (R02).
   ☐ c. If Respondent were given prior or greater notice, it is likely that personal property would be disposed of improperly, or Petitioner has an immediate and pressing need for possession of that property.

6. Other Relevant Factors and Findings (*check all that apply*):
   ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child of any party has been named as either Respondent or Petitioner.
   ☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or inaccessibility.
   ☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.
   ☐ There is reason to believe Respondent is (*check all that apply*): ☐ armed ☐ dangerous ☐ suicidal

7. ☑ **Civil Cases:** In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The court finds that:
   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and / or the Protected Persons listed on Page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

8. ☐ **Criminal Cases:** The Court is entering this *Order* based on the following prima facie evidence:
   ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR
   ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR
   ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR
   ☐ the entry of a protective order in a separate civil case brought by Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a hearing, Petitioner or Respondent must do the following:
1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify them in writing of the time and place of the hearing.

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

**TO RESPONDENT:** The Court has granted this *Order.* If you do not obey this *Order,* you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order.* Only the Court can change this *Order.* If you have contact with Petitioner that is prohibited by this *Order,* you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection.*
- Unless the Court changes or dismisses this *Order,* you can be arrested for violating this *Order of Protection.*

You have notice that Petitioner has asked for an *Order of Protection.* You must appear in court on the date in this order if you want to try to prevent the entry of a *long-term Order of Protection.* If you do not, a *long-term Order of Protection* may be issued against you.

If you want to contest the *Short-Term Order of Protection* you must:

| Emergency Order of Protection (Civil Case) | Ex parte Protective Order (Criminal Case) |
|---|---|
| • File a motion with the court stating:<br>1) you did not receive prior notice, and<br>2) you have a valid defense to the *Order, OR*<br>3) the *Order,* or any of its remedies, was not authorized under the law. | • File a written notice with the court stating You have a meritorious *(valid)* defense.<br>• Written notice must include an Affidavit providing the evidence of your meritorious *(valid)* defense. You must bring this evidence to the hearing. |

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, intimidation, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any order contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection.*
- If you wish to ask the court for a *Plenary Order of Protection* which could be in force for up to two years, you MUST APPEAR in court on the date set for a hearing, which is listed on page 1 of this *Order.*

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

<u>**NOTICE ABOUT ENFORCEMENT:**</u>

**This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection.***

**DEFINITION OF TERMS USED IN THIS *ORDER***

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation but does not include reasonable direction of a minor child by a parent or person *in loco parentis.*
2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with

Enter the Case Number given by the Circuit Clerk: 22 D 9476

disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement, or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation, or willful deprivation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health, or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

I hereby certify that the document to which this
certification is affixed is a true copy.

Date 1/31/24

IRIS Y. MARTINEZ
Clerk of the Circuit Court
of Cook County, IL



**Exhibit C**

HOFFENBERG & BLOCK, LLC

ALAN D. HOFFENBERG, RETIRED
RUSSELL M. REID
JULIA M. COPELAND

120 NORTH LaSALLE STREET
SUITE 2150
CHICAGO, ILLINOIS 60602

(312) 853-8000
(312) 853-8008 FACSIMILE
WWW.CHICAGOFAMILYLAWYER.COM

GLORIA E. BLOCK
GABRIELA O. ASROW
JONAS M. HWANG

ARNOLD F. BLOCK
1928 - 2013

March 11, 2024

*Via Email to tsavelskas@me.com*
Mr. Tomas Savelskas

**The Marriage of Gintare Savelskas and Tomas Savelskas -
Cook County Case No. 22 D 9476**

*-For Purposes of Settlement Only -*

Dear Mr. Savelskas:

For purposes of settlement only, Gintare is proposing the following to resolve the pending issues which are scheduled for hearing this week. She will agree to dismiss the Order of Protection subject to the following:

a. Entry of a mutual civil no contact order between you and her;

b. Entry of an order awarding you parenting time every other weekend Thursday (after school) until Sunday evening;

   1. Exchanges on Sunday to be at the police station a location certain as per previous order
   2. This parenting time would be temporary and without prejudice to either party

c. Entry of an order requiring you to attend therapy and sign a release so that Mary can speak to the therapist

If that is agreed to, she would also agree to withdraw her Petition to Restrict Parenting Time and Motion Seeking a 215 evaluation which are scheduled for hearing on Thursday. Your Motion to Vacate the O.P. would be resolved by virtue of this agreement.



**HOFFENBERG & BLOCK, LLC**

**Tomas Savelskas**
**Page 2 of 2**
**March 11, 2024**

Gintare would also like to explore the idea of a therapist for Emma that is mutually agreed to.

Please review and advise if we have an agreement.

Yours very truly,

**HOFFENBERG & BLOCK, LLC**

Julia M. Copeland

cc: Mary Doheny; Gintare Savelskas; Gloria Block

**Exhibit D**

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | **ORDER OF PROTECTION** | 22 D 9476 |
|---|---|---|
| Cook     COUNTY | | **Case Number** |

Civil Proceeding ☐    Interim ☐    Plenary ☑

Criminal Proceeding ☐    Final ☐

| **Instructions ▾** | | *For Court Use Only* |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:**   GINTARE SAVELSKAS <br> *(First, middle, last name)* | ☑ **Independent** <br> ☐ Juvenile |
| Enter your name as Petitioner. | **v.**   RESPONDENT SERVED IN OPEN COURT | ☑ **Other Civil Proceeding** <br> ☐ Criminal |
| Enter name of the person you are seeking protection from as Respondent. | **Respondent:**   TOMAS SAVELSKAS <br> *(First, middle, last name)* | This *Order* has been granted Pursuant to the Code of Criminal Procedure **725 ILCS 5/112A** |
| Enter the Case Number given by the Circuit Clerk. | **People to be Protected by this *Order*** *(check all that apply):* <br> Petitioner refers to any protected person in this *Order*. <br> ☑ Petitioner <br> ☑ Petitioner's minor children with Respondent: | |
| Check the boxes for **ALL** people you want to include in the *Order*. | EMMA SAVELSKAS (DOB 3/9/17) <br> EDGAR SAVELSKAS (DOB 9/23/19) | Associate Judge Mitchell Benjamin Goldberg |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent: <br> _____ <br> _____ <br><br> ☐ Dependent adult: _____ <br> ☐ High-risk adult: _____ <br> ☐ Other household members: _____ | **MAR 1 4 2024** <br> **Circuit Court - 2300** |

*"Petitioner" Includes All Persons Named Above As "People to Be Protected By This Order."*

**ORDER INFORMATION:**

☑ This *Order* was issued on:   03/12/2024   at   5:00 PM
                                 *Date*             *Time*

☑ This *Order* will end on:   03/12/2025   at   5:00 PM
                                  *Date*             *Time*

☐ This *Order* will end as entered on page 10.

**NEXT HEARING** *(Interim Orders only):* There will be a hearing on: _____ at _____
                                                      *Date*             *Time*

at _____ in _____
    *Address of Courthouse*                                    *Courtroom*

| **Respondent:** | A *Plenary* (long-term) *Order of Protection* may be entered if you do not come to this hearing. |
|---|---|

OP-P 405.3                                     Page 1 of 14                                         (08/21)

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

| NOTE: | If you are completing this form for a minor child, a dependent adult, or a high-risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1.**    **Petitioner's**    ☑ **address OR**    ☐ **alternative address for notice**

1659 ESTATE CR , Naperville, IL 60565
*Street Address, Apt. #*               *City*          *State*    *ZIP*

ginsave@gmail.com
*Email*

**2.**    **Respondent's date of birth** *(if known)*:    <u>12/21/1985</u>    **Sex:** MALE    **Race:** WHITE

**3.**    **Respondent's address** *(if known)*:

70 Horseshoe Lane    Lemont    IL    60439
*Street Address, Apt. #*               *City*          *State*    *ZIP*

*Respondent's Employer*                          *Respondent's work hours*

*Respondent's Employer-Street Address*        *City*          *State*    *ZIP*

After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings which:

☑ Are stated on page 11 and 12 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT YOU OBEY ALL SECTIONS SELECTED BELOW:**

    *"Petitioner" Includes All Persons Named Above As "People To Be Protected By This Order."*

☑ **1.**    **No Abuse**                                   **(R01) (Police Enforced)**

Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

     ☑ Harassment                      ☑ Intimidation of a Dependent

     ☑ Physical Abuse                ☐ Exploitation of a High-Risk Adult with Disabilities

     ☑ Stalking                          ☐ Neglect of a High-Risk Adult with Disabilities

     ☐ Willful Deprivation            ☑ Interference with Personal Liberty

☐ **2.**    **Possession of Residence**                            **(R02) (Police Enforced)**

These remedies do not affect who owns the property, only who gets to use or occupy it.

     ☐ Petitioner is granted exclusive possession of the residence and Respondent is ordered not

to stay or be at the residence.

         ☐ Petitioner's residence is located at:

*Street Address. Apt #*               *City*          *State*    *ZIP*

         **OR**    ☐ Petitioner's address is undisclosed.

Possession is granted to Petitioner BECAUSE *(check one)*:

     ☐ Petitioner has a right to occupy the residence and Respondent has no right; OR

     ☐ Petitioner and Respondent both have a right to occupy the residence but it would be

        harder on Petitioner to leave after considering the factors set forth in <u>750 ILCS 60/214(b)(2)(B).</u>

**OR**

     ☐ Respondent shall provide alternate housing for Petitioner

         ☐ on or before: _____

              *Date*

         ☐ Such housing shall meet the following requirements: _____

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☑ **3.**    **Stay Away from Petitioner and Certain Places**       **(R03) (Police Enforced)**

    ☑   Respondent shall not have any communication with Petitioner unless expressly permitted by court order.

    ☑   Respondent shall stay away from Petitioner at all times.

    ☐   Respondent shall stay at least _____ feet away from Petitioner at all times.

| | |
|---|---|
| **Respondent:** | If any protections are granted under Section 3, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. If ordered to not communicate with Petitioner, communication includes oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. This also includes contact or communication through others who may not know about the *Order of Protection*. |

☑   Respondent shall not be at or stay at any of these places while Petitioner is there:

    ☑   Places of employment of Petitioner, located at:

      1659 ESTATE CR , Naperville, IL 60565
      *Name*       *Street Address*       *City*       *State*   *ZIP*

      International Daycare Center 4780 Karns Rd IL 60532
      *Name*       *Street Address*       *City*       *State*   *ZIP*

    ☑   Schools, kindergartens, or daycare centers of Petitioner, located at:

      Ranch View Elementary 1651 Ranchview Drive Naperville IL 60565
      *Name*       *Street Address*       *City*       *State*   *ZIP*

      Maironis Lithuanian School 14911 E 127th St, Lemont, IL 60439
      *Name*       *Street Address*       *City*       *State*   *ZIP*

      ☐   For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

    ☑   Other locations:

      1708 Friar Lane Naperville IL 60565
      *Name*       *Street Address*       *City*       *State*   *ZIP*

      *Name*       *Street Address*       *City*       *State*   *ZIP*

☐   Respondent shall have the right to enter the residence listed in Section **2** <u>only one time</u> to retrieve the property listed in Section **10** of this Order, but only in the presence of:

    ☐   law enforcement     **OR**     ☐   another person: _____
                                                        *Name of person*

☐   School Restrictions

    _____ is an elementary, middle, or high
    *Name of School*

    school attended by both Respondent and Petitioner.

    After considering the factors in <u>750 ILCS 60/214(b)(3)(B)</u>:

    ☐   Respondent shall not attend this school for as long as a Petitioner is enrolled there;

    ☐   Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

    ☐   Respondent shall follow these restrictions on movement within the school: _____
           _____

☐   Requirements for Parents and Guardians

    Respondent is a minor. To ensure that Respondent follows this *Order*, _____
                                                      *Name of Parent or Guardian*

    shall do the following: _____
    _____

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☐ **4.** **Counseling** **(R04) (Court Enforced)**

Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
                                                                                                    *Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.
☐ Get an alcohol and substance abuse evaluation and complete recommended counseling or treatment.
☐ Get a mental health evaluation and complete any recommended counseling or treatment.
☐ Other: _____

| | |
|---|---|
| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☑ **5.** **Care and Possession of Children** **(R05) (Police/Court Enforced)**

| | |
|---|---|
| **Law Enforcement:** | The provisions of this section are Police Enforced <u>IF</u> Respondent is ordered *(see page 3, R03)* to stay away from the minor children listed as "protected" as checked below. |

☑ Respondent and Petitioner are the parents of these minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as a Protected Person? |
|---|---|---|---|
| EMMA SAVELSKAS (DOB 3/9/17) | 7 | ILLINOIS | ☑ Yes ☐ No |
| EDGAR SAVELSKAS (DOB 9/23/19) | 4 | ILLINOIS | ☑ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

☐ Parentage of the Children:
    ☐ The parties are NOT married and parentage HAS NOT been established.
    OR
    ☑ Parentage HAS been established because *(check one)*:
        ☑ The children of the parties were born before or during the marriage of the parties, or within 300 days of termination of the marriage.
        ☐ The parties are NOT married but parentage has been established by one or more of the following:
            1. Both parties have signed a Voluntary Acknowledgment of Paternity (VAP) *(if both parties' names are on the birth certificate, both parties signed the VAP)*.
            2. A court or administrative order.
            3. Other: _____
            _____
            _____
            _____

☑ The primary caretaker of the minor children is:   ☑ Petitioner   ☐ Respondent   ☐ Other person:
GINTARE SAVELSKAS  1659 ESTATE CR , Naperville, IL 60565
*Name*                    *Street Address, Apt. #*              *City*              *State     ZIP*

☑ Petitioner is granted the physical care and possession of the minor children.
☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:
    ☐ Petitioner   ☐ Other person: _____
                                            *Name of Other Person*

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☐ Respondent shall return the children to: _____

                                *Street Address, Apt. #*      *City*      *State  ZIP*

    ☐ on  ☐ by: _____ at _____ in the presence of:

                 *Date*        *Time*

                 *Name of Person or Name of Law Enforcement Agency*

☑ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, or childcare provider. The name of the school or provider is: SEE ABOVE

☑ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

International Daycare Center 4780 Karns Rd IL 60532; Maironis Lithuanian School (SEE ABOVE)
**Name**        **Street Address**        **City**        **State  ZIP**

Ranch View Elementary 1651 Ranchview Drive Naperville IL 60565
**Name**        **Street Address**        **City**        **State  ZIP**

    ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☑ **6.**    **Temporary Significant Decision-Making Responsibility** *(formerly custody)*    **(R06) (Court Enforced)**
The Court awards Petitioner all significant decision-making responsibility of the minor children that Petitioner and Respondent have together.

☑ **7.**    **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**    **(R07) (Court Enforced)**
Parenting time is *(check a, b, c, or d)*:

    ☐ GRANTED for the Respondent *(without restrictions as listed below.)*
    ☑ RESERVED until a later hearing *(The Court will not make ANY decision on parenting time right now).*
    ☐ DENIED *(No visits at all.)*
    ☐ RESTRICTED *(Visits with limits as listed below.)*

    If DENIED or RESTRICTED, check the reasons below.
    Respondent is likely to *(check all that apply):*
        ☐ Abuse or endanger the children during parenting time.
        ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
        ☐ Improperly hide or detain the children.
        ☐ Act in a way that is not in the best interest of the children.

    ☐ Parenting time IS GRANTED or RESTRICTED as follows *(check the box that applies)*:
        ☐ See attached parenting time schedule; OR
        ☐ The parenting time schedule is *(check all that apply, include a.m. or p.m.)*:
        ☐ Every _____ from _____ to _____
                *Weekdays*               *Time*      *Time*
        ☐ Each weekend    OR    ☐ Every other weekend as follows: *(include a.m. or p.m.)*
            ☐ from Friday at _____ to Saturday at _____
            ☐ from Friday at _____ to Sunday at _____
            ☐ from Saturday at _____ to Saturday at _____
            ☐ from Saturday at _____ to Sunday at _____
            ☐ from Sunday at _____ to Sunday at _____
        ☐ Parenting time is to begin on: _____
                        *Date*

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☐ Holidays: _____

_____

_____ From _____ to _____

Time           Time

☐ The person responsible for transportation of the children for parenting time is:

_____
Name

☐ Pickup for parenting time to take place at:

_____
Name of place (if any)    Street Address    City    State    Zip

☐ Return from parenting time to take place at:

_____
Name of place (if any)    Street Address    City    State    Zip

☐ Parenting time will take place at:

_____
Name of place (if any)    Street Address    City    State    Zip

☐ Parenting time will be supervised by: _____ who has filed or will file an
Name of Supervisor

*Affidavit of Parenting Time Supervisor* form with the court accepting responsibility and acknowledging accountability.

☐ Parenting time will be supervised at an official supervised visitation center *(if available)*.

_____
Name of visitation center

☐ Respondent to return the children to Petitioner or the person designated by Petitioner immediately at the end of parenting time.

| Respondent: | Petitioner may, by law, deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☑ **8.**     **No Concealment or Removal of Children**         **(R08) (Police Enforced)**

Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.**     **Order to Appear**                     **(R09) (Court Enforced)**

Respondent shall appear  ☐ alone  ☐ with minor children at: _____

_____ in Courtroom _____ on _____ at _____
Address of Courthouse                              Date        Time

to *(check all that apply)*:

☐ Prevent abuse, neglect, removal or concealment of the children.

☐ Return the children to the custody or care of Petitioner.

☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.**     **Possession of Personal Property** *(does not affect ownership of property)*     **(R10) (Court Enforced)**

☐ Petitioner is awarded possession of the following personal property: _____

_____

_____

_____

☐ Respondent shall return  ☐ all of the property  ☐ the following property: _____

_____

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

_____

_____ to _____
                                      *Name of Person*

The Court finds as follows:

- ☐ Petitioner, but not Respondent, owns the property.
- ☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner.
- ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
- ☐ Respondent is awarded possession of the following personal property:  ☐ clothing  ☐ medicine
  - ☐ other personal property as follows: _____

    _____

    _____

- ☐ Personal property shall be transferred at: _____
  *Street Address*          *City*          *State*      *ZIP*

  on _____ at _____ .
     *Date*          *Time*

- ☐ Personal property shall be transferred only in the presence of:
  - ☐ Another person: _____ ; OR
                                *Name*
  - ☐ Law enforcement: _____
       *Name of Law Enforcement agency*
    - ☐ Petitioner  ☐ Respondent    will request the date of transfer from law enforcement.

☐ **11.**   **Restrictions on Property**                                      **(R11) (Court Enforced)**

- ☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE *(check one)*:
  - ☐ Petitioner, but not Respondent, owns the property.
  - ☐ Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.
  - ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
- ☐ Restrictions on Resources of an Elderly Petitioner
  Respondent is prohibited from improperly using financial or other resources of an elderly Petitioner for the advantage of Respondent or any other person.

☐ **11.5**  **Possession of Animals**                                      **(R11.5) (Court Enforced)**

Petitioner shall have care, custody, and control over the following animals: _____

_____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12.**   **Temporary Support**                                      **(R12) (Court Enforced)**

The Court finds that Respondent is:  ☐ unemployed  ☐ self-employed  ☐ employed by:

_____ _____ _____
*Name*          *Street Address*          *City*          *State*   *ZIP*

and has approximate net pay in the amount of:   $ _____  ☐ weekly   ☐ every two weeks
                                                              ☐ twice a month  ☐ monthly

- ☐ Respondent shall pay temporary child support to Petitioner in the amount of   $ _____
  - ☐ weekly   ☐ every two weeks   ☐ twice a month   ☐ monthly
  - ☐ Payments shall begin on: _____ and shall continue until further order of the Court.
                                    *Date*

Enter the Case Number given by the Circuit Clerk: 22 D 9476

Payments shall be made through the: ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for Support. *(Payment shall not be paid directly to Petitioner)*

OR

☐ A child support order will be entered.

AND/OR

☐ Respondent shall pay temporary support (maintenance) to Petitioner in the amount of $ _____

☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☐ **13.** **Payment of Losses Because of Abuse** **(R13) (Court Enforced)**

☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:

☐ Medical expenses.................................................................................. $ _____
☐ Lost earnings...................................................................................... $ _____
☐ Repair or replace property damaged or taken.......................................... $ _____
☐ Moving and other travel expenses......................................................... $ _____
☐ Reasonable expenses for housing other than a domestic violence shelter........... $ _____
☐ Expenses for search and recovery of children.......................................... $ _____
☐ Reasonable attorney's fees.................................................................. $ _____
☐ Other: _____ $ _____

☐ The total amount of: $ _____ by _____ OR
*Date*

☐ Payments in the amount of: $ _____ ☐ weekly ☐ every two weeks
☐ twice a month ☐ monthly

☐ **14.** **No Entry or Presence Under Influence** **(R14) (Police Enforced)**

Respondent is allowed at the Petitioner's residence, but cannot be or stay there while under the influence of drugs or alcohol. This would be a threat to the safety or of Petitioner or Petitioner's children.

☑ **14.5** **Firearms** **(R14.5) (Police Enforced)**

The Court has examined Petitioner and any other witnesses under oath. The Court finds that:

☐ Respondent is a current or former intimate partner of the Petitioner and represents a threat to the physical safety of Petitioner or Petitioner's child.

☑ Respondent has received actual notice to appear in court and has had an opportunity to participate.

☑ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☑ Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's child.

☑ This *Order* prohibits the use, attempted use, or threatened use of physical force against Petitioner or their children that could reasonably be expected to cause bodily injury.

| Respondent: | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
|---|---|

**Therefore:**

☑ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: DARRIEN POLICE DEPARTMENT
*Name of Law Enforcement Agency*

☑ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: DARRIEN POLICE DEPARTMENT
*Name of Law Enforcement Agency*

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☑ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: DARRIEN POLICE DEPARTMENT

*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☑ **15. Children's Records** **(R15) (Court Enforced)**

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☑ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16. Shelter Reimbursement** **(R16) (Court Enforced)**

Respondent shall pay $_____ to _____ by:

*Shelter Name*

_____ for the cost of services and shelter provided to Petitioner.

*Date*

☑ **17. Miscellaneous Remedies** **(R17) (Court Enforced)**

☑ Respondent is further ordered as follows: _____

No contact with any of Gintare's family members including sister and brother in law.

Parenting time reserved without prejudice which can be modified at a later date with sufficient protections.

PARENTS MAY COMMUNICATE RELATED TO CHILD RELATED ISSUES VIA OUR FAMILY WIZARD.

SAID COMMUNICATION SHALL BE APPROPRIATE AND REASONABLE AND SHALL NOT BE A

VIOLATION OF THE ORDER OF PROTECTION

☐ **18. Telephone Services** **(R18) (Court Enforced)**

☐ A wireless telephone provider provides service for Respondent and Petitioner *(account details below)*:

Name of Provider: _____

Name of Account Holder: _____

Billing Phone #: _____

Petitioner Phone #'s: _____

Petitioner Phone #'s: _____

☐ After considering the evidence, the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| **Petitioner:** | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Sections: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ Other: _____

in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR _____

☐ The relief requested in Sections: _____

in the *Petition* is RESERVED.

Enter the Case Number given by the Circuit Clerk: 22 D 9476

☐ **COMPLIANCE HEARING**

    ☐ A compliance hearing will be held on: _____ at _____ on the following issues:
                              *Date*                  *Time*

    _____

    ☐ Respondent is ordered to appear and bring the following documents: _____

    _____

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 1, this *Order* will remain in effect as follows:**

☐ **1. Until further order of the Court (only by extension; special findings needed)**

☐ **If entered in conjunction with another civil proceeding:**

    ☐ 2. If entered as preliminary relief, until entry of final judgment in the other proceeding.*

    ☐ 3. If incorporated into the final judgment of the other proceeding, until the Order is vacated or modified.*

    ☐ 4. Upon termination of any voluntary or involuntary commitment, or on _____
                                                            *Date not to exceed 2 years*

☐ **If entered in conjunction with a criminal prosecution or delinquency petition pursuant to 725 ILCS 5/112A-20:**

    ☐ 5. If entered during pre-trial release:

        ☐ a. Until disposition, withdrawal, or dismissal of the underlying charge, or

        ☐ b. If continued as an independent cause of action, until _____
                                                  *Date (not to exceed 2 years)*

    ☐ 6. Until final disposition when a Bond Forfeiture Warrant has issued, or on _____
                                                  *Date not to exceed 2 years*

    ☐ 7. Until expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.*

    ☐ 8. Until 2 years after the date set by the court for expiration of any sentence for imprisonment, parole, and mandatory supervised release.*

        *This Order may last more than two years if entered in conjunction with a civil or criminal proceeding.*

**ENTERED**    *[signature]*           3/14/24

        *Judge*                                *Date*

Associate Judge Mitchell Benjamin Goldberg

MAR 14 2024

Circuit Court - 2300

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court _____ County _____

                                                          *Date*

_____

*Seal (and signature, as locally required)*

Copies given  ☑ Petitioner  ☑ Respondent in Open Court  ☐ Sheriff to serve Respondent  ☑ LEADS
               ☐ State's Attorney

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

**FINDINGS:**

After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:

1. The people protected by this *Order* are:
   - ☑ Petitioner
   - ☑ Minor children listed in the caption of this *Order*
   - ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

   | | | |
   |---|---|---|
   | ☐ Boyfriend / Girlfriend / Dating Relationship (including ex) (BG) | ☑ Spouse (SE) | ☐ Ex-Spouse (XS) |
   | ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
   | ☐ Parent (PA) | ☐ Brother / Sister / Sibling (SB) | ☐ Other Family Member (OF) |
   | ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
   | ☐ Petitioner with Disability receives care from respondent (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
   | ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother / Step-Sister / Step-Sibling (SS) |
   | ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with Respondent |
   | ☐ Step-Parent (SP) | | |

3. 
   - ☑ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   - ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   - ☐ Petitioner has given notice by publication.
   - ☑ Petitioner is present in person in court.    ☑ Represented by: <u>JULIA COPELAND</u>
     <div align="center">*Name of Lawyer*</div>

4. 
   - ☐ Respondent has filed an answer or appearance.
   - ☐ Respondent is not present in court, and is in default.
   - ☑ Respondent is present in person in court.    ☐ Represented by: <u>PRO SE</u>
     <div align="center">*Name of Lawyer*</div>

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process or notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:
   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings (*check all that apply*):
   - ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child of any party, has been named as either Respondent or Petitioner.

Enter the Case Number given by the Circuit Clerk: <u>22 D 9476</u>

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or inaccessibility.

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

7. ☑ **Civil Cases:** In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The court finds that:

   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and / or the Protected Persons listed on page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

8. ☐ **Criminal Cases:** The Court is entering this *Order* based on the following prima facie evidence:

   ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

   ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

   ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of or domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

   ☐ the entry of a protective order in a separate civil case brought by Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a court hearing and the judge orders it changed or vacated. To have a court hearing, Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

   - Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
   - If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
   - Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Enter the Case Number given by the Circuit Clerk: 22 D 9476

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, intimidation, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or physical care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any order is contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.
- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change or vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.
- If you wish to extend the Plenary Order, you must file with the clerk of the circuit court a *Motion to Extend* (including any modifications needed for your protection) at least 30 days prior to the expiration date of the present *Order*. The motion will be set for hearing. Notice must be given to the Respondent by first class mail; a certificate stating that notice was sent must be filed with the Circuit Clerk. You must be present at the Hearing on your motion.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

<u>**NOTICE ABOUT ENFORCEMENT:**</u>

**This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice of this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the State's Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.**

**DEFINITION OF TERMS USED IN THIS *ORDER***

These definitions are incorporated in and made a part of the *Order* to which they are attached.
1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include reasonable direction of a minor child by a parent or person *in loco parentis*.
2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.
3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.
4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.
5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.
6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or

Enter the Case Number given by the Circuit Clerk: 22 D 9476

- b. repeatedly telephoning Petitioner's place of employment, home or residence; or
- c. repeatedly following Petitioner about in a public place or places; or
- d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
- e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
- f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    - a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    - b. the repeated, careless imposition of unreasonable confinement; or
    - c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    - d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    - e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    - a. knowing or reckless use of physical force, confinement or restraint; or
    - b. knowing, repeated and unnecessary sleep deprivation; or
    - c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    - a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    - b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    - c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

**Exhibit E**

Form **COL**

## Violation Warning
## Denial of Rights Under Color of Law

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

Name and address of Citizen

**TOMAS SAVELSKAS**
70 Horseshoe Ln.
Lemont, IL 60439

Name and address of Notice Recipient

Mitchell B. Goldberg
50 W Washington St.
Chicago, IL 60602

Citizen's statement:

Every person is entitled to an opportunity to be heard before an impartial court of law

I certify that the forgoing information stated here is true and correct.
**Citizen's signature**

▶

Date ▶   04 12 2024

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

7019 2970 0000 3669 1136

**Notice of Service:**

I, _____ certify that I personally delivered this notice to above named recipient and address on _____ at _____.

Public Domain—Privacy Form COL(01)

NOTARY:  [signature]  04-12-2024
CINDY S. MATIJEVICH



CINDY S MATIJEVICH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 07, 2027

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mitchell B. Goldberg
Richard J. Daley Center
RM CL 04
50 W. Washington St.
Chicago, IL 60602

9590 9402 7807 2152 8745 00

(Transfer from service label)
7019 2970 0000 3669 1136

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

ELIZABETH SALTO  4/16/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**Exhibit F**

Form **COL**

## Violation Warning
### Denial of Rights Under Color of Law

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| **TOMAS SAVELSKAS**<br>70 Horseshoe Ln.<br>Lemont, IL 60439 | Patrick J. Powers<br>50 W. Washington St. Rm 1603<br>Chicago, IL 60602 |

Citizen's statement:

## Every person is entitled to an opportunity to be heard before an impartial court of law

I certify that the forgoing information stated here is true and correct.
**Citizen's signature**

▶ _(signature)_ | **Date** ▶ 04 14 2024

### Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

Notice of Service:

I, _____ certify that I personally delivered this notice to above named recipient and address on _____ at _____.

Public Domain—Privacy Form COL(01)

NOTARY: _(signature)_ 04-14-2024
CINDY S. MATIJEVICH

CINDY S MATIJEVICH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 07, 2027

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patrick J. Powers
50 W. Washington St
RM 1603
Chicago, IL 60602

9590 9402 7807 2152 8744 94

2. Article Number (Transfer from service label)

7020 3160 0002 0255 7468

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

**Exhibit G**

| Form **COL** | **Violation Warning** |
| | **Denial of Rights Under Color of Law** |

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

| Name and address of Citizen | Name and address of Notice Recipient |
| TOMAS SAVELSKAS | Julia M. Copeland |
| 70 Horseshoe Ln. | 120 North LaSalle St. Suite 2150 |
| Lemont, IL 60439 | Chicago, IL 60602 |

Citizen's statement:

Every person is entitled to an opportunity to be heard before an impartial court of law

I certify that the forgoing information stated here is true and correct.

**Citizen's signature**

▶                                    | Date ▶    04 14 2024

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

**Notice of Service:**

I, _____ certify that I personally delivered this notice to above named recipient and address on _____ at _____.

Public Domain—Privacy Form COL(01)

NOTARY:                04-14-2024

CINDY S MATIJEVICH

CINDY S MATIJEVICH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 07, 2027

**Exhibit H**

| Form **COL** | **Violation Warning** |
|---|---|
| | **Denial of Rights Under Color of Law** |

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| **TOMAS SAVELSKAS** | Mary Therese Doheny |
| 70 Horseshoe Ln. | 1100 Lake St. Ste. 280A |
| Lemont, IL 60439 | Oak Park, IL 60301 |

Citizen's statement:

Every person is entitled to an opportunity to be heard before an impartial court of law

I certify that the forgoing information stated here is true and correct.

**Citizen's signature**

▶ _____ | Date ▶ 04/14/2024

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

**Notice of Service:**

I, _____ certify that I personally delivered this notice to above named recipient

and address on _____ at _____.

Public Domain—Privacy Form COL(01)

NOTARY: _____ 04.14.2024

CINDY S. MATIJEVICH

CINDY S MATIJEVICH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 07, 2027

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAeSi85%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

**Exhibit I**

**U.S. Department of Justice**

Office of the Associate Attorney General

FILED
4/15/2024 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476
Calendar, 53
27250571

_Associate Attorney General_                          _Washington, D.C.  20530_

April 20, 2023

2022D009476

FILED DATE: 4/15/2024 12:00 AM    2022D009476

Dear Colleague:

The U.S. Department of Justice (Department) is committed to working with state and local courts and juvenile justice agencies to ensure that their assessment of fines and fees is constitutional and nondiscriminatory. To advance that goal, the Department has revised and updated a letter it previously issued in 2016 that focused on the assessment of fines and fees against adults, as well as a 2017 advisory addressing the assessment of fines and fees against juveniles. The letter, issued today by the Civil Rights Division, Office of Justice Programs, and Office for Access to Justice, addresses in detail the assessment of fines and fees against both adults and juveniles. The letter includes an updated discussion of the relevant case law on the assessments of fines and fees, cautions against discriminatory enforcement of fines and fees, and details the obligations of federal funding recipients to comply with federal statutory prohibitions against discrimination in the imposition and collection of fines and fees.

The letter outlines circumstances where unjust imposition and enforcement of fines and fees violate the civil rights of adults and youth accused of felonies, misdemeanors, juvenile offenses, quasi-criminal ordinance violations, and civil infractions, as well as circumstances that raise significant public policy concerns. In particular, the letter outlines the below seven constitutional principles:

(1) The Eighth Amendment prohibits the imposition of fines and fees that are grossly disproportionate to the severity of the offense;

(2) The Fourteenth Amendment prohibits incarceration for nonpayment of fines and fees without first conducting an ability-to-pay determination and establishing that the failure to pay is willful;

(3) The Fourteenth Amendment requires the consideration of alternatives before incarcerating individuals who are unable to pay fines and fees;

(4) The Fourteenth Amendment prohibits the imposition of fines and fees that create conflicts of interest;

(5) The Fourteenth Amendment prohibits conditioning access to the judicial process on the payment of fees by individuals who are unable to pay;

(6) The Sixth and Fourteenth Amendments require due process protections, such as access to counsel in appropriate cases, as well as notice, when imposing and enforcing fines and fees; and

(7) The Fourteenth Amendment prohibits the imposition of fines and fees in a manner that intentionally discriminates against a protected class.

In addition to constitutional responsibilities and related public policy concerns, the letter outlines the obligations of recipients of federal financial assistance (including courts) under Title VI of the Civil

FILED DATE: 4/15/2024 12:00 AM   2022D009476

Rights Act of 1964 (Title VI), the Omnibus Crime Control and Safe Streets Act of 1968 (Safe Streets Act), and other statutes with nondiscrimination provisions. Collectively, these statutes, and their implementing regulations, prohibit recipients of federal financial assistance from discriminating on the basis of race, color, national origin, religion, and sex. For example, under Title VI and the Safe Streets Act, which both prohibit national origin discrimination, state court systems and other federal funding recipients are required to take reasonable steps to provide meaningful access to people who have limited proficiency in English.

As noted in the letter, imposition of fines and fees that do not comply with constitutional and statutory requirements, or that fail to take account of other public policy concerns, may erode trust between local governments and their constituents, increase recidivism, undermine rehabilitation and successful reentry, and generate little or no net revenue. The letter further notes that the detrimental effects of unjust fines and fees (including escalating debt, being subjected to changes in immigration status, and loss of one's employment, driver's license, voting rights, or home, among others) fall disproportionately on low-income communities and people of color, who are overrepresented in the criminal legal system and may already face economic obstacles arising from discrimination, bias, or systemic inequities. Moreover, the letter emphasizes the negative impact of imposing fines and fees on youth, which may also fall on families in low-income communities and people of color, because youth are unlikely to be able to afford to pay fines or fees without familial support.

The letter also identifies best practices and recommendations that courts can consider and adopt related to each principle. The letter acknowledges that many states, municipalities, and court leaders have adopted innovative approaches to reduce their reliance on fines and fees. The Department's Office for Access to Justice is developing a best practices guide, which will highlight work and efforts by states, municipalities, and court leaders in this area.

The Department remains committed to collaborating with court leaders and stakeholders in the criminal legal system to develop and share solutions. The Department is open to serve as a resource, collaborate and promote solutions, and provide grant funding and technical assistance to state, county, local, and tribal courts to improve the functioning and fairness of the justice system.

To that end, in the coming weeks, the Department's Office of Justice Programs, Bureau of Justice Assistance will release a solicitation ("The Price of Justice: Rethinking the Consequences of Fines and Fees") seeking a training and technical assistance provider to work with a select number of jurisdictions interested in understanding and reforming their fines and fees policies and practices, and ultimately seeking to reduce the use of unjust fines and fees and redirect the resources used in these systems into activities with a greater return on public safety. The Department of Justice supports wide dissemination of the letter.

Sincerely,

Vanita Gupta
Associate Attorney General

FILED DATE: 4/15/2024 12:00 AM    2022D009476



**U.S. Department of Justice**

Civil Rights Division

Office of Justice Programs

Office for Access to Justice

_____

*Washington, D.C. 20530*

April 20, 2023

Dear Colleague:

The U.S. Department of Justice (Department) is committed to working with state and local courts and juvenile justice agencies to ensure that their assessment of fines and fees is constitutional and nondiscriminatory.[1] Court leaders, court administrators, lawmakers, advocates, and other stakeholders have urged the Department to provide greater clarity to state and local courts regarding their legal obligations with respect to fines and fees and to share best practices.[2]

This letter revises and updates a similar letter issued by the Department in March 2016[3] regarding the imposition and enforcement of fines and fees on adults in the criminal justice system, and a January 2017 advisory[4] setting forth the constitutional and statutory responsibilities regarding imposing and enforcing fines and fees on youth involved in the juvenile or criminal justice systems. This letter addresses some of the most common court-imposed fines and fees practices—applicable to adults and youth—with potential to run afoul of the U.S. Constitution.[5] This letter also describes relevant constitutional and statutory protections against discrimination and explains how they apply to fines and fees. Finally, many states, municipalities, and court leaders are adopting innovative approaches to reduce their reliance on fines and fees, and this letter

---

[1] This document does not bind the public. Rather, it advises the public of how the Department understands, and is likely to apply, binding laws and regulations. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2420 (2019) (plurality opinion) (quoting *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 97 (2015)).

[2] As used in this letter, "courts" include state or local courts and the juvenile justice system applicable to youth, including juvenile courts and juvenile justice agencies. "Fines" are monetary punishments for infractions, misdemeanors, or felonies that may be imposed to deter crime or punish people convicted of an offense. "Fees" are itemized payments for court activities, supervision, or incarceration charged to people accused of or determined guilty of infractions, misdemeanors, or felonies, that may be unrelated to a conviction or punishment. *See generally* Council of Econ. Advisers, *Issue Brief: Fines, Fees, and Bail* 1 (Dec. 2015), https://perma.cc/K88Z-8L8X. The Department notes that any non-Departmental studies or external resources cited or linked to in this letter are provided for informational purposes only and do not necessarily represent the views of the Department.

[3] This letter updates and supersedes the March 2016 Dear Colleague Letter, which was rescinded in December 2017.

[4] This letter also updates and supersedes the January 2017 Advisory for Recipients of Financial Assistance from the U.S. Department of Justice on Levying Fines and Fees on Youth Involved with the Juvenile Justice System, which was rescinded in December 2017.

[5] This letter addresses only fines and fees levied against individuals. Fines and fees levied against corporations do not raise the same concerns. Likewise, this letter does not address the imposition or enforcement orders relating to restitution for crime victims.

1

FILED DATE: 4/15/2024 12:00 AM    2022D009476

identifies some best practices, recommendations, and policy considerations that courts can consider and adopt.

There are circumstances in which assessment of fines and fees may be lawful, and many jurisdictions, lacking other dedicated sources of funding, rely on some of the revenue generated by fines and fees for important purposes. For example, some jurisdictions use some of the revenue generated by fines and fees to support crime victim services, including to reimburse victims for a wide variety of crime-related expenses, such as medical costs, mental health counseling, lost wages, as well as funeral and burial expenses.

But as this letter describes, in certain circumstances, unjust imposition and enforcement of fines and fees violate the civil rights of adults and youth accused of felonies, misdemeanors, quasi-criminal ordinance violations, and civil infractions.[6] The unjust imposition of fines and fees also raises significant public policy concerns. Imposing and enforcing fines and fees on individuals who cannot afford to pay them has been shown to cause profound harm. Individuals confront escalating debt; face repeated, unnecessary incarceration for nonpayment of fines and fees; experience extended periods of probation and parole; are subjected to changes in immigration status; and lose their employment, driver's license, voting rights, or home. This practice far too often traps individuals and their families in a cycle of poverty and punishment that can be nearly impossible to escape.[7] The detrimental effects of unjust fines and fees fall disproportionately on low-income communities and people of color, who are overrepresented in the criminal justice system and already may face economic obstacles arising from discrimination, bias, or systemic inequities.[8]

Fines and fees can be particularly burdensome for youth, who may be unable to pay court-issued fines and fees themselves, burdening parents and guardians who may face untenable choices between paying court debts or paying for the entire family unit's basic necessities, like food, clothing, and shelter.[9] Children subjected to unaffordable fines and fees often suffer escalating negative consequences from the justice system that may follow them into adulthood.[10]

---

[6] *See, e.g.*, C.R. Div., U.S. Dep't of Just., *Investigation of the Ferguson Police Department* (Mar. 4, 2015), https://perma.cc/7QR3-BRLD (finding that the Ferguson, Missouri municipal court routinely deprived people of their constitutional rights to due process and equal protection and other federal protections); Brennan Ctr. for Just., *Criminal Justice Debt: A Barrier to Reentry* (2010), https://perma.cc/L7JA-RKXY (reporting on fine and fee practices in fifteen states); Am. C.L. Union, *In for a Penny: The Rise of America's New Debtors' Prisons* (Oct. 2010), https://perma.cc/Y7BU-SK85 (discussing practices in several states); Dick M. Carpenter II et al., Institute for Justice, *The Price of Taxation by Citation: Case Studies of Three Georgia Cities That Rely Heavily on Fines and Fees* (2019), https://perma.cc/7XK4-HLQ8.

[7] *See* Council of Econ. Advisers, *supra* note 2, at 1 (describing the impact on the poor of fixed monetary penalties, which "can lead to high levels of debt and even incarceration for failure to fulfil a payment" and create "barriers to successful re-entry after an offense"); Ala. Appleseed Ctr. for Law and Just., *Under Pressure: How Fines and Fees Hurt People, Undermine Public Safety, and Drive Alabama's Wealth Divide* (2018), https://perma.cc/A8Z9-Y3U4.

[8] *See, e.g.*, Tex. Fair Def. Project & Tex. Appleseed, *Driven by Debt: The Failure of the OmniBase Program* (2021), https://perma.cc/2AJK-VEX3; Maria Rafael, Vera Inst. of Just., *The High Price of Using Justice Fines and Fees to Fund Government in Washington State* 5 (2021), https://perma.cc/26G3-7BNS.

[9] Leslie Paik & Chiara Packard, Juv. Law Ctr., *Impact of Juvenile Justice Fines and Fees on Family Life: Case Study in Dane County, WI* 12-14 (2019), https://perma.cc/T837-T6TY.

[10] Jessica Feierman, Juv. Law Ctr., *Debtors' Prison for Kids? The High Cost of Fines and Fees in the Juvenile Justice System* (2016), https://perma.cc/C78Z-Z6KR. Recognizing these concerns, many states have eliminated or significantly reduced the number of fines and fees in their juvenile systems since the Department issued the 2017 advisory. These states include California, Louisiana, Maryland, Nevada, New Mexico, New Hampshire, New Jersey,

FILED DATE: 4/15/2024 12:00 AM    2022D009476

Notably, in addition to raising serious legal and practical concerns, assessment of unaffordable fines and fees often does not achieve the fines' and fees' stated purposes. In many cases, unaffordable fines and fees undermine rehabilitation and successful reentry and increase recidivism for adults and minors.[11] And to the extent that such practices are geared toward raising general revenue and not toward addressing public safety, they can erode trust in the justice system.[12]

The legal discussion below is intended to serve as a guide to constitutional protections related to assessing fines and fees and additional legal protections against the discriminatory imposition of fines and fees. Whether a particular policy regarding fines and fees complies with or violates these constitutional principles or federal statutory obligations requires a fact-specific analysis. This letter also identifies recommended policy considerations relevant to determinations about the circumstances in which fines and fees should and should not be imposed.

As court leaders and criminal justice stakeholders, your leadership on fines and fees is critical to ensure equal access to justice. Accordingly, as you review and reflect on this information, we strongly encourage you to consider alternative ways to obtain resources other than through the assessment of fines and fees. We also recommend that you review your jurisdiction's rules and procedures to ensure that they comply with the U.S. Constitution and federal law and promote sound public policy. We support wide dissemination of this letter, and welcome collaboration with you to develop and share solutions. We encourage you to forward this letter to every judge in your jurisdiction; to provide appropriate training for judges, prosecutors, and

---

Oregon, Texas, Utah, and Virginia as well as individual localities such as Chatham County, Georgia; Dane County, Wisconsin; Johnson County, Kansas; Macomb County, Michigan; Philadelphia, Pennsylvania; and Shelby County, Tennessee. *See* Cristina Mendez, Jeffrey Selbin & Gus Tupper, *Blood from a Turnip: Money as Punishment in Idaho*, 57 Idaho L. Rev. 767 (2021) (listing the states and localities that have reduced or eliminated juvenile fees to date), https://perma.cc/N29P-PFLE; Jeffrey Selbin, *Juvenile Fee Abolition in California: Early Lessons and Challenges for the Debt-Free Justice Movement*, 98 N.C. L. Rev. 401 (2020) (describing the growing national movement to repeal juvenile fines and fees), https://perma.cc/T5K6-UQ2S.

[11] Berkeley Law Pol'y Advoc. Clinic, *Making Families Pay* 18 (2017), https://perma.cc/RQK9-JQFG (reporting that, in fiscal year 2014-15, Orange County spent "over $1.7 million to employ 23 individuals to collect just over $2 million" in juvenile administration fees, and ultimately netted only $371,347, which represents less than .0068% of its annual budget); Matthew Menendez et al., Brennan Ctr. for Just., *The Steep Costs of Criminal Justice Fines and Fees* 9 (2019), https://perma.cc/7MQS-32KE (describing the high costs of fines and fees enforcement, including in-court proceedings, jail costs, warrant enforcement, and probation supervision, and estimating that collecting revenue through fines and fees consumes almost 100 times more resources than collecting it through general taxation); Alexandra Bastien, *Ending the Debt Trap: Strategies to Stop the Abuse of Court-Imposed Fines and Fees* 4-7 (2017), https://perma.cc/FZ2R-TP2M (describing the inefficiency and consequences of raising revenue through fines and fees); Alex R. Piquero & Wesley G. Jennings, *Justice System-Imposed Financial Penalties Increase Likelihood of Recidivism in a Sample of Adolescent Offenders*, 15 Youth Violence & Juv. Just. 325 (2017), https://journals.sagepub.com/doi/10.1177/1541204016669213 (finding a strong positive correlation between monetary sanctions and youth recidivism); *see also* Council of Econ. Advisers, *supra* note 2.

[12] *See* Conf. of State Ct. Adm'rs, *2011-2012 Policy Paper: Courts Are Not Revenue Centers* (2012), https://perma.cc/75FU-BS5C. In some jurisdictions, the revenue may even be lower than the cost to incarcerate people for the failure to pay fines and fees. Mathilde Laisne et al., Vera Inst. of Just., *Past Due: Examining the Costs and Consequences of Charging for Justice in New Orleans* 24 (2017), https://perma.cc/VYW5-LPWS (determining that pretrial fines and fees enforcement costs New Orleans $1.9 million more in jail costs than the revenue it generates for criminal justice agencies). Critically, many jurisdictions do not track the costs of collecting fines and fees; it is therefore difficult to assess whether it effectively generates revenue at all. *See* Menendez et al., *supra* note 11, at 9 (describing the high costs of fines and fees). Thus, jurisdictions are encouraged to closely track these costs to determine whether fines and fees generate revenue.

probation officials regarding fines and fees; and to develop resources, such as bench books, to assist judges in performing their duties lawfully and effectively.

A.    <u>**Constitutional Principles Relevant to the Assessment and Enforcement of Fines and Fees**</u>

The basic constitutional principles relevant to the imposition and enforcement of fines and fees by state and local courts, which apply to both adults and youth,[13] are grounded in the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution. These principles, explained in subsequent sections below, are:

(1) The Eighth Amendment prohibits the imposition of fines and fees that are grossly disproportionate to the severity of the offense;

(2) The Fourteenth Amendment prohibits incarceration for nonpayment of fines and fees without first conducting an ability-to-pay determination and establishing that the failure to pay is willful;

(3) The Fourteenth Amendment requires the consideration of alternatives before incarcerating individuals who are unable to pay fines and fees;

(4) The Fourteenth Amendment prohibits the imposition of fines and fees that create conflicts of interest;

(5) The Fourteenth Amendment prohibits conditioning access to the judicial process on the payment of fees by individuals who are unable to pay;

(6) The Sixth and Fourteenth Amendments require due process protections, such as access to counsel in appropriate cases, as well as notice, when imposing and enforcing fines and fees; and

(7) The Fourteenth Amendment prohibits the imposition of fines and fees in a manner that intentionally discriminates against a protected class.

1.    **The Eighth Amendment prohibits the imposition of fines and fees that are grossly disproportionate to the severity of the offense.**

The Eighth Amendment prohibits imposing excessive fines. A fine is unconstitutionally excessive under the Eighth Amendment when it "is grossly disproportional to the gravity of the defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 336-37 (1998). In *Timbs v. Indiana*, the U.S. Supreme Court unanimously held that the Excessive Fines Clause is incorporated by the Fourteenth Amendment's Due Process Clause and is therefore applicable to the states. 139 S. Ct. 682, 687 (2019). The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'" *Austin v. United States*,

---

[13] As the U.S. Supreme Court has clearly held, "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." *In re Gault*, 387 U.S. 1, 13 (1967).

FILED DATE: 4/15/2024 12:00 AM    2022D009476

509 U.S. 602, 609-10 (1993) (quoting *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)).

When assessing fines and fees that are at least in part punitive, courts are required to consider the severity of the offense. *Bajakajian*, 524 U.S. at 336-37; *Austin*, 509 U.S. at 609-10. As part of this broader analysis, we recommend that courts also consider individuals' economic circumstances when assessing fines and fees. The U.S. Supreme Court in *Timbs* noted that the Magna Carta "required that economic sanctions . . . 'not be so large as to deprive [an offender] of his livelihood.'" 139 S. Ct. at 688 (second alteration in original) (quoting *Browning-Ferris*, 492 U.S. at 271). Some courts have required consideration of an individual's economic circumstances as part of the proportionality assessment.[14]

Regardless of whether it is constitutionally required, consideration of an individual's economic circumstances is a logical approach because fines and fees will affect individuals differently depending on their resources. When a person already cannot afford a basic need, such as housing, a fine or fee of any amount can be excessive in light of that person's circumstances, and thus may not be appropriate even if it were legally permitted.[15]

In addition, there are practical realities that weigh substantially against imposing fines and fees against youth. For example, minors are generally unable to earn the money needed to pay fines and fees because many are too young to legally work, are of compulsory school age or full-time students, have great difficulty obtaining employment due to having a juvenile or criminal record, or simply do not yet have employable skills typically expected of adults. As such, the imposition of any fine or fee on youth has the potential to be an excessive and unreasonable burden.[16]

---

[14] The Washington Supreme Court recently observed, "[a] number of modern state and federal courts have joined the chorus of legal scholars to conclude that the history of the clause and the reasoning of the Supreme Court strongly suggest that considering ability to pay is constitutionally required." *Seattle v. Long*, 493 P.3d 94, 112 (Wash. 2021); *see also, e.g., Dep't of Labor & Emp't v. Dami Hosp., LLC*, 442 P.3d 94, 101 (Colo. 2019) (History and precedent constitute "persuasive evidence that a fine that is more than a person can pay may be 'excessive' within the meaning of the Eighth Amendment."); *Commonwealth v. 1997 Chevrolet*, 106 A.3d 836, 871 (Pa. 2014) ("[T]he excessive fines analysis . . . requires . . . a thorough examination of every property owner's circumstances . . . .").

[15] Fining a person who is unhoused can destabilize that person and can further obstruct their ability to satisfy basic needs. Moreover, fining a person in such circumstances is likely ineffective. Unhoused individuals—who are unable to afford a place to live or sleep—are unlikely to be able to pay any fine or fee. *See* Jessica Mogk et al., *Court-Imposed Fines as a Feature of the Homelessness-Incarceration Nexus: A Cross-Sectional Study of the Relationship Between Legal Debt and Duration of Homelessness in Seattle, Washington, USA*, 42 J. Pub. Health e107 (2019), https://perma.cc/SP6Y-ZLEL (finding that unhoused adults with unpaid fines and fees were unhoused for longer periods of time than those with no legal debt, that fewer than one in four unhoused adults with debt from legal fines had ever made a payment on them, and that more than half of sentences imposed included a fine); *see also Blake v. City of Grants Pass*, No. 1:18-cv-01823, 2020 WL 4209227, at *11 (D. Or. July 22, 2020) (observing that unhoused people "do not have enough money to obtain shelter, so they likely cannot pay . . . fines"), *aff'd in part, vacated in part on other grounds sub nom. Johnson v. City of Grants Pass*, 50 F.4th 787 (9th Cir. 2022). Further, laws requiring the imposition of fines and fees against unhoused individuals for behaviors related to living unhoused—such as panhandling or sleeping in public—may violate the First Amendment or the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Martin v. Boise*, 920 F.3d 584, 617 (9th Cir. 2019) (holding that, "as long as there is no option of sleeping indoors, the government cannot [under the Cruel and Unusual Punishment Clause] criminalize indigent, homeless people for sleeping outdoors, on public property, on the false premise they had a choice in the matter"); *Norton v. City of Springfield*, 806 F.3d 411, 412-13 (7th Cir. 2015) (invalidating on First Amendment grounds an ordinance that restricted panhandling in the "downtown historic district").

[16] The Supreme Court has not expressly held that the Eighth Amendment's prohibitions against excessive fines and

FILED DATE: 4/15/2024 12:00 AM    2022D009476

FILED DATE: 4/15/2024 12:00 AM    2022D009476

**2.      The Fourteenth Amendment prohibits incarceration for nonpayment of fines and fees without first conducting an ability-to-pay determination and establishing that the failure to pay is willful.**

The due process and equal protection principles of the Fourteenth Amendment prohibit "punishing a person for his poverty." *Bearden v. Georgia*, 461 U.S. 660, 671 (1983). Thus, the U.S. Supreme Court has repeatedly held that the government may not incarcerate individuals solely because of their inability to pay a fine or fee. In *Bearden*, the Court explained that cases about equal access to justice involve both equal protection and due process principles, and they therefore require courts to conduct a "careful inquiry" that balances the individual's interests against the state's interests. *Id.* at 666-67. After conducting this inquiry, the Court prohibited the incarceration of an indigent probationer for failing to pay a fine despite bona fide efforts to do so because "[t]o do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine." *Id.* at 672-73. "Such a deprivation," the Court continued, "would be contrary to the fundamental fairness required by the Fourteenth Amendment." *Id.* at 673; *see also Tate v. Short*, 401 U.S. 395, 398 (1971) (holding that the state could not convert defendant's unpaid fine for a fine-only offense to incarceration because that would subject him "to imprisonment solely because of his indigency"); *Williams v. Illinois*, 399 U.S. 235, 241-42 (1970) (holding that an indigent defendant could not be imprisoned longer than the statutory maximum for failing to pay his fine). The U.S. Supreme Court reaffirmed this principle in *Turner v. Rogers*, 564 U.S. 431 (2011), holding that a court cannot jail a parent for failure to pay child support without providing adequate procedural safeguards to ensure consideration of the parent's ability to pay. *Id.* at 445-48.[17]

State and local courts have an affirmative duty to determine an individual's ability to pay and whether any nonpayment was willful before imposing incarceration as a consequence. *See Bearden*, 461 U.S. at 672 (holding that in probation revocation proceedings "for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay").[18] State and local courts should conduct this analysis even if a defendant does not specifically raise the issue. *See id.*

When assessing whether nonpayment was willful, the key question is whether the individual has made "sufficient bona fide efforts legally to acquire the resources to pay." *Bearden*,

---

fees apply with any greater force to youth. However, the Court has consistently recognized that, as a general matter, standards of culpability and punishment should apply differently in the juvenile context. *See Roper v. Simmons*, 543 U.S. 551, 575 (2005) (holding the death penalty disproportionate when imposed on youth); *Graham v. Florida*, 560 U.S. 48, 82 (2010) (sentencing a young person who committed a non-homicide offense to life without parole violates the Eighth Amendment); *Miller v. Alabama*, 567 U.S. 460, 465 (2012) (sentencing a young person to mandatory life imprisonment without parole violates the Eighth Amendment). Accordingly, and particularly in light of the policy considerations referenced above, the Department encourages state and local courts to seek alternatives to fines and fees when engaging youth.

[17] Based on these principles, the Department has determined that bail practices that result in pretrial incarceration based on poverty violate the Fourteenth Amendment. U.S. Amicus Br. at 16-19, *Daves v. Dallas Cnty.*, 22 F.4th 522 (5th Cir. 2022) (No. 18-11368); U.S. Amicus Br. at 18-20, *Walker v. City of Calhoun*, 901 F.3d 1245 (11th Cir. 2018) (No. 16-10521-HH); U.S. Amicus Br. at 17-21, *Walker v. City of Calhoun*, 682 F. App'x 721 (11th Cir. 2017) (No. 16-10521).

[18] Furthermore, Idaho's Supreme Court has held that, under *Bearden*, "a court must inquire into an individual's ability and efforts to pay a court-ordered fine before issuing a warrant . . . for failing to pay." *Beck v. Elmore Cnty. Magistrate Ct.*, 489 P.3d 820, 836 (Idaho 2021) (holding that magistrate court's failure to consider the defendant's ability to pay before issuing an arrest warrant for nonpayment of fines and fees violated the Fourteenth Amendment).

FILED DATE: 4/15/2024 12:00 AM    2022D009476

461 U.S. at 661-62, 672. In making ability-to-pay assessments, courts should rely on "criteria typically considered daily by sentencing courts throughout the land." *Id.* at 673 n.12. Historically, in undertaking this analysis, courts have not considered how an individual spends money, but have instead focused solely on whether the individual has sufficient income and financial resources to pay the fine at issue while still meeting basic needs. *See, e.g., Tate*, 401 U.S. at 396 n.1 (considering evidence at sentencing hearing that petitioner and his family were "poverty stricken," that he earned limited income in "casual employment" and received monthly federal benefits, and that his family relied on him for support in finding that petitioner could not afford fees); *see also* U.S. Sent'g Guidelines Manual § 5E1.2(d)(2) (directing courts to consider "earning capacity and financial resources" when assessing a defendant's ability to pay a fine); Consent Decree at 9, *McNeil v. Comm. Prob. Servs.*, No. 1:18-cv-00033 (M.D. Tenn. Jan. 13, 2022) (requiring that neither an individual's expenses nor the financial resources of her friends and family members be considered in determining ability to pay).

A willfulness determination must be fair and accurate. Due process requires that courts uniformly and consistently apply standards for making such determinations, such as notifying the defendant that their ability to pay will be considered by the court and providing a meaningful opportunity for the defendant to be heard regarding their ability to pay. *See Turner*, 564 U.S. at 447-48 (holding that such procedures are adequate safeguards against unrepresented parties being jailed based on an inability to make child-support payments).

Even independent of legal considerations, jurisdictions may also benefit from creating presumptions of indigency for certain classes of defendants—for example, those who are eligible for public benefits, unhoused, living below a certain income level, or serving a term of confinement. *See, e.g.*, R.I. Gen. Laws § 12-20-10(a), (b) (2022) (listing conditions considered "prima facie evidence of the defendant's indigency" and limited ability to pay, including but not limited to "[q]ualification for and/or receipt of" public assistance, disability insurance, and food stamps); Consent Decree at 9, *McNeil v. Comm. Prob. Servs.*, No. 1:18-cv-00033 (M.D. Tenn. Jan. 13, 2022) (committing the parties to presume indigence for individuals whose net household income falls below 200% of the federal poverty guidelines; who were eligible for appointed counsel in a criminal case; who are eligible to receive or have dependents who are eligible to receive aid from any federal or state public assistance program based on financial hardship; and/or who are unhoused). This approach is logical, as individuals who cannot afford to pay for their basic needs also cannot afford to pay fines and fees out of their already insufficient incomes. It also conserves court resources by removing the obligation to conduct duplicative ability to pay assessments. Similarly, jurisdictions should presume that children and youth are indigent and unable to pay fines and fees.[19] States are increasingly passing legislation or changing court rules to codify a presumption of indigence for minors.[20]

---

[19] *See, e.g.*, C.R. Div., U.S. Dep't of Just., Mem. of Agreement Regarding the Juv. Cts. of Memphis & Shelby Cnty. 9 (Dec. 17, 2012), https://perma.cc/MM49-G9GE (Under that agreement, children must be presumed indigent unless information to the contrary is provided to the juvenile court.).

[20] *See, e.g.*, Del. Code Ann. Tit. 29, § 4602(c) (West 2016) ("Any person under the age of 18 arrested or charged with a crime or act of delinquency shall be automatically eligible for representation by the Office of Defense Services."); La. Child. Code Ann. Art. 320(a) (2022) ("For purposes of the appointment of counsel, children are presumed to be indigent."); Mass. S.J.C. Rule 3:10(h)(iv) (2016) (defining as indigent "a juvenile, a child who is in the care or custody of the Department of Children and Families, or a young adult"); Mont. Code Ann. § 47-1-104 (4)(b)(ii)-(iii) (West 2013) (providing that every youth charged in delinquency proceedings "is entitled by law to the assistance of counsel at

FILED DATE: 4/15/2024 12:00 AM   2022D009476

Furthermore, we recommend that courts conduct a willfulness analysis and apply *Bearden*'s balancing framework before imposing other adverse consequences that implicate liberty or property interests on an indigent criminal defendant for nonpayment. As the U.S. Supreme Court has recognized, non-carceral penalties "may bear as heavily on an indigent accused as forced confinement." *See Mayer v. Chicago*, 404 U.S. 189, 197 (1971) (stressing that "[t]he collateral consequences of conviction may be even more serious"); *Bell v. Burson*, 402 U.S. 535, 539 (1971) (holding that driver's licenses "may become essential in the pursuit of a livelihood"). Although some courts have declined to apply *Bearden* itself outside of the incarceration context, extending the *Bearden* guarantees to other serious adverse consequences will avoid depriving people of their liberty and property interests based on no fault of their own. *See Mendoza v. Strickler*, 51 F.4th 346, 357 (9th Cir. 2022) (observing that *Bearden* and related cases "address[] only the limitations on imposing subsequent or additional *incarceration* on those unable to pay their fines"); *Jones v. Governor of Florida*, 975 F.3d 1016, 1032 (11th Cir. 2020) (en banc) ("The Supreme Court has never extended *Bearden* beyond the context of poverty-based *imprisonment*."). In addition, some courts have held that individuals should not be required to complete extended terms or more burdensome conditions of supervision solely because of their inability to pay fees.[21] Other courts have similarly held that individuals should not be barred from participating in or completing a diversion program, be subjected to more onerous conditions for participating in a diversion program, or have a diversion program extended because they cannot pay fees.[22]

---

public expense regardless of the person's financial ability to retain private counsel"); N.C. Gen. Stat. Ann. § 7b-2000(b) (West 2001) ("All juveniles shall be conclusively presumed to be indigent, and it shall not be necessary for the court to receive from any juvenile an affidavit of indigency."); Ohio Admin. Code 120-1-03(B)(4) (2017) ("An applicant is presumed indigent and thus entitled to the appointment of counsel at state expense [when] [t]he applicant is a child . . . . In determining the eligibility of a child for appointed counsel, the income of the child's parent, guardian, or custodian shall not be considered."); 42 Pa. Stat. and Cons. Stat. Ann. § 6337.1(b)(1) (West 2012) ("In delinquency cases, all children shall be presumed indigent."); Vt. Stat. Ann. Tit. 13, § 5238(g) (West 2016) (While nearly all potential defendants are evaluated to determine whether they should pay a co-payment or reimburse the state for publicly-funded legal counsel, the statute provides that "[a] juvenile shall not be ordered to pay any part of the cost of representation."); Wash. Rev. Code Ann. § 13.40.140(2) (West 2022) (While a youth's family's ability to pay will be assessed, "[t]he ability to pay part of the cost of counsel does not preclude assignment [and] [i]n no case may a juvenile be deprived of counsel because of a parent, guardian, or custodian refusing to pay."); Wis. Stat. Ann. § 938.23(1m)(a), (4) (West 2016) (providing a right to counsel to all youth charged with delinquency or held in detention, and providing that "[i]f a [child] has a right to be represented by counsel or is provided counsel at the discretion of the court under this section and counsel is not knowingly and voluntarily waived, the court shall refer the [child] to the state public defender and counsel shall be appointed by the state public defender . . . without a determination of indigency").

[21] *See, e.g.*, *McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-CV-00033, 2021 WL 366776, at *28 (M.D. Tenn. Feb. 3, 2021) ("In the Court's view, *Bearden* applies to the restrictions on the liberty interests identified by Plaintiffs for those on supervised probation, including the requirement that they report regularly to [Community Probation Services], submit to drug tests (for which they are charged), refrain from traveling or moving freely, and the risk they will be arrested and/or jailed for alleged violations of conditions. This loss of liberty allegedly is not imposed (at least to the same extent) on those who are moved to unsupervised probation because they have the means to pay off the amounts owed."); *Rodriguez v. Providence Cmty. Corr., Inc.*, 191 F. Supp. 3d 758, 775, 775-76 (M.D. Tenn. 2016) (applying *Bearden* to the imposition of onerous requirements and extended supervision terms on probationers).

[22] *See, e.g.*, *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 2515950, at *10-13 (D. Ariz. June 18, 2019) (applying *Bearden*'s principles to the imposition of longer supervision terms and more onerous conditions on diversion participants who cannot afford to pay fees); *Mueller v. State*, 837 N.E.2d 198, 201-05 (Ind. Ct. App. 2005) (applying the *Bearden* framework to find that a criminal defendant's exclusion from a diversion program because she could not pay a fee violated the Fourteenth Amendment).

8

FILED DATE: 4/15/2024 12:00 AM   2022D009476

### 3. The Fourteenth Amendment requires the consideration of alternatives before incarcerating individuals who are unable to pay fines and fees.

Before an individual is incarcerated for a non-willful failure to pay a financial obligation, the Fourteenth Amendment requires a careful inquiry into factors such as the individual interest at stake, the extent to which the consequence imposes upon that interest, the rationality of the connection between the consequence and the state's interests, and whether "alternate measures" are "adequate to meet the State's interests." *See Bearden*, 461 U.S. at 666-67, 672.

We further recommend that, in the context of nonpayment of fines or fees due to inability to pay, state and local courts consider alternatives before imposing adverse consequences that implicate liberty or property interests. It is the position of the United States that imposing certain serious adverse consequences for failure to pay an unaffordable fine or fee, where alternative approaches could serve the government's interests, violates the Fourteenth Amendment. *See, e.g.*, U.S. Statement of Interest at 17-18, *Stinnie v. Holcomb*, No. 3:16-CV-00044 (W.D. Va. Nov. 7, 2016), U.S. Statement of Interest (Doc. 27) at 17-18 (arguing that automatically suspending drivers' licenses for unpaid fines was unconstitutional because there were alternative means of serving the state's interests); *see also* Section A.2, *supra*; *cf.* U.S. Amicus Br. at 19, *Daves*, *supra* (No. 18-11368) (quoting *Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir. 1978) (en banc)) (concluding that the government cannot detain individuals for failure to pay an unaffordable bail amount absent a finding that alternatives would not adequately protect the government's interests in public safety and ensuring appearance at trial). States and localities should consider—at least as a best practice—requiring a factfinder to reach a reasoned determination that alternatives to a contemplated adverse consequence are inadequate to meet the State's interests in securing payment before penalizing individuals for their inability to pay.

As a best practice, jurisdictions should consider collecting fines and fees by, for instance, adopting penalty-free payment plans, offering amnesty periods during which individuals can have warrants cancelled and fees waived, or connecting individuals who cannot afford to pay fines and fees with workforce development and financial counseling programs.[23] These alternatives are likely to serve a jurisdiction's interest in ensuring payment of fines and fees better than incarceration or other adverse consequences. As the Court in *Bearden* observed,

> given the general flexibility of tailoring fines to the resources of a defendant, or even permitting the defendant to do specified work to satisfy the fine . . . a sentencing court can often establish a reduced fine or alternative public service in lieu of a fine that adequately serves the State's goals of punishment and deterrence . . . .

461 U.S. at 672. Further, where appropriate, jurisdictions may also consider waiving or reducing the debt of a person unable to pay the debt. Jurisdictions can also consider alternatives to imposing punitive financial obligations in the first place. Alternatives could include, for example, requiring an individual to attend traffic or public safety classes, or imposing community service. Indeed, a

---

[23] *See, e.g.*, City of Montgomery, *Amnesty Days*, https://perma.cc/VS6T-B8K7 (last visited Apr. 18, 2023); *see also* Justin Ove, *City of Atlanta Municipal Court Announces Warrant Amnesty Program*, Patch.com (Feb. 10, 2015), https://perma.cc/UBX8-67KT.

FILED DATE: 4/15/2024 12:00 AM    2022D009476

number of jurisdictions have codified consideration of alternatives as a requirement into state law.[24]

Importantly, however, states and local governments should be mindful that these alternatives can, under certain circumstances, inadvertently impose greater penalties on those who are economically disadvantaged. For example, a payment plan might still unnecessarily penalize a low-income person for their poverty if the plan imposes onerous user fees or interest. Debts that are sold to third-party debt collectors can have a significant impact on credit scores, in turn affecting employment and housing opportunities. In addition, individuals' financial circumstances may change over the duration of a payment plan. Providing a mechanism for individuals to seek reductions in their monthly obligations in light of changed circumstances helps to protect against violations of individuals' Fourteenth Amendment rights.[25]

As a practical matter, the imposition of seemingly non-financial obligations may still result in indirect financial obligations. For example, while community service could be an alternative to payment for adults or youth, it could nevertheless exact a financial consequence if individuals are required to pay costs for participation, take unpaid leave from their jobs, pay for childcare, or miss educational opportunities to fulfill it. The same may be true for alternatives to adverse consequences that involve education, substance abuse and mental health counseling, and other programs. Public policy considerations counsel in favor of courts recognizing such obligations, particularly in considering whether an individual has an inability versus an unwillingness to comply. In the case of minors, any community-service obligations should be designed to avoid undermining treatment, services, fulfillment of other court-ordered conditions, compulsory school attendance, or educational and vocational attainment.

### 4. The Fourteenth Amendment prohibits the imposition of fines and fees that create conflicts of interest.

The Due Process Clause of the Fourteenth Amendment "entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). Accordingly, in *Tumey v. Ohio*, 273 U.S. 510 (1927), the U.S. Supreme Court held that a defendant is denied due process if the judge deciding the case has a "direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case." *Id.* at 523. Based on that standard, the Court in *Tumey* held that a mayor who also served as a judge was not a neutral decisionmaker because fines that he imposed supplemented his salary and generated revenue for his town. *Id.* at 531-32. Similarly, in *Ward v. Village of Monroeville*, 409 U.S. 57 (1972), the Court held that a mayor who also served as judge was not a neutral decisionmaker because fines and fees

---

[24] *See, e.g.*, Ga. Code Ann. § 42-8-102(f)(4)(A) (2021) (providing that for "failure to report to probation or failure to pay fines, statutory surcharges, or probation supervision fees, the court shall consider the use of alternatives to confinement, including community service"); Tex. Code Crim. Proc. Ann. 42.15 (West 2021) (When the court determines that "the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs" the court can determine whether the fine and costs should be "paid at some later date or in a specified portion at designated intervals; . . . discharged by performing community service . . . ; waived in full or in part . . . ."); *see also Tate*, 401 U.S. at 400 n.5 (discussing ineffectiveness of fine payment plans and citing examples from several states).

[25] *See* Fines and Fees Just. Ctr., *First Steps Toward More Equitable Fines and Fees Practices: Policy Guidance on Ability to Pay Assessments, Payment Plans and Community Service* (2020), https://perma.cc/W4BH-RJUX.

10

FILED DATE: 4/15/2024 12:00 AM    2022D009476

that he assessed accounted for a major portion of the village's revenue and he was personally and solely accountable to the village council for the village budget. *Id.* at 58, 60.

Due process also bars conflicts where an institutional financial interest in the outcome of a case gives rise to a significant personal interest for the judge, even when there is no prospect of personal financial gain. For example, in *Cain v. White*, 937 F.3d 446, 451 (5th Cir. 2019), the court held that parish judges were not neutral decisionmakers because they oversaw collection of fines and fees that funded a substantial portion of a judicial expense fund they administered and that supported the salaries of judicial staff and other court expenses. Similarly, in *Caliste v. Cantrell*, 937 F.3d 525, 531-32 (5th Cir. 2019), the court held that a judge violated the defendants' due process right to a neutral decisionmaker by both setting bail and administering a similar judicial expense fund financed in substantial part by fees assessed on commercial security bonds typically used by the defendants to make bail.[26]

Fines and fees collected by courts or other officials who enforce the law generally do not raise conflict-of-interest concerns, however, if those fines and fees are not paid directly to the officials in question. In *Dugan v. Ohio*, 277 U.S. 61, 65 (1928), the U.S. Supreme Court found permissible a mayor's participation on a judicial commission when the fines assessed by the commission were deposited into the same general fund from which the mayor's salary was paid, but where the mayor's salary was not dependent on a conviction in any specific commission matter. A key factor in the Court's analysis was the remoteness of the effect of any individual commission decision on the mayor's salary. *See also Mobility Workx, LLC v. Unified Pats., LLC*, 15 F.4th 1146, 1154 (Fed. Cir. 2021); *Del. Riverkeeper Network v. Fed. Energy Regul. Comm'n*, 895 F.3d 102, 112 (D.C. Cir. 2018).

As the Department has previously observed, "[c]ourts, prosecutors, and police should be driven by justice—not revenue." U.S. Statement of Interest (Doc. 56) at 1, *Coleman v. Town of Brookside*, No. 2:22-cv-00423-RDP (N.D. Ala. July 26, 2022). It may interfere with an official's neutrality, raising due process concerns, if the official's imposition of fines or fees affects the amount of his or her compensation. The cases cited above establish that the Fourteenth Amendment bars judges from deciding cases where their decision-making may be distorted by direct, personal, substantial pecuniary interests. The Department has taken the position that due process protections also apply when the disposition of fines creates a personal interest in the outcome of an enforcement proceeding for other officials who enforce the law, including police, prosecutors, and probation officers. *See id.* at 10-11; *see also Marshall*, 446 U.S. at 249-50 (holding that the due process neutrality requirement applies to enforcement agents). Several courts have applied the neutrality requirement to private probation companies, individual probation officers, law enforcement officials, and county attorneys.[27]

---

[26] *See also* Order Denying Mot. to Dismiss (Doc. 80) at 14-15, *Coleman v. Town of Brookside*, No. 2:22-cv-00423-AMM (N.D. Ala. Mar. 23, 2023) (explaining that both personal and institutional conflicts of interest may contravene the federal Constitution).

[27] *See Brucker v. City of Doraville*, 38 F.4th 876, 887-88 (11th Cir. 2020) (explaining that the Fourteenth Amendment's due process requirements for conflicts of interest apply to law enforcement officers and prosecutors); *Harper v. Pro. Prob. Servs. Inc.*, 976 F.3d 1236, 1244 (11th Cir. 2020) (holding that a private probation company "was not impartial because its revenue depended directly and materially on whether and how it made sentencing decisions"); *McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-CV-00033, 2021 WL 366776, at *18-25 (M.D. Tenn. Feb. 3, 2021) (denying a motion to dismiss due process claim where the plaintiffs alleged that the contract between a county and private

FILED DATE: 4/15/2024 12:00 AM    2022D009476

5.  **The Fourteenth Amendment prohibits conditioning access to the judicial process on the payment of fees by individuals who are unable to pay.**

The Fourteenth Amendment prohibits conditioning access to the judicial process on the payment of fees such as court costs.[28] *See M.L.B. v. S.L.J.*, 519 U.S. 102, 119-24 (1996) (holding that Mississippi statutes that conditioned an indigent mother's right to appeal a judgment terminating her parental rights on prepayment of costs violated equal protection and due process); *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971) (holding that due process bars states from conditioning access to compulsory judicial process on the payment of court fees by those unable to pay); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (plurality opinion) ("There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay the costs in advance."); *see also Tucker v. City of Montgomery Bd. of Comm'rs*, 410 F. Supp. 494, 502 (M.D. Ala. 1976) (holding that the conditioning of an appeal on payment of a bond violates indigent prisoners' equal protection rights and "has no place in our heritage of Equal Justice Under Law" (quoting *Burns v. Ohio*, 360 U.S. 252, 258 (1959))).[29]

Fines and fees assessed by courts are often incorrectly framed as a routine administrative matter. For example, a motorist who is arrested for driving with a suspended license may be told that the penalty for the citation is $300 and that a court date will be scheduled only upon the payment of $300 (sometimes referred to as a prehearing "bond" or "bail" payment). Courts most commonly impose these payment requirements on defendants who have failed to appear, depriving those defendants of the opportunity to establish good cause for missing court. However, regardless of the charge, predicating indigent individuals' access to a hearing, to counsel, or other judicial process on the payment of costs can deprive those without financial resources of access to justice and potentially violate their rights.[30]

---

probation company provided that the company's sole compensation came from fines and fees it collected from probationers); *Flora v. Sw. Iowa Narcotics Enf't Task Force*, 292 F. Supp. 3d 875, 903-05 (S.D. Iowa 2018) (denying summary judgment on due process claim against a narcotics task force, law enforcement officers, and county attorneys whose departments were funded in part by assets seized for forfeiture); *Harjo v. City of Albuquerque*, 326 F. Supp. 3d 1145, 1195 (D.N.M. 2018) (finding "a realistic possibility that the forfeiture program prosecutors' judgment will be distorted, because in effect, the more revenues the prosecutor raises, the more money the forfeiture program can spend").

[28] Courts can, however, limit access to courts, including by requiring payment of fees, in many circumstances as a penalty for litigation conduct or to deter frivolous filings. *See, e.g., Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316-19 (3d Cir. 2001) (discussing Prison Litigation Reform Act's three-strikes rule); *Williams v. Adams*, 660 F.3d 263, 265-67 (7th Cir. 2011).

[29] The U.S. Supreme Court reaffirmed this principle in *Little v. Streater*, 452 U.S. 1, 16-17 (1981), when it prohibited conditioning indigent persons' access to blood tests in adversarial paternity actions on payment of a fee.

[30] Courts might also inappropriately impose fees that burden access to counsel. Depending on the jurisdiction, this can include fees for submitting an application for court-appointed counsel, fees for the court to process that application and appoint counsel, and fees for representation by the court-appointed counsel. As youth generally do not have financial resources independent from their parents or guardians, and cannot compel the adults to pay, predicating access to and services of counsel on payment of fees seriously risks youth being subjected to the unconstitutional denial of counsel. Nat'l Juv. Def. Ctr., *Access Denied: A National Snapshot of States' Failure to Protect Children's Right to Counsel* 22-23 (2017), https://perma.cc/85RZ-49T6; Fines and Fees Just. Ctr., *At What Cost? Findings from an Examination into the Imposition of Public Defense System Fees* (2022), https://perma.cc/6X33-YPD9.

FILED DATE: 4/15/2024 12:00 AM   2022D009476

**6.     The Sixth and Fourteenth Amendments require due process protections, such as access to counsel in appropriate cases, as well as notice, when imposing and enforcing fines and fees.**

Defendants may have the right to be represented by counsel in certain fines and fees enforcement cases. Failing to appear or to pay outstanding fines or fees can result in incarceration, whether through criminal charges or criminal contempt, a suspended sentence, or civil contempt proceedings. The Sixth Amendment requires that a defendant be provided the right to counsel in at least any criminal proceeding that may result in incarceration, *Scott v. Illinois*, 440 U.S. 367, 373 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), and it forbids imposition of a suspended jail sentence on a probationer who was not afforded a right to counsel when originally convicted and sentenced, *Alabama v. Shelton*, 535 U.S. 654, 662 (2002). Under the Fourteenth Amendment, defendants likewise may be entitled to counsel in civil contempt proceedings for failure to pay fines or fees where incarceration is a possible penalty. *See Turner*, 564 U.S. at 446-48 (holding that, although there is no automatic right to counsel in civil contempt proceedings for nonpayment of child support, due process is violated when neither counsel nor adequate alternative procedural safeguards are provided to prevent incarceration for inability to pay).[31] The Fourteenth Amendment's Due Process Clause also guarantees youth the right to counsel in juvenile proceedings, irrespective of any affirmative request. *In re Gault*, 387 U.S. 1, 38-41 (1967). Where a right to counsel exists, that right cannot be conditioned on a defendant's payment of fines or fees that the defendant lacks the ability to pay. *Fuller v. Oregon*, 417 U.S. 40, 52-53 (1974).

Further, a cornerstone of the Fourteenth Amendment's Due Process Clause is constitutionally adequate notice. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314-15 (1950). As the Court noted in *Mullane*, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. This core constitutional principle has been applied in cases involving minor offenses. *See, e.g.*, *Remm v. Landrieu*, 418 F. Supp. 542, 548 (E.D. La. 1976) (finding city towing ordinance unconstitutional "insofar as it authorizes the assessment of towing fees and storage charges without notice and the opportunity for a hearing").[32]

As a best practice, courts should ensure that individuals are provided with access to counsel in appropriate cases involving fines and fees, including, as discussed above, in proceedings that may result in incarceration and in juvenile proceedings. We recommend that courts undertake measures to ensure that individuals actually receive the citations and summonses intended for them, and adequately inform individuals of the precise charges against them, the amount they owe or other possible penalties, the date of their court hearing, the availability of alternate means of

---

[31] The Supreme Court's ruling in *Turner* that the right to counsel is not automatic was limited to contempt proceedings arising from failure to pay child support to a custodial parent who is unrepresented by counsel. *See* 564 U.S. at 446-48. The Court explained that recognizing such an automatic right in that context "could create an asymmetry of representation." *Id.* at 447. The Court distinguished those circumstances from civil contempt proceedings to recover funds due to the government, which "more closely resemble debt-collection proceedings" in which "[t]he government is likely to have counsel or some other competent representative." *Id.* at 449.

[32] *But see Goichman v. City of Aspen*, 859 F.2d 1466, 1468-69 (10th Cir. 1988) (holding that no additional hearing beyond one to adjudicate underlying parking violation was required by due process to determine validity of local towing and impoundment procedures).

FILED DATE: 4/15/2024 12:00 AM   2022D009476

payment, the rules and procedures of court, their rights as a litigant, and whether they must appear in person. Gaps in this vital information can make it difficult, if not impossible, for individuals to fairly and expeditiously resolve their cases. Inadequate notice can have a cascading effect, resulting in the individual's failure to appear and leading to the imposition of significant penalties in possible violation of an individual's due process rights.

**7.     The Fourteenth Amendment prohibits the imposition of fines and fees in a manner that intentionally discriminates against a protected class.**

The Fourteenth Amendment's Equal Protection Clause prohibits state action that results in a discriminatory effect against a protected class when that state action is motivated, in whole or part, by a discriminatory purpose. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-67 (1977); *Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Importantly, a consistent pattern of racial disparities can, itself, serve as evidence of discriminatory purpose. *See Reno v. Bossier Par. Sch. Bd.*, 520 U.S. 471, 487 (1997) ("[T]he impact of an official action is often probative of why the action was taken in the first place."). Thus, efforts to collect fines and fees that have a discriminatory effect on members of a particular race—yielding, for example, racially disproportionate stops and citations—may constitute evidence that, in combination with other evidence, could support a finding of intentional discrimination. *See, e.g.*, C.R. Div., U.S. Dep't of Just., *Investigation of the Ferguson Police Department* (Mar. 4, 2015), https://perma.cc/7QR3-BRLD (finding that Ferguson's failure to evaluate or correct its approach to raising revenue through fines and fees despite its disproportionate impact on Black residents constituted evidence of intentional discrimination in violation of the Fourteenth Amendment); *see also Nguyen v. La. State Bd. of Cosmetology*, 236 F. Supp. 3d 947, 953-56 (M.D. La. 2017) (denying defendants summary judgment on equal protection claims alleging fines imposed on nail salons discriminated on the basis of race). *Cf. Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) ("'Discriminatory purpose' . . . implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." (citation omitted)).

Even in the absence of intentional discrimination, we recommend that courts and other state actors carefully consider whether their collection of fines and fees have disproportionate effects based on race or another protected characteristic. For example, courts should consider whether certain fines and fees practices, such as debt-based driver's license suspensions, disproportionately affect people of color.[33] Effective alternatives to these practices may better ensure that states and

---

[33] *See, e.g.*, C.R. Corps, *The Fiscal Impact of Debt-Based Driver's License Suspensions* (2021), https://perma.cc/M8DL-DW6X (summarizing research in numerous states and concluding that debt-based driver's license suspension is ineffective and counterproductive to debt collection); Stephanie Seguino et al., *Trends in Racial Disparities in Vermont Traffic Stops, 2014-19*, at 2-3 (Jan. 2021), https://perma.cc/FL4V-RC4Q; Emma Pierson et al., *A large-scale analysis of racial disparities in police stops across the United States*, 4 Nature Human Behaviour 736 (2020), https://perma.cc/4W29-V7RN; N.Y. Law Sch. Racial Just. Project, *Driving While Black and Latinx: Stops, Fines, Fees, and Unjust Debts* 9 (Feb. 2020), https://perma.cc/HZ9Y-WBBH; Am. Bar Ass'n, *Unpaid Court Fees and Fines: License Suspensions Can't Be the Answer* (Jul. 27, 2020), https://perma.cc/BH9A-GDX4 (concluding that debt-based license suspensions are counterproductive because they often render individuals unable to work and place individuals at risk of incurring additional fines and fees that they cannot pay if they drive while their license is suspended); The Sent'g Project, *Report to the United Nations on Racial Disparities in the U.S. Criminal Justice System* (Apr. 19, 2018), https://perma.cc/97LF-HV2U; Findings, Stanford Open Policing Project, https://perma.cc/W839-7NBD; *see also* William E. Crozier & Brandon L. Garrett, *Driven to Failure: An Empirical Analysis of Driver's License Suspension in North Carolina*, 69 Duke L.J. 1585, 1606 (2020), https://perma.cc/V4SD-DKYM.

FILED DATE: 4/15/2024 12:00 AM    2022D009476

localities do not inequitably burden members of protected classes.[34]

* * * * *

The Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601 (Section 12601), makes it unlawful for law enforcement officers to engage in a pattern or practice of conduct that violates the U.S. Constitution or federal law, including, under certain circumstances, the unconstitutional or unlawful imposition and enforcement of fines and fees. Accordingly, failure by jurisdictions to comply with the constitutional and legal requirements described in this letter might expose them to civil enforcement actions by the Department. For example, under its Section 12601 authority, the Department entered into a consent decree with the City of Ferguson, Missouri, that required the City to rectify its allegedly unconstitutional fines and fees practices by, among other things: (1) considering ability to pay in assessing and enforcing fines and fees; and (2) implementing an amnesty program for individuals previously subjected to unconstitutional fines and fees practices.[35]

With respect to youth in particular, the Department has utilized its Section 12601 authority to enforce the rights of those involved in the juvenile justice system through a comprehensive settlement with Shelby County, Tennessee,[36] following the Department's findings of serious and systemic failures in the juvenile court that violated the due process and equal protection rights of system-involved youth.[37] Similarly, the Department has enforced the rights of minors in St. Louis County Family Court after finding systemic violations of their rights under the Due Process and Equal Protection Clauses.[38]

We also note that the courts' obligation to comply with these principles extends to activities carried out by court staff and private contractors on the courts' behalf. In many courts, especially those adjudicating strictly minor or local offenses, the judge or magistrate may preside for only a few hours or days per week, while most court business is conducted by clerks or probation officers (including private contractors) outside of court sessions. As a result, clerks and other court staff are sometimes tasked with conducting indigency inquiries, determining bond amounts, issuing arrest warrants, and other critical functions—often with only perfunctory review by a judicial officer or no review at all. Without adequate judicial oversight, there is no reliable means of ensuring that these tasks are performed consistent with due process and equal protection requirements. Regardless of the size of the docket or the limited hours of the court, judges must ensure that the law is followed by all staff and private contractors to preserve "both the appearance and reality of

---

[34] For example, the Policy Advocacy Clinic at the School of Law at the University of California at Berkeley analyzed data on the allocation of fines and fees on juveniles in Alameda County, California, and found that Black youth were overrepresented at each step in the juvenile justice system, exposing them to significantly higher fees. Jeffrey Selbin & Stephanie Campos, *High Pain, No Gain: How Juvenile Administrative Fees Harm Low-Income Families in Alameda County, California* (Mar. 2016), https://perma.cc/RBP4-Z8ZF. Other research has shown that having unpaid monetary sanctions after case closing led to higher recidivism, and that youth of color were more likely to have unpaid monetary sanctions than their white peers. Piquero & Jennings, *supra* note 11, using a sample of over 1,000 youth.

[35] Consent Decree (Doc. 41) at 79-80, 83-84, *United States v. City of Ferguson*, No. 4:16-cv-180 (E.D. Mo. Apr. 19, 2016).

[36] Mem. of Agreement Regarding the Juv. Ct. of Memphis & Shelby Cnty., *supra* note 19.

[37] C.R. Div., U.S. Dep't of Just., Investigation of the Shelby Cnty. Juv. Ct. (Apr. 26, 2012), https://perma.cc/ZQ46-Y3XQ.

[38] C.R. Div., U.S. Dep't of Just., Mem. of Agreement Between the U.S, Dep't of Just. and the St. Louis Cnty. Fam. Ct. (Dec. 14, 2016), https://perma.cc/ZCN6-JTKA.

FILED DATE: 4/15/2024 12:00 AM   2022D009476

fairness, generating the feeling, so important to a popular government, that justice has been done." *Marshall*, 446 U.S. at 242 (citation and internal quotation marks omitted); *see also* Model Code of Judicial Conduct, Canon 2, Rules 2.2, 2.5, 2.12 (Am. Bar Ass'n 2020).

**B.**     **Obligations Under Title VI of the Civil Rights Act of 1964 and the Omnibus Crime Control and Safe Streets Act of 1968**

Recipients of federal financial assistance, including court systems, must also comply with statutory prohibitions against discrimination in the imposition of fines and fees.[39] In particular, courts must be cognizant of their obligations under Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d *et seq.*, and its implementing regulations, 28 C.F.R. § 42.101 *et seq.*, as well as under the Omnibus Crime Control and Safe Streets Act of 1968 (Safe Streets Act), 34 U.S.C. § 10228(c)(1) (nondiscrimination provision); 28 C.F.R. pt. 42, subpt. D.[40] Title VI and its implementing regulations prohibit race, color, and national origin discrimination in the delivery of services or benefits by recipients of federal financial assistance.[41] Recipients of funds covered by the Safe Streets Act, which is modeled on Title VI, must not discriminate based on race, color, national origin, religion, or sex.[42]

For example, Title VI and the Safe Streets Act prohibit discrimination based on national origin, such that state court systems and other federal funding recipients are required to take reasonable steps to provide meaningful access to individuals who are limited English proficient (LEP), including youth and their families, in their programs or activities.[43] *See* U.S. Dep't of Just.,

---

[39] For example, Title II of the Americans with Disabilities Act (ADA) and its implementing regulations prohibit state and local government entities, including court systems, from discriminating based on disability in their programs, services, and activities. 42 U.S.C. § 12132; 28 C.F.R. pt. 35. Among other things, covered entities must provide people with disabilities an equal opportunity to participate in or benefit from an aid, benefit, or service, and must make reasonable modifications to avoid discrimination based on disability unless the covered entity can demonstrate that making such modifications would fundamentally alter the nature of its service, program, or activity. 28 C.F.R. § 35.130(b)(1), (b)(7). Covered entities must also take appropriate steps to ensure that communications with people with disabilities are as effective as communications with others. 28 C.F.R. § 35.160(a)(1). Similarly, Section 504 of the Rehabilitation Act prohibits recipients of federal financial assistance from discriminating solely by reason of disability in their programs and activities. 29 U.S.C. § 794.

[40] Unlike Title VI, which generally applies to all recipients of federal financial assistance, the nondiscrimination provision of the Safe Streets Act only applies to recipients of certain federal financial assistance from the Department. Recipients of financial assistance from the Department should also be aware of their obligations to comply with the nondiscrimination provisions in certain Department program statutes. This includes (1) the Juvenile Justice and Delinquency Prevention Act of 1974, as amended, and its implementing regulations, 34 U.S.C. § 11182(b), 28 C.F.R. pts. 31 & 42; (2) the Victims of Crime Act of 1984, as amended, and its implementing regulations, 34 U.S.C. § 20110(e), 28 C.F.R. § 94.114; and (3) the Violence Against Women Act of 1994, as amended 34 U.S.C. § 12291(b)(13).

[41] *See generally* C.R. Div., U.S. Dep't of Just., *Title VI Legal Manual*, https://perma.cc/XNC5-2HLL  (hereinafter *Title VI Legal Manual*). In addition to prohibiting intentional discrimination, Title VI and the nondiscrimination provisions of the Safe Streets Act also bar recipients of federal financial assistance, including court systems, from implementing otherwise neutral policies and practices that, although not adopted with the intent to discriminate, nonetheless have an unjustified effect of discriminating against individuals on the basis of race, color, or national origin. The legal framework for this type of discriminatory effects claim under Title VI and the Safe Streets Act is akin to the burden-shifting analysis of an employment discrimination claim under Title VII of the Civil Rights Act of 1964. *See, e.g., N.Y. Urb. League, Inc. v. New York*, 71 F.3d 1031, 1036 (2d Cir. 1995) (per curiam). *See* 28 C.F.R. § 42.104(b)(2); *Title VI Legal Manual*, at sec. VII.

[42] 28 C.F.R. § 42.203(e).

[43] *See, e.g., Lau v. Nichols*, 414 U.S. 563, 568-69 (1974).

FILED DATE: 4/15/2024 12:00 AM    2022D009476

Guidance to Federal Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons, 67 Fed. Reg. 41455 (June 18, 2002) (hereinafter "DOJ LEP Guidance"); *see also* C.R. Div., U.S. Dep't of Just., "Communication with Courts Regarding Language Access" (Aug. 2008, republished 2018).[44]

In order to meet their statutory obligations, courts must, for instance, provide appropriate language assistance services to LEP individuals in connection with assessment and collection of fines and fees. Such assistance includes, but is not limited to, ensuring that court users with LEP have competent interpreting and translation services during all related hearings, trials, and motions, *see* DOJ LEP Guidance, 67 Fed. Reg. at 41471, provided at no cost. Meaningful language assistance is crucial, both within and beyond the fines and fees context.[45]

Title VI and the Safe Streets Act require recipients of federal funds, as a condition of receiving financial assistance, to contractually agree that they will comply with federal civil rights statutes.[46] Court systems receiving federal financial assistance that do not comply with Title VI or Safe Streets Act requirements might be subject to civil enforcement actions by the Department.[47] The Department has the authority to review and investigate recipients of its federal financial assistance.[48] The Department expects its funding recipients, including courts, to cooperate with investigations and, upon request, to provide records[49] that will enable the Department to ascertain

---

[44] U.S. Dep't of Just., *Communication with Courts Regarding Language Access*, https://perma.cc/5XN3-SNJE. Failure to provide meaningful language access in criminal proceedings also implicates constitutional rights. *See, e.g.*, *United States v. Cirrincione*, 780 F.2d 620, 634 (7th Cir. 1985) ("We hold that a defendant in a criminal proceeding is denied due process when: (1) what is told him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to him in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact."). Several circuits have held that a defendant whose fluency in English is so impaired that it interferes with his right to confrontation or his capacity, as a witness, to understand or respond to questions has a constitutional right to an interpreter. *United States ex rel. Negron v. New York*, 434 F.2d 386, 389 (2d Cir. 1970); *see also United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) ("While these cases have often been concerned with the role of interpreters in helping a defendant to understand those who testify against him, and hence have focused on the Sixth Amendment right to confront witnesses, the withdrawal of an interpreter whose assistance has been enlisted in order that the defendant may deliver his own testimony clearly implicates the defendant's Fifth Amendment right to testify on his own behalf."); *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir. 1980) (per curiam); *United States v. Carrion*, 488 F.2d 12, 14 (1st Cir. 1973) (per curiam); *Ling v. State*, 702 S.E.2d 881, 884 (Ga. 2010).

[45] The Department has worked with state courts across the country to improve their language access services. *See* U.S. Dep't of Just., *State Courts*, https://perma.cc/747D-TUA7 (last visited Apr. 18, 2023).

[46] *See* 28 C.F.R. § 42.105 (describing assurances required of federal financial assistance recipients). The Department has the right to access pertinent records, personnel, and other information from its funding recipients. *See, e.g.*, Department of Justice Certified Standard Assurances ¶¶ 4, 7, https://perma.cc/GMS3-BR5Z; 34 U.S.C. § 10230; 28 C.F.R. § 42.106; 2 C.F.R. § 200.337(a); 28 C.F.R. § 42.105(a)(1) (requiring that every application for federal financial assistance from the Department include an assurance that the program will be conducted in compliance with all of the requirements of Title VI, as a condition of its approval).

[47] 28 C.F.R. § 42.101 *et seq*. (Title VI); 28 C.F.R. pt. 42, subpt. D (Safe Streets Act).

[48] Other federal agencies that administer federal financial assistance can also make referrals to the Department for administrative investigation and judicial enforcement regarding their programs or activities. *See, e.g.*, 28 C.F.R. § 50.3.

[49] *See* 28 C.F.R. § 42.106(b) ("Each recipient shall keep such records and submit to the responsible Department official or his designee timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the responsible Department official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with [the Title VI regulations]."). The Department's Safe Streets Act nondiscrimination regulations contain substantially similar recipient requirements. *See* 28 C.F.R.

FILED DATE: 4/15/2024 12:00 AM    2022D009476

whether the administration of fines and fees complies with Title VI and Safe Streets Act requirements.[50] If the Department finds that one of its funding recipients has violated federal law and has failed to voluntarily resolve those violations, the Department may suspend or terminate, or refuse to grant or continue, federal financial assistance.[51] The Department may also use civil litigation to enforce Title VI and the nondiscrimination provisions of the Safe Streets Act. Additionally, the Department may independently initiate compliance reviews (i.e., investigative audits) into its funding recipients to determine whether their administration of fines and fees violates applicable federal civil rights laws.[52]

In addition to the possibility of enforcement actions, the Department has specific resources available to courts, including juvenile courts and justice agencies, to help them comply with their civil rights obligations.[53]

## C.    <u>Conclusion</u>

Eliminating the unjust imposition of fines and fees is one of the most expeditious ways for jurisdictions to support the success of youth and low-income individuals, honor constitutional and statutory obligations, reduce racial disparities in the administration of justice, and ensure greater justice for all. We invite you to work with the Department to continue to develop and share solutions. The Department's Civil Rights Division is charged with protecting the civil and constitutional rights of all persons in the United States, and is available to provide technical assistance to courts, other recipients of federal financial assistance, and stakeholders, as appropriate. The Department's reinvigorated Office for Access to Justice (ATJ) works to mitigate economic barriers that prevent access to the promises and protections of our legal systems. ATJ will follow up on this letter by building a best practices guide, highlighting innovative work by states, municipalities, and court leaders in this area. ATJ welcomes the opportunity to serve as a

---

§ 42.207(a) (requiring recipients to "[p]ermit reasonable access" to "books, documents, papers, and records, to the extent necessary to determine whether the recipient is [in compliance]").

[50] Recordkeeping can help recipients identify potential disparities in the imposition of fines and fees and alert them to potential violations of federal nondiscrimination laws. Courts that receive federal funding should collect and analyze demographic data related to the imposition of fines and fees to ensure compliance with federal law. Such procedures are critical for evaluating the impact that fines and fees may have on a protected class over time.

[51] If a recipient has failed to comply with Title VI, and cannot correct this violation voluntarily, the Department "may suspend or terminate, or refuse to grant or continue, Federal financial assistance." 28 C.F.R. § 42.108(a), (b). The Department might also "use any other means authorized by law[] to induce compliance." *Id.* This might include enforcement proceedings under applicable federal, state, or local law. *Id.* Similarly, if the Department finds Safe Streets Act non-compliance, there is an administrative process by which the Department might suspend funding, as appropriate, to the specific program or activity in which the noncompliance was found. 28 C.F.R. § 42.210(a); *see also* 28 C.F.R. § 42.210(b) (providing for hearing procedures in the event of noncompliance).

[52] 28 C.F.R. § 42.206. For example, the Department's Office of Justice Programs, Office for Civil Rights examined whether Sacramento County, California and the Sacramento Superior Court discriminated on the basis of race, national origin, or age when assessing and collecting costs, fees, and fines against youth involved in the juvenile justice system. *See* Letter from the Office for Civil Rights to Judge Culhane and Supervisor Nottoli, Compliance Rev. of Sacramento Cnty., Cal. and the Sacramento Superior Ct. (16-OCR-2156) (May 15, 2017), https://perma.cc/29CY-Q3XB. In response, the Sacramento County Board of Supervisors directed that the assessment and collection of fines and fees from youth should cease, including fees associated with juvenile detention, supervision, drug testing, electronic monitoring, and representation in delinquency proceedings. The Board also directed the County to forgive over 23 million dollars of existing debt related to the juvenile justice system.

[53] The Civil Rights Division has created a webpage that highlights a number of resources designed to assist state courts in providing meaningful language access. *See State Courts*, *supra* note 45.

FILED DATE: 4/15/2024 12:00 AM   2022D009476

resource, and to collaborate and promote solutions. The Department's Office of Justice Programs (OJP)[54] provides grant funding and technical assistance to state, county, local, and tribal courts, which improves the functioning and fairness of the justice system, including by moving away from an overreliance on fines and fees to support government programs. In the spring of 2023, OJP's Bureau of Justice Assistance (BJA) plans to release a solicitation entitled "The Price of Justice: Rethinking Fines and Fees," which will seek a training and technical assistance provider to support jurisdictions seeking to examine, revise, and implement changes to policies and practices around both fines and fees. The goal of the solicitation is to support jurisdictions in implementing innovative approaches to address the common barriers to equitable systems of legal financial obligations.[55] We encourage you to visit OJP's website for a listing of available solicitations and opportunities from the OJP program offices.[56] BJA has a National Training and Technical Assistance Center that provides no-cost, on-demand training and technical assistance that may prove useful in thinking about new ways to address the needs of courts and the people they serve.[57]

The Department of Justice has a strong interest in ensuring that state and local courts provide everyone with the basic protections guaranteed by the U.S. Constitution, Title VI, the Safe Streets Act, and other federal laws, regardless of financial means. We are eager to build on the many reforms that jurisdictions have implemented over the past few years, and we look forward to working collaboratively to ensure that everyone receives equal, fair, and impartial access to justice.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

Amy L. Solomon
Principal Deputy Assistant
Attorney General
Office of Justice Programs

Rachel Rossi
Director
Office for Access to Justice

---

[54] The Office of Justice Programs provides federal leadership, grants, training, technical assistance and other resources to improve the nation's capacity to prevent and reduce crime, advance racial equity in the administration of justice, assist victims and enhance the rule of law. For more information about OJP and its program offices, funding opportunities, and other resources, see www.ojp.gov.

[55] For guidance in preparing and submitting applications for OJP funding, please visit OJP's Grant Application Resource Guide, which contains details about application reviews and federal award administration: Off. of Just. Programs, U.S. Dep't of Just., *OJP Grant Application Resource Guide*, https://perma.cc/K7LQ-WXB8 (last visited Apr. 18, 2023).

[56] Off. of Just. Programs, U.S. Dep't of Just., *Opportunities & Awards: Current Funding Opportunities*, https://www.ojp.gov/funding/explore/current-funding-opportunities (last visited Apr. 18, 2023).

[57] Nat'l Training and Tech. Assistance Ctr., Bureau of Just. Assistance, U.S. Dep't of Just., *Request TTA*, https://bjatta.bja.ojp.gov/working-with-nttac/requestors (last visited Apr. 18, 2023).

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A6KAcSi6E%3d&portalid=0
  to get more information and Zoom Meeting IDs.
Remote Court Date: 5/24/2024 9:30 AM - 9:35 AM

**Exhibit J**

FILED
5/16/2024 4:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476
Calendar, 53
27732175

FILED DATE: 5/16/2024 4:39 PM   2022D009476

## IN THE CIRCUIT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

In Re The Marriage of:

GINTARE SAVELSKAS

               Petitioner,

vs.

TOMAS SAVELSKAS,

               Respondent

Case No:
**2022D009476**

**AFFIDAVIT**

**DEMAND FOR
TRIAL BY JURY**

## AFFIDAVIT IN SUPPORT OF
## A MOTION FOR A SPEEDY JUDICIAL TRAIL

Being duly sworn, under penalty of perjury, deposes and affirms:

1) Tomas Savelskas, in ***Propria Persona and Appear Specially***, who is alleged as the accused, (hereinafter, "ACCUSED") and is wrongfully named in the above as Respondent. I am familiar with the facts of this case herein.

2) I make this herein Affidavit in Support of the Motion (or Petition) to for a speedy trial and along with a trial by jury.

3) I did not cause any harm to anyone nor there was any perceived harm when Emergency Order of Protection was signed without a hearing.

4) Petitioner is blatantly lying about any and all abuse, danger, or violence regarding me.

5) Petitioner is using this Order of Protection to further conceal children from me like she has done in the past, destroy father and children relationship, remove the children from their original home in Lemont, IL.

FILED DATE: 5/16/2024 4:39 PM  2022D009476

6) The Sixth Amendment of the Constitution of the United Stated guarantees the right to a speedy trial for individuals accused in criminal prosecutions.

7) United States Supreme Court stated that court begins the matter with the presumption that I am a fit parent acting in the best interests of the child. Troxel v. Granville, 530 U.S. 57, 66, 68, 120 S.Ct.2054, 147 L.Ed 2d 49 (2000).

8) Illinois statue 750 ILCS 5/602.7 states: "It is presumed both parents are fit and the court shall not place any restrictions on parenting time as defined in Section 600 and described in Section 603.10"

9) Issuance of injunction by trail court was defective for failure of court to state reason for its issuance.  Whatcom Co. v. Kane, 31 Wn.App. 250, 640 P.2d 1075 (1981).

10) Any preliminary determination of unfitness of a parent must be based on a well-founded allegation and any interference with a parent's fundamental right must be based upon a compelling interest, which must be narrowly drawn.  In re Custody of Nunn, 103 Wn. App., 883, 14 P.3d 175.

11) The determination of the process owed in parental rights termination cases hinges on a consideration of three key factors: Mathews vs. Eldridge, 424 U. S. 319, 424 U. S. 335.

    a) the individual interests impacted by the proceedings,

    b) the potential for errors arising from the state's chosen procedures,

    c) the governmental interest justifying the use of the contested procedure.

12) The minimum standard of proof permissible under due process isn't solely based on the magnitude of public and private interests involved, but also reflects society's assessment of how the risk of error should be allocated between the parties involved.

FILED DATE: 5/16/2024 4:39 PM   2022D009476

13) In each specific case, the level of proof required reflects not only the significance of the rights at stake for both the public and the individuals involved but also societal perceptions of how potential errors should be balanced between the parties.

14) This ensures that the process is fair and just, taking into account the interests of all parties while minimizing the risk of erroneous outcomes.

Dated: _____05 16 2024_____

**(STATE OF ILLINIOS)**
**(COUNTY OF COOK) ss**

Respectfully submitted,

Tomas Savelskas, In Propria Persona who
is allegedly the ACCUSED, wrongfully
named TOMAS SAVELSKAS. All
Rights Reserved pursuant to UCC-1-308.

3

FILED DATE: 5/16/2024 4:39 PM   2022D009476

**VERIFICATION**

(STATE of _____Illinois_____ )

(COUNTY of _____Cook____ WILL Cook ) ss.

I, _Tomas Savelskas_ (PRINT) being duly sworn, deposed and says that I am named as the ACCUSED in the above-entitled proceeding and that the foregoing information is true to his own knowledge, except as to matters herein stated to be alleged on information and belief and as to those matters he believes it to be true.

_____
(Signature), ACCUSED, In Propria Persona. All Rights Reserved pursuant to UCC-1-308.

The foregoing instrument was acknowledged before me

This _16_ day of _MAY_ , _2024_

By _TOMAS SAVELSKAS_

Sworn to before me this _16_ day of _MAY_ , _2024_.

_____
Notary Public

STATE: IL
COUNTY: WILL

CINDY S MATIJEVICH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 07, 2027

4



ALAN D. HOFFENBERG, RETIRED
RUSSELL M. REID
JULIA M. COPELAND

120 NORTH LASALLE STREET
SUITE 2150
CHICAGO, ILLINOIS 60602

(312) 853-8000
(312) 853-8008 FACSIMILE
WWW.CHICAGOFAMILYLAWYER.COM

GLORIA E. BLOCK
GABRIELA O. ASROW
JONAS M. HWANG

ARNOLD F. BLOCK
1928 - 2013

June 20, 2024

<u>*Via Email to tsavelskas@me.com*</u>
Mr. Tomas Savelskas

> ***The Marriage of Gintare Savelskas and Tomas Savelskas -***
> ***Cook County Case No. 22 D 9476***
>
> *-For Purposes of Settlement Only -*

Dear Mr. Savelskas:

We are in receipt of your emails regarding settlement. In conjunction with what the GAL proposed and what the Court noted at our hearing on the O.P., and for purposes of settlement only, Gintare is proposing the following. She will agree to dismiss the Order of Protection subject to the following:

    a.  Entry of a mutual civil no contact order between you and her;

    b.  Parenting time for you as set forth below. All other times the children would be with Gintare.

        1.  From entry of order until August 15, 2024:
            i.  Every other weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m.
           ii.  Exchanges to be at the Woodridge Police Station

        2.  From August 15, 2024 until further order of court or agreement of the parties:
            i.  Every other weekend from Friday after school and daycare until Sunday at 6:00 p.m.
           ii.  Exchanges to be at the Woodridge Police Station on Sundays and days when there is no school and daycare

        3.  This parenting time would be temporary and without prejudice to either party

    c.  Entry of an order requiring you to attend therapy and sign a release so that Mary can speak to the therapist. There to be at least two therapy sessions prior to parenting time beginning.



**Tomas Savelskas**
**Page 2 of 2**
**June 20, 2024**

    d.  Prior to parenting time beginning, confirmation that you have turned over your gun(s) and weapon(s) to the Police Station

    e.  List of your medications to be provided to Mary and releases to be signed to allow Mary to speak with your prescribing providers.

Please review and advise if we have an agreement.

              Yours very truly,

              **HOFFENBERG & BLOCK, LLC**

              Julia M. Copeland

cc:   Mary Doheny
       Gintare Savelskas
       Gloria E. Block

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAeSi85%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: 8/2/2024 9:30 AM - 9:35 AM

**Exhibit L**

FILED
7/25/2024 12:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476
Calendar, 53
28663753

FILED DATE: 7/25/2024 12:13 PM    2022D009476

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:

GINTARE SAVELSKAS

                         **Petitioner**

and

TOMAS SAVELSKAS

                         **Respondent**

Case No. 2022D009476

Cal. 53

**ORDER TO
SHOW CAUSE**

## ORDER TO SHOW CAUSE FOR CUSTODY
## DUE PROCESS VIOLATION PURSUANT 42 U.S.C 1983

Being duly sworn, deposes under penalty of perjury and say:

**COME NOW**, Tomas Savelskas, *in Propria Persona* who is alleged as the accused, (hereinafter, "ACCUSED") and is wrongfully named in the above as TOMAS SAVELSKAS, Respondent in the above matter. I am familiar with the facts of herein case.

I make this Affidavit in Objection the order of this Court wherein as Judicial Officers Mr. Benjamin Goldberg of the Court had shown bias toward the ACCUSED and within the details of his Finding of Facts (hereinafter, "ORDER") to award sole custody in favor of the Petitioner, Gintare Savelskas and **"MOTHER"** [bold added emphasis] and to apply restrictions regarding visitation pursuant to Uniform Child Custody Jurisdiction and Enforcement Act [1] ("UCCJEA").

---

[1] The proposed uniform State law is designed to deter interstate parental kidnapping and to promote uniform jurisdiction and enforcement provisions in interstate child-custody and visitation cases. The Act has been enacted by 25 States and the District of Columbia and introduced into legislatures in several other States.

FILED DATE: 7/25/2024 12:13 PM   2022D009476

The ACCUSED has a constitution right to demand 50/50 full custody.

A true copy of the Order from Mr. Benjamin Goldberg, as attached as exhibit B.

A true copy of the Oath of Office of Mr. Benjamin Goldberg is attached as exhibit C.

It appears that the Oath of Office that Mr. Benjamin Goldberg is not an Article III judge and therefore he as subject to a lawsuit for the violation of right under Color of Law.

*Commends this Court [**Supreme Court**] for a decision that will allow our client to plead his case before a real Article III federal court rather than be subjected to an endless series of unlawful agency hearings. See, Securities and Exchange Commission, et al. v. Michelle Cochran,*

The father is the natural guardian of his children, entrusted with their custody and nurture, and entitled to the enjoyment of their society and the benefit of their labors. This power of the father, however, is regarded as a trust confided to him by the law, upon the presumption that the natural affection of the parent will ensure its faithful execution. See, Prime v. Foote, 63 N.H. 52 (N.H. 1884); State vs. Richardson, 40 N.H. 272, 273; State vs. Libbey, 44 N.H. 321; Rex v. De Manneville, 5 East 221.

Therefore, it is unconstitutional for any judge the courts to ignore and deny the due process requirements of the father to control and to raise his offspring in the manner that he sees fit and *Fraud on the Court* for any judge to deny that such a right of the father is no-existence within the law of the STATE.

---

The UCCJEA has since been adopted by 49 U.S. States, the District of Columbia, Guam, Puerto Rico and the U.S. Virgin Islands.

FILED DATE: 7/25/2024 12:13 PM    2022D009476

These issues of custody have already been decided by the Supreme Court of the United States in the matter of Santosky vs Kramer, 455 US 745, 753-754 [New York].

Whether a prima facie case has been shown of which presents a mixed question of law and fact then the case is reviewed *De Novo*. See, vs. Page, 162 F. 3d 481, 484 (7th Circuit 1998).

In the ***matter of Santosky***, U.S. Supreme Court;

**" [a] parent has a right' to rear [his or her] child, and the child has a right to be reared by [his or her] parent" (Matter of Bennett vs Jeffreys, 40 NY2d 543, 546; see Santosky vs. Kramer, 455 US 745, 753-754; Rankel vs County of Westchester, 135 AD3d 731, 733 ["parents have a liberty interest in the care and custody of their children, and children have a parallel liberty interest in not being dislocated from their family"]. It is a violation of the Fourteenth Amendment of the United State.**

FURTHERMORE, In the ***matter of Edgar vs. Mite Corp.***, 457 U.S. 624(1982*), the Supreme Court ruled: "A [state] statute is void to the extent that it actually conflicts with a valid Federal statute".

In effect, this means that a STATE family law will be found to violate the Supremacy Clause when either of the following two conditions (or both) exists:

a) Compliance with both the Federal and State laws is impossible
b) State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of **Congress and the United State Supreme Court**. [bold for emphasis]

FILED DATE: 7/25/2024 12:13 PM   2022D009476

## ARGUMENT

1. Federal law is enforceable in state courts because the Constitution and Laws passed pursuant to it are as much laws in the States as laws passed by the state legislature." Howlett vs. Rose, 496 U.S. 356, 367 (1990); accord Testa vs. Katt, 330 U.S. 386, 389-90 (1947).

2. [A] parent has a right' to rear [his or her] child, and the child has a right' to be reared by [his or her] parent" See, Matter of Bennett vs Jeffreys, 40 NY2d 543, 546;**Santosky vs Kramer, 455 US 745, 753-754**; Rankel vs County of Westchester, 135 AD3d 731, 733 ."

3. Parents have a liberty interest in the care and custody of their children, and children have a parallel liberty interest in not being dislocated from their family".

4. In recognition of these reciprocal, constitutionally protected liberty interests in " the emotional attachments that derive from the intimacy of daily family association'" (Southerland v City of New York, 680 F3d 127, 142 [2d Cir], quoting Kia P. vs McIntyre, 235 F3d 749, 759 [2d Cir]), courts have acknowledged that " [a]s a general rule before parents may be deprived of the care, custody or management of their children without their consent and due process.

## CONCLUSION

Wherefore; ACCUSED hereby demands and requests 50/50 custody and visitation scheduled and that the Court grant the relief requested herein. ·

FILED DATE: 7/25/2024 12:13 PM   2022D009476

Dated: _____07 23 2024_____

**(STATE OF ILLINOIS)**
**(COUNTY OF COOK) ss**
.

Respectfully submitted,

_____
Tomas Savelskas, in Propria Persona who
is allegedly the ACCUSED, wrongfully
named TOMAS SAVELSKAS. All Rights
Reserved pursuant to UCC-1-308.

FILED DATE: 7/25/2024 12:13 PM   2022D009476

## VERIFICATION

(STATE of _____ IL _____ )

(COUNTY of _____ Cook _____ )

ss.

I, _Tomas Savelskas_ (PRINT) being duly sworn, deposed and says that I am named as the ACCUSED in the above-entitled proceeding and that the foregoing information is true to his/her own knowledge, except as to matters herein stated to be alleged on information and belief and as to those matters s/he believes it to be true.

_____

(Signature), ACCUSED, In Propria Persona. All Rights Reserved pursuant to UCC-1-308.

The foregoing instrument was acknowledged before

me This 23rd day of _July_ 2024

By _TOMAS SAVELSKAS_

Sworn to before me this 23rd day of _July_, 2024.

_Claudia C Reu_
Notary Public

CLAUDIA C ROCIO
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
March 09, 2026

6 of 6

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

**Exhibit M**

FILED
8/16/2024 7:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476
Calendar, 53
28990402

FILED DATE: 8/16/2024 7:52 PM    2022D009476

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TOMAS SAVELSKAS

**Claimant**

**vs**

MITCHELL B. GOLDBERG & PATRICK J. POWERS

*In their Official and Personal capacity as Judges*

**Defendant**

### NOTICE OF
### INTENT TO FILE A LAWSUIT

## JUDICIAL NOTICE OF DUE PROCESS
## VIOLATIONS PURSUANT TO 42 U.S. CODE §1983

TO:
- THE ATTORNEY GENERAL OF THE **ILLINOIS**
  Office of the Attorney General
- THE GOVENOR OF THE STATE OF **ILLINOIS**
  Office of the Governor

PLEASE TAKE NOTICE, that the undersigned claimant **TOMAS SAVELSKAS:**

*Argersinger vs. Hamlin*, is a United States Supreme Court decision holding that the accused cannot be subjected to actual imprisonment unless provided with counsel. *Gideon v. Wainwright* made the right to counsel provided in the Sixth Amendment applicable to the states through the Fourteenth Amendment. 407 U.S. 25 (1972).

1 of 8

I, disabled USMC veteran Tomas Savelskas hereby serve notice that I intend to file a claim against the STATE and its public entities of Hon. Mitchell B. Goldberg and Hon. Patrick J. Powers as judges in their individually, severally, jointly and in his official capacity pursuant to Sections of the Court of Claims Act, deprivation of rights secured him by the United States Constitution, the common law of STATE and within the context of state created danger. Please be further advised of the following:

**Meticulous review of the legislative history of section 1983 convinces us that the former view is correct. Thus, the "STATE" who administered federal programs was acting "under color of state law" within the meaning of section 1983 are subject for a lawsuit. See, Tongol vs. Usery 601 F.2d 1091 (9th Circuit 1979).**

Additionally, the claim will include state actor from the Child Support agency individually and in his official capacity under the color of law for their alleged misconduct in the performance of his duties that resulted in injury to claimant for the deprivation of his rights secured to him under Section 1983 of title 42 of the United States Code, by the United States Constitution.

Furthermore, Judges of the Family Court did not conduct a Turner hearing pursuant to is entitled to full Constitutional principles and protection that was articulated in U.S. Supreme Court in the matter of Turner vs. Rogers, 564,131 S. Ct. 2507 (2011) and 45 CFR 303.6.

FILED DATE: 8/16/2024 7:52 PM    2022D009476

FILED DATE: 8/16/2024 7:52 PM    2022D009476

Claimant cannot be force into a contract with UIFSA [1] because such rules of contracts rights are reserved to him – the people.

Furthermore, The Child Support Enforcement (CSE) program is funded via a number of sources pursuant to the statute of 45 CFR §301.1.

The program is a federal-state matching grant program under which states must spend money in order to receive federal funding. For every dollar a state spends on CSE expenditures, it generally is **reimbursed 66 cents from the federal government**. See, Coffin vs. US 156 432 (1865).

## Title IV-D is a Private Organization and Therefore It Is <u>Unconstitutional.</u>

A private organization wields significant discretionary authority akin to that of a sovereign power, with officers who are neither selected nor answerable to the State government, or to the people they represent.

They are not obligated to take oaths as public officials and cannot be dismissed as such. In light of these conditions, the court ruled that the delegation of legislative power by a private organization constituted a clear and unconstitutional relinquishment, infringing upon the Constitution of this State, which explicitly vests legislative authority in the Senate and Assembly. See, Fink vs. Cole, 302 N.Y. 216, 97 N.E.2d 873, 876 (1951).

---

[1] Uniform Interstate Family Support Act (UIFSA) means the model Act promulgated by the National Conference of Commissioners on Uniform State Laws (NCCUSL) and mandated by section 466(f) of the Act to be in effect in all States.

Private organization debate was the potential position of the United States Supreme Court on private delegations. The Supreme Court has not validated a private organization since the Carter vs. Carter Coal Co., 298 U.S. 238 in 1936 case.

Without any factual proof Judge Mitchell B. Goldberg subjected me to erroneous Ex Parte Order of Protection and had my offspring protected from me for no logical nor factual reasons. I have not seen or heard from my offspring since January 2024 when such Order of Protection was put in place. Judge Mitchell B. Goldberg actions are treasonous to me and my offspring and United States of America that I swore Oath to serve and protect.

### **TIME, PLACE AND NATURE WHERE CLAIMS AROSE**:

Claimant's intention is to bring an action in Court of Law against The State of ILLINOIS and Judges of STATE Family Court for damages to redress the deprivation of rights secured him by the Fourth, Fifth, Eighth and Fourteen Amendments to the United States Constitution, title 42 U.S.C 1983 and the common laws of the state.

In Summary, the events below and other instances to be named later will be included in the claim to show that the "State and City" and the "Officers" have on-

FILED DATE: 8/16/2024 7:52 PM   2022D009476

FILED DATE: 8/16/2024 7:52 PM    2022D009476

going tortious intent to harass, harm, impede, interfere with, disrupt and/or destroy the character of the claimant. The "State and City" public entities have unlawfully imposed restrictions on the ability of the claimant to raise his offspring, unlawful sale of property and deprived him of rights guaranteed by the U.S. Constitution and the STATE Constitution.

At all times relevant, the claimant is citizen of the STATE during the encounter with the Respondents named above.

At all times mentioned, the STATE operates and governs the public treasury entities pursuant to the laws.

At all times mentioned, Judges of the STATE Family Court; were employed by the STATE and they will be sued both individually and in their official capacity.

Specific Judges will be named at the time of the filing of the Complaint.

The venue is proper in the District Court of the STATE the court has jurisdiction over the matter. Plaintiff is citizen of the STATE.

FILED DATE: 8/16/2024 7:52 PM   2022D009476

**AMOUNT OF DAMGES TO WHICH CLAIMANT IS ENTITLED**:

The Claimant is injured and suffers emotional distress, mental anguish and injured as a result of this matter.

The acts and conduct of both Judges of the Court named above were the direct and proximate cause of injury to claimant and violated his statutory and common law rights as guaranteed by the laws of the United States Constitution and the Constitution of the State.

Claimant seeks compensatory and punitive damages, an award of costs, interest and attorney/court fees, and such in the amount of $10 million (ten million dollars).

**CLAIMANT INFORMATION**:

**TOMAS SAVELSKAS**

_____
Claimant

Dated: _____08 16 2024_____

FILED DATE: 8/16/2024 7:52 PM 2022D009476

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TOMAS SAVELSKAS
>                        **Claimant**

>        **vs**

MITCHELL B. GOLDBERG & PATRICK J.
POWERS


*In their Official and Personal capacity as
Judges*


>                    **Defendant**

|  |
|---|
| **NOTICE OF<br>INTENT TO FILE A LAWSUIT<br>FOR<br>VIOLATIONS PURSUANT TO<br>42 U.S. CODE §1983** |


**TOMAS SAVELSKAS**, being duly sworn, says:

I am the above named claimant; I have read the foregoing Notice of Intention to
file a Claim against the State of ILLINOIS public entities, including judges of the
Courts individually, severally, jointly and in his official capacity and know its
contents; the same is true to my knowledge, except as to the matter therein stated
to be alleged on information and belief, and as to those matters, I believe it to be
true.

>                                        Claimant


Sworn to before me

This _____ O8    16 _____ 2024.

FILED DATE: 8/16/2024 7:52 PM   2022D009476

## VERIFICATION

(STATE of _____Illinois_____ )

(COUNTY of _____Cook_____ ) ss.

I, _____Tomas Savelskas_____ (PRINT) being duly sworn, deposed and says that I am named as the ACCUSED in the above-entitled proceeding and that the foregoing information is true to his own knowledge, except as to matters herein stated to be alleged on information and belief and as to those matters he believes it to be true.

(Signature), ACCUSED, In Propria Persona. All Rights Reserved pursuant to UCC-1-308.

The foregoing instrument was acknowledged before me

This __16th__ day of __August 2024__,

By __TOMAS SAVELSKAS__

Sworn to before me this __16th__ day of __Aug__, __2024__.

_____
Notary Public

CLAUDIA C ROCIO
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
March 09, 2026

**8** of 8

2RFAX24242N017 10 Page 4 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 13128538008 to DID: 3673675 128538008                    p.4

<div style="border:1px solid red; text-align:center;">

**Exhibit** N
</div>

**INCOME WITHHOLDING FOR SUPPORT**

| | OMB 0970-0154 |
|---|---|
| | **Expiration Date: 09/30/2023** |

**I. Sender Information: (Completed by the Sender)**          Date: 08/29/2024

☑ **INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)**          ☐ **AMENDED IWO**

☐ **ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT**          ☐ **TERMINATION OF IWO**

☐ Child Support Enforcement (CSE) Agency ☑ Court ☐ Attorney ☐ Private Individual/Entity  (Check One)

**NOTE:** This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions www.acf.hhs.gov/css/resource/income-withholding-for-support-instructions). If you receive this document from someone other than a state or tribal CSE agency or a court, a copy of the underlying support order must be attached.

State/Tribe/Territory __Illinois__          Remittance ID (include w/payment) 2022 D 009476
City/County/Dist./Tribe __Cook County__          Order ID 2022 D 009476
Private Individual/Entity _____          Case ID 2022 D 009476

**II. Employer and Case Information: (Completed by the Sender)**

DFAS (DEPARTMENT OF DEFENSE)          RE: SAVELSKAS          TOMAS
**Employer/Income Withholder's Name**          Employee/Obligor's Name (Last, First, Middle)
DFAS CL-ZPV1240 E. 9th St., Room 1493
**Employer/Income Withholder's Address**          Employee/Obligor's Social Security Number
Cleveland, OH 44199
          Employee/Obligor's Date of Birth
          SAVELSKAS          GINTARE
          Custodial Party/Obligee's Name (Last, First, Middle)

**Employer/Income Withholder's FEIN** __UNKNOWN__
Child(ren)'s Name(s) (Last, First, Middle)          Child(ren)'s Birth Date(s)
SAVELSKAS          EMMA          03/09/2017
SAVELSKAS          EDGAR          09/23/2019

**III. Order Information: (Completed by the Sender)**

This document is based on the support order from __Illinois, Cook County__ (State/Tribe).
You are required by law to deduct these amounts from the employee/obligor's income until further notice.

| | | | |
|---|---|---|---|
| $ 1,750.00 | Per MONTH | current child support | |
| $ | Per | past-due child support - Arrears greater than 12 weeks? ☑ Yes ☐ No | |
| $ | Per | current cash medical support | |
| $ | Per | past-due cash medical support | |
| $ 1,250.00 | Per MONTH | current spousal support | |
| $ | Per | past-due spousal support | |
| $ | Per | other (must specify) | |

for a **Total Amount to Withhold** of $ 3,000.00 per month .

**IV. Amounts to Withhold: (Completed by the Sender)**

You do not have to vary your pay cycle to be in compliance with the *Order Information*. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ 692.31 per weekly pay period          $ 1,500.00 per semimonthly pay period (twice a month)
$ 1,384.62 per biweekly pay period (every two weeks)  $ 3,000.00 per monthly pay period
$ _____ **Lump Sum Payment:** Do not stop any existing IWO unless you receive a termination order.

PAPERWORK REDUCTION ACT OF 1995 (Pub. L. 104-13) STATEMENT OF PUBLIC BURDEN: The purpose of this information collection is to provide uniformity and standardization. Public reporting burden for this collection of information is estimated to average two to five minutes per response, including the time for reviewing instructions, gathering and maintaining the data needed, and reviewing the collection of information. This is a mandatory collection of information in accordance with 45 CFR 303.100 of the Child Support Enforcement Program. An agency must not conduct or sponsor, and a person is not required to respond to, a collection of information subject to the requirements of the Paperwork Reduction Act of 1995, unless it displays a currently valid OMB control number. If you have any comments on this collection of information, please contact the Employer Services Team by email at employerservices@acf.hhs.gov.

Income Withholding for Support (IWO)          Document Tracking ID 2022 D 009476          Page 1 of 4

Employer/Income Withholder's Name: DFAS (DEPARTMENT OF DEFENSE)    Employer/Income Withholder's FEIN: unknown

Employee/Obligor's Name: TOMAS SAVELSKAS    SSN: ▉▉▉▉

Case ID: 2022 D 009476    Order ID: 2022 D 009476

### V. Remittance Information: (Completed by the Sender except for the "Return to Sender" check box.)

If the employee/obligor's principal place of employment is Cook County (State/Tribe), you must begin withholding no later than the first pay period that occurs 7 days after the date of RECEIPT of the order/notice. Send payment within 7 business days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold _____ % of disposable income for all orders. If the employee/obligor's principal place of employment is not Cook County (State/Tribe), obtain withholding limitations, time requirements, the appropriate method to allocate among multiple child support cases/orders and any allowable employer fees from the jurisdiction of the employee/obligor's principal place of employment.

State-specific withholding limit information is available at www.acf.hhs.gov/css/resource/state-income-withholding-contacts-and-program-requirements. For tribe-specific contacts, payment addresses, and withholding limitations, please contact the tribe at www.acf.hhs.gov/sites/default/files/programs/css/tribal_agency_contacts_printable_pdf.pdf or www.bia.gov/tribalmap/DataDotGovSamples/tld_map.html.

You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) [15 USC §1673 (b)]; or 2) the amounts allowed by the law of the state of the employee/obligor's principal place of employment if the place of employment is in a state; or the tribal law of the employee/obligor's principal place of employment if the place of employment is under tribal jurisdiction. The CCPA is available at www.dol.gov/sites/dolgov/files/WHD/legacy/files/garn01.pdf. If the Order Information section does not indicate that the arrears are greater than 12 weeks, then the employer should calculate the CCPA limit using the lower percentage.

If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to federal, state, or tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support.

If the obligor is a nonemployee, obtain withholding limits from the **Supplemental Information** section in this IWO. This information is also available at www.acf.hhs.gov/css/resource/state-income-withholding-contacts-and-program-requirements.

**Remit payment to** State Disbursement Unit    (SDU/Tribal Order Payee)
**at** P.O. Box 5400 Carol Stream IL 60197-5400    (SDU/Tribal Payee Address)

Include the Remittance ID with the payment and if necessary this locator code of the SDU/Tribal order payee 2022 D 009476 on the payment.

To set up electronic payments or to learn state requirements for checks, contact the State Disbursement Unit (SDU). Contacts and information are found at www.acf.hhs.gov/css/resource/sdu-eft-contacts-and-program-requirements.

☑ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with sections 466(b)(5) and (6) of the Social Security Act or Tribal Payee (see Payments in Section VI). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

**If Required by State or Tribal Law:**
Signature of Judge/Issuing Official: PATRICK POWERS (see order enclosed)
Print Name of Judge/Issuing Official: PATRICK POWERS
Title of Judge/Issuing Official: PATRICK POWERS
Date of Signature: 8/28/24

If the employee/obligor works in a state or for a tribe that is different from the state or tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.

☐ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

*Controlled Unclassified Information*

Employer/Income Withholder's Name: DFAS Cleveland (DEPARTMENT OF DEFENSE)    Employer/Income Withholder's FEIN: unknown

Employee/Obligor's Name: TOMAS SAVELSKAS                                SSN:

Case ID: 2022 D 009476                    Order ID: 2022 D 009476

## VI. Additional Information for Employers/Income Withholders: (Completed by the Sender)

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (section 466(b)(7) of the Social Security Act). If a federal tax levy is in effect, please notify the sender.

**Payments:** You must send child support payments payable by income withholding to the appropriate State Disbursement Unit or to a tribal CSE agency within 7 business days, or fewer if required by state law, after the date the income would have been paid to the employee/obligor and include the date you withheld the support from his or her income. You may combine withheld amounts from more than one employee/obligor's income in a single payment as long as you separately identify each employee/obligor's portion of the payment. Child support payments may not be made through the federal Office of Child Support Enforcement (OCSE) Child Support Portal.

**Lump Sum Payments:** You may be required to notify a state or tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments. Employers/income withholders may use OCSE's Child Support Portal (ocsp.acf.hhs.gov/csp/) to provide information about employees who are eligible to receive lump sum payments and to provide contacts, addresses, and other information about their companies. Child support payments may not be made through the federal OCSE Child Support Portal.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by state or tribal law/procedure. _____

_____

_____

_____

_____

**Anti-discrimination:** You are subject to a fine determined under state or tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO.

_____

_____

_____

_____

**Supplemental Information:** _____

_____

_____

_____

_____

_____

_____

Case: 1:25-cv-03206 Document #: 8 Filed: 03/31/25 Page 98 of 124 PageID #:230

2RFAX24242N01713 Page 7 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 1312853808 to DID: 3673675 12853808    p.7

Employer/Income Withholder's Name: DFAS Cleveland (DEPT OF DEFENSE)    Employer/Income Withholder's FEIN: unknown

Employee/Obligor's Name: TOMAS SAVELSKAS                                                        SSN: ━━━━

Case ID: 2022 D 009476                                    Order ID: 2022 D 009476

## VII. Notification of Employment Termination or Income Status: (Completed by the Employer/Income Withholder)

If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, you must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the **Contact Information** section below or using OCSE's Child Support Portal (ocsp.acf.hhs.gov/csp/). Please report the new employer or income withholder, if known.

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____    Last known telephone number: _____

Last known address: _____

_____

Final payment date to SDU/Tribal Payee: _____    Final payment amount: _____

New employer's or income withholder's name: _____

New employer's or income withholder's address: _____

_____

## VIII. Contact Information: (Completed by the Sender)

**To Employer/Income Withholder:** If you have questions, contact Julia M. Copeland (Hoffenberg & Block LLC)    (sender name) by

telephone: 312 853 8000 _____ , by fax: _____ , by email or website: jcopeland@hoffenbergandblock.com _____ .

Send termination/income status notice and other correspondence to: 120 N Lasalle St. Ste 2150 Chicago IL 60602

jcopeland@hoffenbergandblock.com _____ (sender address).

**To Employee/Obligor:** If the employee/obligor has questions, contact Julia M. Copeland (Hoffenberg & Block LLC)   (sender name)

by telephone: 312 853 8000 _____ , by fax: _____ , by email or website: jcopeland@hoffenbergandblock.com _____ .

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor.

**Encryption Requirements:**

When communicating this form through electronic transmission, precautions must be taken to ensure the security of the data. Child support agencies are encouraged to use the electronic applications provided by the federal Office of Child Support Enforcement. Other electronic means, such as encrypted attachments to emails, may be used if the encryption method is compliant with Federal Information Processing Standard (FIPS) Publication 140-2 (FIPS PUB 140-2).

*Controlled Unclassified Information*

Case: 1:25-cv-03206 Document #: 8 Filed: 03/31/25 Page 99 of 124 PageID #:231

RFAX24242N01714 Page 8 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 1312853800B to DID: 3673675 12853800B    p.8

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER FOR SUPPORT | For Court Use Only |
|---|---|---|

Cook **COUNTY**

☑ Initial
☐ Modification
☐ Enforcement

**ENTERED**
Judge Patrick Powers-2179
AUG 28 2024

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**Instructions ▾**

Directly above, enter the county where you filed this case.

Gintare Savelskas.

Enter the full name of Petitioner, Respondent, and the case number the Circuit Clerk gave this case.

**Petitioner** (First, middle, last name)

v.

Enter the IV-D case number if you know it.

Tomas Savelskas
**Respondent** (First, middle, last name)

**IV-D Case Number**

22 D 009476
**Case Number**

**NOTE:**
- DO NOT fill out the rest of this form <u>unless</u> the judge tell you complete it.
- You **MUST BRING** the social security numbers of both Petitioner and Respondent to the court hearing.

**THE COURT FINDS:**

☑ 1. ☐ Petitioner ☑ Respondent must pay support.
The person paying support is called "Obligor" in this *Order*. The Obligor is:    Tomas Savelskas
The person receiving support is called "Obligee" in this *Order*. The Obligee is:  Gintare Savelskas

☑ 2. The children covered by this *Order* are:  E.S. (born 2017) and E.S. (born 2019)

☐ 3. The combined gross income  ☐ does ☑ does not exceed the uppermost levels of the schedule of basic support obligations.

☑ 4. The net income of Obligor is  $ 12,082.00      per  month  -    calculated by
  ☑ the standardized tax amount.
  ☐ the individualized tax amount.
  ☐ the agreement of the parties.

☑ 5. The net income of Obligee is:  $ 3,530.00      per  month      calculated by
  ☐ the standardized tax amount.
  ☑ the individualized tax amount.
  ☐ the agreement of the parties.

☐ 6. The adjusted net income for Obligor is:     $      per
☐ 7. The adjusted net income for Obligee is:     $      per
☐ 8. The Basic Combined Support Obligation   $      per
☐ 9. Obligor's income is at or below 75% of the Federal Poverty Guidelines for a family of 1 person. Child support is capped at $40 per month per child up to a maximum of $120 per month.
☐ 10. Obligor receives only means tested assistance or cannot work due to a medically proven disability, incarceration or institutionalization.
☐ 11. Shared physical care: Each parent exercises 146 or more overnights per year. Basic Child Support Obligation is:  $      per      (multiply amount in paragraph 8 x 1.5).
☐ 12. Split care: Each of the parents has physical care of at least one, but not all of the children.

DV-CSO 129.3                    Page 1 of 5                    (08/21)

Controlled Unclassified Information

Case: 1:25-cv-03206 Document #: 8 Filed: 03/31/25 Page 100 of 124 PageID #:232

2RFAX24242N01715 Page 9 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 13128538008 to DID: 3673675 128538008          p.9

Enter the Case Number given by the Circuit Clerk: 22 D 009476

☐ 13. The amount of child support arrearage is: $_____ as of _____
    plus an interest amount of: $_____       Date

☐ 14. The amount of maintenance arrearage is: $_____ as of -_____
    plus an interest amount of: $_____       Date

☐ 15. The amount of retroactive child support is: $_____ from _____ to _____
      Date     Date

☐ 16. The amount of retroactive maintenance is: $_____ from _____ to _____
      Date     Date

☐ 17. The amount of child support cannot be stated only in a dollar amount because some or all of the net income of Obligor is uncertain as to source, time of payment, or amount.

**IT IS ORDERED:**

A. **That Obligor will pay:**

☑ 1. Maintenance ☑ Yes ☐ No
    a. The current maintenance payment is: $ 1,250.00
    b. The maintenance arrearage/retroactive payment is: $_____
    c. The total maintenance payment is: $ 1,250.00
    d. Maintenance is to be paid:
        ☐ Once a week ☐ Once every other week
        ☑ Once a month ☐ Twice a month on: _____ and _____
                 Date     Date
    e. Maintenance payments begin 12/15/2023
                 Date
    f. This maintenance order ends on: _____
                 Date

☑ 2. Child Support ☑ Yes ☐ No
    a. The current child support payment is: $ 1,750.00
    b. The child support arrearage/retroactive payment is: $_____
    c. The total child support payment is: $ 1,750.00
    d. Child support is to be paid:
        ☐ Once a week ☐ Once every other week
        ☑ Once a month ☐ Twice a month on: _____ and _____
                 Date     Date
    e. Child support payments begin on: 12/15/2023
                 Date
    f. Obligor must also pay: _____ % of their _____
                 Type of Additional Income
    This must be paid as follows: _____
    Obligor must also give ☐ Obligee and/or ☐ the Clerk of the Court proof of their
    _____ within 7 days of receiving the income.
    Type of Additional Income

☑ 3. Other Support Orders: See paragraph 3 of Order entered on 11/22/2023
    _____
    _____

B. **Payment of Maintenance and Child Support:**

☑ 1. An *Income Withholding for Support* may immediately be served on Obligor's employer. Until the *Income Withholding for Support* takes effect Obligor is required to pay directly to the State Disbursement Unit.

*Controlled Unclassified Information*

Case: 1:25-cv-03206 Document #: 8 Filed: 03/31/25 Page 101 of 124 PageID #:233

2RFAX24242N017.16 Page 10 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 13128538008 to DID: 3673675 28538008          p.10

Enter the Case Number given by the Circuit Clerk: 22 D 009476

- Payments by Obligor or the employer must be made payable to: STATE DISBURSEMENT UNIT and sent to: P.O. Box 5400, Carol Stream, IL 60197-5400.
- Payments must include: 1) the case number, 2) the name of the county of the Court issuing this *Order for Support*, and 3) Obligor's name and social security number.
- A new court *Order* is not necessary to serve an *Income Withholding for Support* on any future employer of

☐ 2.  Obligor will make payments

    ☐ Directly to the State Disbursement Unit according to the schedule in Section A. Payments by Obligor must be made payable to the STATE DISBURSEMENT UNIT and sent to: P.O. Box 5400, Carol Stream, IL 60197-5400.

    ☐ Directly to Obligee as the parties have agreed according to the schedule in Section A. If Obligor falls behind in payments, an *Income Withholding for Support* may be prepared and served on Obligor's employer. Obligor will then have to make payments to the State Disbursement Unit as stated in Section B1.

☐ 3.  Obligor must also pay a $36 per year child support collection fee. This fee is not maintenance or child support and cannot be subtracted from the support to be paid. This fee must be paid directly to the Circuit Clerk of the county issuing this *Order for Support*.

**C. Payment of Maintenance Only:**

☐ 1.  Obligor will make payments

    ☐ Directly to Obligee

    ☐ Directly to the Circuit Clerk of this county

☐ 2.  If payments are made to the Circuit Clerk, Obligor must also pay a $36.00 per year support collection fee. This is not maintenance and cannot be subtracted from the support to be paid. This fee must be paid directly to the Circuit Clerk of the county issuing this order.

**D. Delinquency *(maintenance or child support)*:**

☑ 1.  Delinquency Payments

    If Obligor is delinquent in making a support payment after this *Order for Support* is entered, Obligor must

    a.  Continue to make current maintenance and child support payments, **AND**

    b.  Pay the sum of:

        $ 350.00 _____ for child support per payment period ordered in Section A2d, **PLUS**

        $ 250.00 _____ for maintenance per payment period ordered in Section A1d, until the delinquent amount is paid in full.

    A maintenance or child support payment, or part of a payment, that is due and remains unpaid for 30 days or more will accrue interest at the rate of 9% each year.

**E. Child Support Termination:**

    1.  This child support order ends on: 09/23/2037 _____ unless changed by a written order of the court.
                                      Date

    2.  Unpaid Child Support at Termination

    If Obligor owes an arrearage or delinquency on the termination date that is equal to at least one month's support payment, Obligor must continue to make payments. The payment amount must be the same as the amount Obligor was ordered to pay in Section A2a.

**F. Health Insurance:**

☑ 1.  Decision Reserved

☐ 2.  a.  ☐ Obligor  ☐ Obligee will provide health insurance for the children by:

      ☐ Enrolling them in health insurance coverage available through their employer.

      ☐ Providing other insurance  ☐ dental  ☐ orthodontic  ☐ vision
          ☐ prescription medication  ☐ other: _____

      ☐ Giving a copy of the insurance policy and the insurance card to the other parent within 45 days

*Controlled Unclassified Information*

Case: 1:25-cv-03206 Document #: 8 Filed: 03/31/25 Page 102 of 124 PageID #:234

2RFAX24242N017 17 Page 11 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 13128538008 to DID: 3673675 28538008          p. 11

Enter the Case Number given by the Circuit Clerk: 22 D 009476

of the date of this *Order*.

   b.   The cost of the insurance will be paid by:

       ☐ Obligor: _____ %      ☐ Obligee: _____ %

       **NOTE:** Health insurance premiums are added to the Basic Support Obligation and then divided pro rata. If Obligor's paying the premium, the amount that is Obligee's responsibility must be subtracted from Obligor's support obligation. If Obligee is paying the premium, Obligor's support obligation shall be increased by Obligor's share of the premium.

   c.   The cost of healthcare expenses not covered by insurance will be paid by:

       ☐ Obligor and Obligee equally

       ☐ Obligor: _____ %      ☐ Obligee: _____ %

**G.  Child Care Expenses:**

☑ 1.  Decision Reserved

☐ 2.  a.  ☐ Child care expenses are reasonably necessary for ☐ Petitioner ☐ Respondent to be employed, attend educational or vocational training to improve employment opportunities, or to look for work.

      b.  ☐ The cost of child care expenses shall be paid by: ☐ Obligor _____ %

          ☐ Obligee _____ %

      c.  ☐ Payment shall be made directly to: ☐ Obligee  ☐ Child care provider

**H.  School and Extra-Curricular Expenses:**

☑ 1.  Decision Reserved

☐ 2.  a.  ☐ School and extra-curricular expenses covered by this *Order* _____

      b.  ☐ The cost of extra-curricular expenses shall be paid  ☐ Obligor _____ %

          Obligee _____ %

**I.  Other Orders:**

The *Support Information Sheet* filed in this case shall be impounded by the Circuit Clerk in order to protect the confidential information contained in it.

   1.  Notice of Address Change

      Each party must tell the other of any change in address within 5 days of the change.

      This does not apply to the following parties  ☐ Petitioner ☐ Respondent because the physical, mental or emotional health of that party and/or the minor children would be seriously endangered by disclosure of that party's address.

      Obligor must give written notice of any change in home address or mailing address within 7 days of the change to:

        &bull;  The Circuit Clerk of the county issuing this *Order for Support*, AND

        &bull;  The Illinois Department of Healthcare and Family Services, BUT ONLY if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code.

   2.  Notice of Change to Other Information

      Obligor must give written notice of any change to personal contact information within 7 days of the change, including:

        &bull;  New telephone number; AND

        &bull;  If Obligor can get health insurance through the employer or other group coverage and if so list: the policy name, the policy number, and the names of persons covered under the policy.

      Obligor must give the written notice to:

        &bull;  The Circuit Clerk of the county issuing this *Order for Support*, AND

        &bull;  The Illinois Department of Healthcare and Family Services, BUT ONLY if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code.

**Controlled Unclassified Information**

Case: 1:25-cv-03206 Document #: 8 Filed: 03/31/25 Page 103 of 124 PageID #:235

2RFAX24242N01718 Page 12 of 12 received 8/29/2024 1:27:12 PM [Eastern Daylight Time] from CSID: 13128538008 to DID: 3673675 28538008                                           p.12

Enter the Case Number given by the Circuit Clerk: 22 D 009476

3. **Notice of Change to Employment**

Obligor must give written notice of any employment change within 7 days of the change, including:

- If Obligor lost a job, OR
- If Obligor got a new job, AND
- The name, address and phone number of a new employer.

Obligor must give the written notice to:

- Obligee,
- The Circuit Clerk of the county issuing this *Order for Support*, AND
- The Illinois Department of Healthcare and Family Services, BUT ONLY if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code.

4. **Notice of Change to Support Information Sheet**

Obligor and Obligee must give written notice of any change to the information on the *Support Information Sheet* filed with this case within 5 days of the change.

Obligor and Obligee must give written notice to:

- The Circuit Clerk of the county issuing this *Order for Support*.

5. **Proof of Continuing Insurance Coverage**

If Obligor has received an adjustment to their support obligation because of the payment of insurance premiums, Obligor must annually submit proof of continuing insurance coverage of the children to the Division of Child Support Enforcement of the Department of Human Services and to Obligee.

**J. Additional Conditions or Findings:**

☐ 1. The child support payment amount is different than the amount required by child support guidelines because:

    a. ☐ extraordinary medical expenditures necessary to preserve the life or health of a party or a child of either or both of the parties.

    b. ☐ additional expenses incurred for a child covered by this support order who has special medical, physical or developmental needs.

    c. ☐ the amount required by child support guidelines is:   $ _____

    d. ☐ Other: _____

☑ 2. ☑ Other: _____

    Petitioner having presented her Motion for Entry of Uniform Order of Support on 8/27/24

    Due notice having been given to all parties

    Judge Powers granting the entry of a Uniform Order of Support

☐ 3. A child support calculation prepared by using the Illinois Department of Healthcare and Family Services estimator is attached: ☐ Yes ☐ No

☑ 4. The child support calculation was prepared by ☐ Petitioner ☐ Respondent ☑ Judge

**K. Other:** See 11/22/2023 Order entered by Judge Powers

ENTERED:

DO NOT complete this section. The judge will complete it.

_____      8-28-24
Judge                    Date

**A JUDGE CAN FIND YOU IN CONTEMPT OF COURT IF YOU FAIL TO OBEY ANY PART OF THIS ORDER.**

*Controlled Unclassified Information*

**Exhibit O**

FILED
9/16/2024 10:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476
Calendar, 54
29388949

FILED DATE: 9/16/2024 10:40 PM 2022D009476

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:
GINTARE SAVELSKAS

Case No. 2022D009476

Petitioner

Cal. 54

and

**EMERGENCY MOTION FOR
CUSTODY AND VISITATION**

TOMAS SAVELSKAS

Respondent

### EMERGENCY MOTION FOR CUSTODY AND VISITATION

Being duly sworn, under penalty of perjury, deposes and says:

COME NOW, Tomas Savelskas, in Propria Persona who is alleged as the accused

(hereinafter, "ACCUSED") and is wrongfully named in the above as TOMAS

SAVELSKAS, Respondent in the above matter. I am familiar with facts of herein case.

In the *matter of Santosky*, U.S. Supreme Court;

1) A parent has a right to rear [his or her] child, and the child has a right to be reared
by [his or her] parents have a liberty interest in the care and custody of their
children, and children have a parallel liberty interest in not being dislocated from
their family. It is a violation of the **Fourteenth Amendment** of the United
States. See, Matter of Bennett vs Jeffreys, 40 NY2d 543, 546; see Santosky vs.
Kramer, 455 US 745, 753-754; Rankel vs County of Westchester, 135 AD3d 731,
733

2) ACCUSED has not seen or heard from his offspring in over 7 continuous months
now.

FILED DATE: 9/16/2024 10:40 PM   2022D009476

## CONCLUSION

A) ACCUSED hereby demands and requests 50/50 custody and visitation scheduled and that the Court grant the relief requested herein.

B) Based on the foregoing, ACCUSED demands a trial by jury on all matters in this Honorable Court.

C) ACCUSED, demands an award for reasonable costs and fees associated with the instant Affidavit.

Dated: _09/6 2024_____

**(STATE OF ILLINOIS)**
**(COUNTY OF COOK) ss**

Respectfully submitted,

Tomas Savelskas, in Propria Persona who is allegedly the ACCUSED, wrongfully named TOMAS SAVELSKAS. All Rights Reserved pursuant to UCC-1-308.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
  to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

**Exhibit P**

Form **COL**

## Violation Warning
### Denial of Rights Under Color of Law

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

FILED
9/19/2024 3:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476

Calendar, 54
29444111

Name and address of Citizen

TOMAS SAVELSKAS
70 Horseshoe Ln.
Lemont, IL 60439

Name and address of Notice Recipient

Patricia M. Fallon
50 Washington St. RM CL-12
Chicago IL 60602

Citizen's statement:

Every person is entitled to an opportunity to be heard before an impartial court of law

I certify that the forgoing information stated here is true and correct.

Citizen's signature

Date ▶ 09 18 2024

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

**Notice of Service:**

I, _____ certify that I personally delivered this notice to above named recipient and address on _____ at _____.

Public Domain – Pixley Form COL (0)

Subscribed and sworn to before m

this 18th day of September, 20 24

at Lemont, County of Cook, State of Illinois.

By TOMAS SAVELSKAS

Notary Public

CLAUDIA C ROCIO
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
March 09, 2026

FILED DATE: 9/19/2024 3:15 PM     2022D009476

**Exhibit Q**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF: )
)
GINTARE SAVELSKAS, )
                      Petitioner, )
)
       and )       Case No. 22 D 009476
)
TOMAS SAVELSKAS, )       Calendar 54
)
       Respondent. )

### ORDER

THIS CAUSE coming on to be heard for presentment of the Respondent's, TOMAS SAVELSKAS ("TOMAS"), *Emergency Motion for Custody and Visitation*; the Petitioner, GINTARE SAVELSKAS ("GINTARE"), being represented by counsel; TOMAS representing himself *pro se*; the Guardian ad Litem representing the minor children; the Court having jurisdiction over the parties and subject matter, and being fully advised in the premises;

### IT IS HEREBY FOUND:

A.    TOMAS' *Emergency Motion for Custody and Visitation* is not an emergency.

### IT IS HEREBY ORDERED:

1.    TOMAS' *Emergency Motion for Custody and Visitation* is denied.

2.    This matter remains scheduled for <u>September 23, 2024 at 10:30 a.m.</u> via Zoom (Meeting ID: 843 7608 0114; Passcode: 086627) to set trial dates.

3.    This Order shall be sent to: admin@hoffenbergandblock.com; jcopeland@hoffenbergandblock.com; tsavelskas@me.com; mtdoheny@mtdfamilylaw.com

ENTERED:

_____
JUDGE
Dated: September 20, 2024

Firm No. 56031
**HOFFENBERG & BLOCK, LLC**
Attorneys for Petitioner
120 North LaSalle Street, Suite 2150
Chicago, Illinois 60602
T: (312) 853-8000/F: (312) 853-8008
E: admin@hoffenbergandblock.com

Judge Patricia M. Fallon

SEP 2 0 2024

Circuit Court - 2263

1

**Exhibit R**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE: THE MARRIAGE OF )
)
GINTARE SAVELSKAS, )
Petitioner, )    **No. 22D9476**
)    **Cal. 53**
and )
)
TOMAS SAVELSKAS, )
Respondent. )

**ORDER**
Submitted by Electronic Means

THIS matter coming before the Court on October 2, 2024 on *Motion for Guardian ad Litem Fees, including Trial Retainer* and *Motion for Clarification on Guardian ad Litem Appointment Order, inter alia*; Petitioner's attorney, Respondent and Guardian ad Litem appearing, and the Respondent having filed a response to the motion entitled Affidavit's Opposition For Guardian Ad Litiem Services, and the Court being duly advised:

IT IS HEREBY ORDERED:

1. Respondent, TOMAS SAVELSKAS, shall pay $3,637.10 within thirty (30) days or by November 1, 2024, to the Guardian ad Litem as and for his outstanding balance of the Guardian ad Litem fees incurred through July 3, 2024.

2. Respondent, TOMAS SAVELSKAS, shall also pay the sum of $5,000.00 to the Guardian ad Litem for an additional retainer in anticipation of trial. Half this sum ($2,500.00) shall be paid within sixty (60) days (by December 1, 2024), and the remaining $2,500.00 shall be paid within ninety (90) days (by December 31, 2024).

3. Petitioner, GINTARE SAVELSKAS, shall pay the sum of $2,500.00 to the Guardian ad Litem for an additional retainer in anticipation of trial. Half this sum ($1,250.00) shall be paid within sixty (60) days (by December 1, 2024), and the remaining $1,250.00 shall be paid within ninety (90) days (by December 31, 2024).

4. The Motion for Clarification on Guardian ad Litem Appointment Order filed
   August 21, 2024 is hereby transferred back to Judge Powers and Calendar E
   for ruling. A copy of this order shall be emailed to Judge Power's coordinator
   regarding the same.

Emails for return of entered order:
Petitioner's Attorney: admin@hoffenbergandblock.com ;
jcopeland@hoffenbergandblock.com
Respondent: tsavelskas@me.com
Guardian ad Litem: mtdoheny@mtdfamilylaw.com

Prepared by:                          DATED: October 2, 2024
Mary T. Doheny                        ENTERED:
Law Offices of Wessel & Doheny
Guardian ad Litem
1010 Lake Street, Ste. 200
Oak Park, IL 60301
(312)558-3000                         _____
Attorney No. 18954                    JUDGE

                                      Judge Patricia M. Fallon

                                      OCT 02 2024

                                      Circuit Court - 2263

Page **2** of **2**

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
      to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

Exhibit S

FILED
11/18/2024 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022D009476
Calendar, 54
30235344

FILED DATE: 11/18/2024 12:00 AM  2022D009476

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE  MARRIAGE OF:

GINTARE SAVELSKAS

Petitioner

and

TOMAS SAVELSKAS

Respondent

Case No. 2022D009476

Cal. 54

**AFFIDAVIT IN OBJECTION TO THE VOLUNTARY CHILD SUPPORT PROGRAM AND THE VOLUNTARY ACKNOWLEDGEMENT OF PATERNITY**

**AFFIDAVIT IN OBJECTION TO THE VOLUNTARY CHILD SUPPORT PROGRAM AND THE VOLUNTARY ACKNOWLEDGEMENT OF PATERNITY PURSUANT TO 45 CFR 303.5, AND 14th AMENDMENT, 42 U.S.C. 1301(d) DUE PROCESS VIOLATION PUSAUNT 42 U.S.C 1983**

Being duly deposed, sworn under penalty of perjury and affirms:

I, Tomas Savelskas, a Disabled USMC Veteran, making a special appearance in *Propria Persona* not making a general appearance, who is (hereinafter, "ACCUSED") and is wrongfully named in the above as TOMAS SAVELSKAS. Respondent in the above matter. I am familiar with facts of herein case.

**THE UNDERSIGNED IS NOT MAKING A GENERAL APPEARANCE IN COURT VOLUNTARILY BUT IS MAKING A SPECIAL APPEARANCE REQUIRING THE COURT TO PROVE IT HAS PERSONAL JURISDICTION OF THE BODY OF TOMAS SAVELSKAS IN WRITING**

FILED DATE: 11/18/2024 12:00 AM  2022D009476

1. Objection! You are hereby legally notified of the undersigned objection and invocation of rights under the 14th Amendment to the United States Constitution, which safeguards the individual's right to due process.

2. Coercing the undersigned actions or decisions under duress to deprive life, liberty, or property will infringe upon these constitutionally protected rights. Therefore, I assert right to due process of law as outlined in the 14th Amendment.

3. **DURESS:** Duress refers to a situation where one person makes unlawful threats or otherwise engages in coercive behavior that causes another person to commit acts that they would otherwise not commit.

   *In McCord v. Goode, 308 S.W.3d 409, the court defined duress as "unlawful conduct or a threat of unlawful conduct of such a character as to destroy the other party's exercise of free will and judgment...the threat must be imminent and the party must have no present means of protection." A similar definition was laid down by the court in the case of Williams v. Williams, 939 So.2d 1154, in which the court noted that duress "is a condition of mind produced by an improper external pressure or influence that practically destroys the free agency of a party and causes him to do an act or make a contract not of his own volition."*

   **45 CFR 303.5 ESTABLISHMENT OF PATERNITY**

   **(g) VOLUNTARY PATERNITY ESTABLISHMENT PROGRAMS**

   **(2)(i)(A)(B)(C)(D)**

FILED DATE: 11/18/2024 12:00 AM   2022D009476

The undersigned demands tangible evidence that the STATE/CHILD SUPPORT SERVICES is in compliance with *45 CFR 303.5(g)(2)(i)(A)(B)(C)(D)* which reads;

**(2)** The hospitals, State birth record agencies, and other entities designated by the State and participating in the State's voluntary paternity establishment program must, at a minimum:

**(i)** Provide to both the mother and alleged father:

**(A)** Written materials about paternity establishment,

**(B)** The forms necessary to voluntarily acknowledge paternity,

**(C)** Notice, orally or through video or audio equipment, and in writing, of the alternatives to, the legal consequences of, and the rights (including any rights, if a parent is a minor, due to minority status) and responsibilities or acknowledging paternity, and

**(D)** The opportunity to speak with staff, either by telephone or in person, who are trained to clarify information and answer questions about paternity establishment;

**(ii)** Provide the mother and alleged father the opportunity to voluntarily acknowledge paternity;

**(iii)** Afford due process safeguards; and

**(iv)** File signed original of voluntary acknowledgments or adjudications of paternity with the State registry of birth records (or a copy if the signed original is filed with another designated entity) for comparison with information in the State case registry.

## 42 U.S.C. 1301(d) DEFINITIONS

The undersigned invokes their God-given and Constitutional right to Equal Protection and Demands JOINT LEGAL AND **JOINT PHYSICAL CUSTODY** over the offspring. The undersigned has not abandoned the offspring, they are not dependent nor needy of government assistance. Therefore, the undersigned objects to the agency taking charge of the offspring and the participating in the voluntary Support Program pursuant to *42 U.S.C. 1301(d)* which reads;

FILED DATE: 11/18/2024 12:00 AM   2022D009476

**(d)** Nothing in this chapter shall be construed as authorizing any Federal official, agent, or representative, in carrying out any of the provisions of this chapter, to take charge of any child over the objection of either of the parents of such child, or of the person standing in loco parentis to such child.

If either parent objects to the child being on welfare and the parent is willing to take over, they must take over in accordance to **42 U.S.C. 1301(d)**. I, Tomas Savelskas do NOT want my offspring on any type of welfare program including "child support" as I always took care of my offspring and willing to take care of them in private matter. My offspring was going to private school and kindergarten and had stable housing before Petitioner started making up false claims, removed them from private school and started concealing the children from their natural father.

## Santosky v. Kramer (1982)

This Supreme Court case ruled that the state must meet a "clear and convincing evidence" standard before terminating a parent's rights. This means that unless the state can clearly prove that you are unfit as a parent, they cannot take your rights away. Natural parents have a fundamental liberty interest in the care, custody, and management of their children.
- in *Hoff v. Berg, 1999* and 1,171 similar citations
The United States Supreme Court has held that a parent's interest in maintaining a relationship with his or her child is a fundamental liberty interest protected by the <u>Fourteenth Amendment of the United States Constitution</u>.
- in *IN RE MATTTER OF DOE*, 2011 and 90 similar citations
https://scholar.google.com/scholar_case?about=16163171324148079216&q=santosky+v+kramer&hl=en&as_sdt=2006

## Smith v. City of Fontana (1988)

In this case, the court reinforced that parents have a constitutional right to the companionship and upbringing of their children. This case helped to set a precedent for recognizing the emotional bonds between a parent and child as being protected under the Constitution.

FILED DATE: 11/18/2024 12:00 AM    2022D009476

## Troxel v. Granville (2000)

The U.S. Supreme Court affirmed that parents have a fundamental right to make decisions concerning the care, custody, and upbringing of their children. This case established that the state cannot interfere with a parent's rights without demonstrating harm to the child.

## Blessing v. Freestone (1997)

Established that child support, under Title IV-D of the Social Security Act, is not considered an individual entitlement program of custodial parent. Child support is not for the best interest of the child but the state.
https://scholar.google.com/scholar case?case=10693126589319078212&q=Blessing+v+free stone&hl=en&as sdt=2006

## Holmberg v. Holmberg (1999)

The court of appeals ruled the administrative process unconstitutional, relying on the separation of powers doctrine.
https://scholar.google.com/scholar case?case=13882078322339919241&q=Holmberg+v+H olmberg&hl=en&as sdt=2006

## Howlett v. Rose (1990)

Federal law is enforceable in state courts... because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature. The Supremacy Clause makes those laws `the supreme Law of the Land, 'and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure.
- in *Burgess v. NOVICTOR AVIATION LLC,* 2021 and 110 similar citations
https://scholar.google.com/scholar case?about=13752673262605157850&q=howlett+v+rose &hl=en&as sdt=2006

## Cooper v. Aaron (1958)

States are obligated to follow the decisions of the federal courts, meaning they cannot refuse to obey Supreme Court rulings, even if they disagree with them; essentially establishing the principle that the Supreme Court's interpretation of the Constitution is the "supreme law of the land" and binding on all states.
https://scholar.google.com/scholar case?case=8453213781987973736&q=Cooper+v.+Aaron &hl=en&as sdt=2006

**The Supremacy Clause** - States cannot create state statues or state Constitution that

conflicts with the United States Constitution, which takes precedence as the "Supreme Law of the Land."

You are hereby legally notified that failure to respond to this Objection to the Voluntary Child Support Program and Voluntary Acknowledgement of Paternity within **[30 days]** from the date of this notice will be interpreted as an admission of guilt and a waiver of any opposition to the restoration demand.

I, Tomas Savelskas certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Thank you for your attention to this matter.

Dated: ___11  16  2024___

**(STATE OF ILLINOIS)**
**(COUNTY OF COOK) ss**

Respectfully submitted,

Tomas Savelskas, in Propria Persona who is allegedly the ACCUSED, wrongfully named TOMAS SAVELSKAS. All Rights Reserved pursuant to UCC-1-308.

FILED DATE: 11/18/2024 12:00 AM   2022D009476

**Exhibit T**

9400 – Issued
2140 – Served
2240 – Not Served   (This Form Replaces CCM1-31B and CCMD-31A)                    (12/01/24) CCM 0620 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Gintare Savelskas
_____
vs.

Tomas Savelskas
_____
                                    **Respondent**

NO. 22 D 9476
_____

CITATION SUMMONS SERVED: _____
                                              Date

### ATTACHMENT FOR CONTEMPT ORDER

**To the Sheriff of Cook County:**

YOU ARE COMMANDED to take custody of Tomas Savelskas (LEADS No. _____,

and if not released from your custody upon his/her bond, to immediately bring him/her before the Honorable

Patricia Fallon _____ or any Judge presiding in that Judge's stead in Room CL-12 ,

Meeting ID: 843 7608 0114    Passcode: 086627 , Illinois to answer for a Contempt of Court for NOT ATTENDING
SAID COURT AS PREVIOUSLY ORDERED.

You are authorized to take respondent to one of the Sheriff's facilities for the purpose of accepting bond, and
to require his/her appearance in court at a specified date and time not less than 7 nor more than 15 days after attachment.
Such appearance date, time and address shall be set forth upon the bond.

You are to serve this writ and return it without delay.

Bail set in the amount of $ _____
                                              (10% applicable - $25.00 minimum)

or

Individual Bond set in the amount of $ 8,850.00

**(Seal of Clerk of Circuit Court)**

                                    Judge _____    Judge's No. _____

This order is the command of the Circuit Court and
violation thereof is subject to the penalty of the law.

I hereby certify the above to be correct. Judge Patricia M. Fallon

Dated: January 31, 2025                           JAN 31 2025
                                              Circuit Court - 2263
                                    Clerk of the Circuit Court of Cook County, Illinois

TO THE RESPONDENT: If you are released on bond, you shall appear in Room _____, SEE ORDER

_____, Illinois, at _____ a.m./p.m. on _____, _____ (Date to be inserted by Sheriff.)
The above information shall be noted on the bond of the respondent and the copy of this writ delivered to him/her.

Atty. No.: 56031 _____
Name: Julia M. Copeland
Attorney for: Gintare Savelskas
Address: 120 North LaSalle Street, Suite 2150
City/State/Zip: Chicago, IL 60602
Telephone: (312) 853-8000

If the respondent is apprehended in a county other than Cook
County and is let to bail, the bond, writ and  cash bail deposite
shall be forwarded without delay to the offices of Clerk of the
Circuit Court, Room _____, in Municipal District _____,
located at _____
                                              (Address)
_____, Illinois _____
                              (City)                                    (Zip)

**MARIYANA T. SPYROPOULOS, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Exhibit U**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE: THE MARRIAGE OF:       )
GINTARE SAVELSKAS,       )
          Petitioner,    )
    **and**            )       **Case No. 22 D 9476**
                    )
TOMAS SAVELSKAS,        )
          Respondent.   )

## ORDER SUBMITTED BY ELECTRONIC MEANS

This Cause coming before the Court pursuant to the terms of the December 4, 2024 Order and January 31, 2025 Order; Petitioner appearing personally and through counsel (via zoom per the 12/4/24 Order); the GAL appearing (via zoom per the 12/4/24 Order); Respondent being obligated to appear in person to the proceedings (per the 12/4/24 Order) and appearing via zoom in violation of the Order; the rules of civil procedure being duly followed in the course of the hearing;

IT IS HEREBY ORDERs and FINDS as FOLLOWS:

1. The Court referred Respondent to Elena Demos (senior labor employment counsel and the court's disability coordinator) based on Respondent's requests for the same. Ms. Demos advised the court that she spoke to Respondent and that she determined she could not ~~provide~~ *recommend* any accommodations that would be appropriate in this matter given Respondent's statements and allegations.

2. Respondent was obligated to appear in person for the 1/31/25 court proceeding but appeared via zoom. Respondent filed an *Affidavit Under Duress in Objection to in Person Hearing* on 1/29/25 but failed to properly notice it before the Court. Based on his failure to abide by the Court's orders to appear in person, the Court did not allow Respondent into the hearing.

3. Petitioner's *Motion to Require Respondent to Obtain Leave of Court to File Additional Pleadings* is hereby granted.

   a. To the extent Respondent seeks to file any additional pleadings in this matter, he may file the same and shall provide proper notice of filing to Petitioner and the GAL.

   b. All pleadings filed by Respondent shall be properly filed no later than <u>February</u>

20, 2025.

    c. Thereafter, Petitioner shall have 21 days to respond to all pleadings, until March 13, 2025.

    d. All pleadings filed by Respondent shall be heard on March 20, 2025 at 1:00 p.m. via zoom

    e. If Respondent notices a pleading before the court any time before the March 20, 2025 date, it will be stricken by the Court *sua sponte*

4. Petitioner's *Petition to Enforce Terms of Order and Other Relief* (filed on July 17, 2024) is hereby granted

    a. Petitioner's counsel representing to the Court that there is a court date for Petitioner's Motion for default judgment on February 4, 2025 in Case No. 24 CH 971 regarding the property at issue

    b. Petitioner's counsel representing that the listing agent advised that the Court's signature on the listing documents would suffice in lieu of Respondent's signature.

    c. The Court will sign all of the listing documents provided by Petitioner's counsel and thereafter once the Listing agent obtains access to the unit the listing Agent will insert a listing price.

    d. The terms of the April 18, 2024 order regarding sale remain in full force and effect

    e. Petitioner shall purge all access keys (including mail key) and the garage opener for the Mulberry Court Unit as part of the commitment order (entered separately)

5. Petitioner's *Petition for Contribution to Attorney's Fees, Prospective Fees and Other Relief; Petition for Rule to Show Cause and Other Relief* (filed May 22, 2024) is hereby granted pursuant to 750 ICLS 5/501(c-1) and 750 ILCS 5/508

    a. The court finds the fees incurred by Hoffenberg & Block LLC on behalf of Petitioner to be reasonable and necessary

    b. The court finds that Respondent has the financial ability to pay reasonable amounts and the Petitioner lacks sufficient income or assets to pay reasonable amounts.

    c. Petitioner is hereby awarded $25,000 from Respondent as and for attorney's fees incurred from Hoffenberg & Block LLC's (H&B) date of retention to the filing of

2

the *Petition for Contribution to Attorney's Fees, Prospective Fees and Other Relief; Petition for Rule to Show Cause and Other Relief*

    d.  H&B is hereby awarded $15,000 in prospective attorney's fees

    e.  The award of interim fees to Petitioner is reasonable and in an amount necessary to enable her to participate in this litigation.

6.  An order of commitment is entered separately regarding Respondent's failure to satisfy the purge of $8,850 per the July 2, 2024 Contempt Order and for his failure to appear in person on the 1/31/25 court date.

7.  Once H&B's IOLTA/escrow account is funded with the net proceeds from the sale of the Mulberry Court Unit (per the 4/18/24 Order), H&B is directed to make the following disbursements as soon as administratively possible:

    a.  $25,000 to Petitioner as and for attorney's fees per paragraph 5 of the Order

    b.  $15,000 to H&B as and for prospective attorney's fees and costs per paragraph 5 of the Order

    c.  $8,637.10 to the GAL, Mary T. Doheny as and for amounts ordered to be paid to her by Respondent per the Court's October 2, 2024 Order

    d.  All of the above payments in paragraph 7 (a) to (c) shall come from Respondent's share of the proceeds of the sale and/or Respondent's share of the marital estate and shall be considered an advance of Respondent's share of the estate

8.  Petitioner shall file a Motion to Extend the Order of Protection (which terminates on March 12, 2025) on or before <u>February 10, 2025.</u> Respondent is granted until <u>February 24, 2025</u> to respond.

    a.  The Motion to Extend is hereby scheduled for hearing on <u>March 10, 2025 at 11:30 a.m. via zoom </u>(the Court allotting one hour for the same)

9.  Email for all counsel of record is as follows:

    a.  Petitioner: tsavelskas@me.com

    b.  Respondent:jcopeland@hoffenbergandblock.com; admin@hoffenbergandblock.com; gblock@hoffenbergandblock.com

3

    c.  GAL: mtdoheny@mtdfamilylaw.com

ENTERED:

_____

JUDGE

Attorney No. 56031
**HOFFENBERG & BLOCK, LLC**
Attorneys for Petitioner
120 North LaSalle Street, Suite 2150
Chicago, Illinois 60602
Tel.: (312) 853-8000 / Fax: (312) 853-8008
Service: admin@HoffenbergAndBlock.com

**E N T E R E D**
Judge Patricia Fallon-2263

JAN 31 2025

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

4

**Exhibit V**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF:        )
GINTARE SAVELSKAS,           )
           **Petitioner,**     )
       **and**                )     **Case No. 22 D 9476**
                       )
TOMAS SAVELSKAS,         )
         **Respondent.**    )

### ORDER

    This Order being entered by the Court as modification of the terms of paragraph 4 of the Order entered January 31, 2025 with respect to Petitioner's *Petition to Enforce Terms of Order and Other Relief* (filed on July 17, 2024) related to the sale of 8521 Mulberry Court, 14D Palos Hills IL 60465 ("Mulberry Property");

IT IS HEREBY ORDERs and FINDS as FOLLOWS:

1. Paragraph 4(c) of the January 31, 2025 Order is modified such that Petitioner shall be authorized as the sole signer on all documents related to the sale of the real property located at Mulberry Property. Petitioner's signature shall suffice for sales purposes. Document include but are not limited to: listing documents; closing documents and all documents to effectuate the sale of the Mulberry Property.

2. Email for all counsel of record is as follows:
    a. Petitioner: tsavelskas@me.com
    b. Respondent:jcopeland@hoffenbergandblock.com; admin@hoffenbergandblock.com; gblock@hoffenbergandblock.com
    c. GAL: mtdoheny@mtdfamilylaw.com

ENTERED:

ORDER OF COURT

JUDGE

Judge Patricia M. Fallon
FEB 04 2025
Circuit Court -2263

**Exhibit W**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF: | ) | |
| **GINTARE SAVELSKAS,** | ) | |
| Petitioner, | ) | |
| and | ) | **Case No. 22 D 9476** |
| | ) | |
| **TOMAS SAVELSKAS,** | ) | |
| Respondent. | ) | |

### ORDER

This matter coming before the Court on Petitioner's *Emergency Motion re Sale of Mulberry Property;* due notice having been provided; Respondent having filed a response to the same on February 13, 2025; Petitioner appearing with her counsel; the GAL appearing and Respondent appearing; the Court appearance being conducted via zoom; the Court allowing both parties to present argument and be heard; the Court recording a portion of the Zoom proceedings; the Court being fully advised;

THE COURT HEREBY FINDS:

    A. This matter is an emergency

    B. The court notes that the sale of 8521 Mulberry Court, 14D Palos Hills IL 60465 ("Mulberry Property") was ordered per court order on 4/18/24 by Judge Powers; that the Court appointed Donna Lighthart as the listing agent on July 2, 2024; that the Petitioner filed multiple motions related to Respondent's non compliance with the 4/18/24 court order; that the Court entered an Order on 1/31/25 granting Gintare's *Petition to Enforce Terms of Order and Other Relief* (filed on July 17, 2024) related to the Mulberry Property and thereafter entered an order on 2/4/25 regarding the sale of the Mulberry Property;

IT IS HEREBY ORDERED

    1. Based on the Court having reviewed the emergency motion and response; the Court having heard arguments from Petitioner's counsel on this matter; the Court requesting that Respondent be sworn in under oath and Respondent refusing to allow the same; Respondent having refused to participate in the process of the hearing by failing to abide by the Court's requests; the Court hereby grants Petitioner's *Emergency Motion re Sale of Mulberry Property.*

2. Respondent, TOMAS SAVELSKAS, is hereby barred from entering or coming within 500 feet of the real property  8521 Mulberry Court, 14D Palos Hills IL 60465 ("Mulberry Property")

3. Respondent, TOMAS SAVELSKAS, is hereby barred from entering The Timbers Community located in Palos Hills

4. Respondent, TOMAS SAVELSKAS, is hereby barred from making any written or verbal contact with the listing agent, Donna Ligthart or anyone associated with her office (Coldwell Banker Real Estate)

5. Respondent, TOMAS SAVELSKAS, is hereby barred from taking any actions which would delay or otherwise halt the sale of the Mulberry Property.

6. Email for all counsel of record is as follows:

   a. Petitioner: tsavelskas@me.com

   b. Respondent:jcopeland@hoffenbergandblock.com; admin@hoffenbergandblock.com;

   c. GAL: mtdoheny@mtdfamilylaw.com

ENTERED:

JUDGE 2/14/25

2/14/25

Judge Patricia M. Fallon
FEB 14 2025
Circuit Court - 2263

Hoffenberg & Block LLC
120 N LaSalle St #2150
Chicago IL 60602
312 853 8000
ARDC 56031

2

**iHFS** Illinois Department of Healthcare and Family Services

**Exhibit X**

**JB Pritzker, Governor**
**Elizabeth M. Whitehorn, Director**

February 26, 2025.

Mr. Tomas Savelskas
70 Horseshoe Ln.
Lemont, IL 60439

Dear Mr. Savelskas:

This is in response to your recent inquiry regarding your child support obligation. Your inquiry was forwarded to the Illinois Department of Healthcare and Family Services (HFS), Division of Child Support Services (DCSS) for research and response.

Review of our database does not indicate that our Department is a party to any enforcement or collection of support for the case you write about. Therefore, we would have no knowledge nor information about the terms of your support order, payments, or account balance.

The Department can advise that, in Illinois, the amount of support owed by non-custodial parents for the care of their child(ren) is based on guidelines found in state statutes. These guidelines include a foundational presumption that both parents are responsible for the economic support of children. When a judge sets or reviews the ordered amount of support, he/she may vary from the guidelines based on exceptional circumstances. The guidelines used by judges to set support are reviewed every four years, as required by federal law.

A judge's rulings are not reviewable by our Department or the Governor's Office. The separation of powers allows the courts to rule without interference from the legislative or executive branches of government.

If you wish to end the terms of the court order or reduce any accumulated balance/s, you would need to address that in court in the county from which your order was issued. You may wish to consult with legal counsel of your choosing regarding that matter. Our Department is prohibited from providing legal advice. We suggest that you consult with an attorney of your choice or pro se (on your own).

Our Department is prohibited from providing legal advice. You may wish to consult with private counsel of your choosing regarding these issues.

If you cannot afford an attorney there is legal assistance available to a non-custodial parent on an affordable basis through Legal Aid services. Information for affordable legal counsel may be found in the yellow pages, by contacting your local Bar Association, or by contacting the States Attorney's Office in the county where the court order originated for information on Legal Aid. You may also wish to visit www.IllinoisLegalAid.org.

Here's background information on the State Disbursement Unit and their role in child support.

The State Disbursement Unit (SDU) was created by federal mandate to be a disbursement center for all court ordered child support payments within the state of Illinois. The SDU receives the child support payments, posts them to the correct court order (docket) and mails or electronically transfers the payment to the custodial parent. The payment information is then communicated to the Illinois County where the court order originated.

The SDU does not administer any type of enforcement action, serve, or terminate income withholding notices, contact employers regarding compliance issues, do modification reviews nor do they maintain balances on support orders or other court order related matters.

I hope this response addresses your concerns. You can find answers to your questions by visiting our website at https://www.illinois.gov/hfs/ChildSupport/parents/Pages/FAQs.aspx.

Sincerely,

Division of Child Support Services
Illinois Department of Healthcare and Family Services

**E-mail:** hfs.webmaster@illinois.gov          **Internet:** http://www.hfs.illinois.gov/